JANE DOE
℅ Secretary of State, Safe at Home Program
P.O. Box 1198 (#4792)
Sacramento, CA 95812
PLAINTIFF, In Propria Persona

**FILED**

APR 21 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSÉ DIVISION

**C   25  03490  VKD**

JANE DOE, an individual,

  Plaintiff,

   v.

JASON A. SMITH,
Officer # 152,
℅ Stanford Department of Public Safety,
233 Bonair Siding Rd, Stanford, CA 94305,
*in his individual and official capacity* as a police
officer whose actions do not fall under qualified
immunity;

ERIC FENTON,
Sergeant,
℅ Stanford Department of Public Safety,
233 Bonair Siding Rd, Stanford, CA 94305,
*in his individual and official capacity* as the direct
supervisory officer of defendant SMITH;

STANFORD UNIVERSITY DEPARTMENT OF
PUBLIC SAFETY,
233 Bonair Siding Rd, Stanford, CA 94305,
*a instrumentality of local government*;

COUNTY OF SANTA CLARA, CALIFORNIA,
℅ Office of General Counsel, 70 West Hedding
Street, East Wing, 70 W Hedding St 9th Floor,
San Jose, CA 95110;

Case No.:

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND
DAMAGES**
1. **42 U.S.C. § 1983 VIOLATION
   (Violation of First Amendment of
   the United States
   Constitution—Right to Freely
   Petition the Government for
   Redress of Grievances)**
2. **42 U.S.C. § 1983 VIOLATION
   (Violation of First Amendment of
   the United States
   Constitution—Right to Freely Speak
   without Government Interference
   and Retaliation)**
3. **42 U.S.C. § 1983 VIOLATION
   (Violation of Fourteenth
   Amendment of the United States
   Constitution—Substantive Due
   Process/Malicious Prosecution)**
4. **42 U.S.C. § 1983 VIOLATION
   (Violation of the Fourth
   Amendment—Unlawful Detention)**
5. **42 U.S.C. § 1983 VIOLATION
   (Violation of Fifth Amendment of
   the United States
   Constitution—Violation of Right**

J DOES, 1-7,
℅ Stanford Department of Public Safety,
233 Bonair Siding Rd, Stanford, CA 94305,
*in their individual and official capacities*;

J DOES, 7-10,
℅ County of Santa Clara, 70 West Hedding Street,
East Wing, 70 W Hedding St 9th Floor, San Jose,
CA 95110,
*in their individual capacities*;

SYDNEY ROSE PRIER,
a private individual who acted in concert with
agents acting under the color of the law and whose
activities are not protected by the First
Amendment right to petition,
*in her individual capacity*;

Defendants.

Against Self Incrimination)
6. **42 U.S.C. § 1983 VIOLATION (Violation of Sixth Amendment, Right to the Advice of Counsel)**
7. **42 U.S.C. § 1983 VIOLATION (Violation of Fourth Amendment—*Franks v. Delaware* Claim)**
8. **42 U.S.C. § 1983 VIOLATION (Failure to Train, Supervise, or Correct—*Canton v. Harris* Claim)**
9. **42 U.S.C. § 1983 VIOLATION Unconstitutional Policy, Custom, or Procedure (*Monell*)**
10. **42 U.S.C. § 1983 VIOLATION (*Respondeat Superior* at Common Law)**
11. **42 U.S.C. § 1985 VIOLATION (Civil Conspiracy against Rights)**
12. **VIOLATION OF CALIFORNIA CIVIL CODE, SECTION 52.1 (TOM BANE CIVIL RIGHTS ACT)**
13. **ASSAULT**
14. **DEFAMATION—SLANDER AT CALIFORNIA CIVIL LAW AND COMMON LAW AND FALSE LIGHT AT COMMON LAW**
15. **NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**TRIAL BY JURY DEMANDED**

ACTION BASED ON CALIFORNIA CODE

OF CIVIL PROCEDURE, SECTION 367.3

(Filed Concurrently with: Application to
Proceed *In Forma Pauperis*
To be Filed Hereinafter: Motion to Take
Leave of the Court to Proceed
Pseudonymously; Motion to Direct United

2

States Marshals Service to Serve Defendants as an Indigent Litigant; Appendices A, B, C)

**AND COMES NOW BEFORE THIS HONORABLE COURT** on this 20th day of April, in this year of 2025, the Plaintiff, JANE DOE, complains and alleges as follows:

## I.    PREFACE, INTRODUCTION, AND RELATED MATTERS

JANE DOE, the Plaintiff (hereinafter "Ms. Doe"), files this Complaint for Declaratory and Injunctive Relief and damages, given the urgent[1] nature of the Complaint, *in propria persona*, but Ms. Doe shall soon retain counsel to represent herself in this matter. As such, Ms. Doe requests that, if need be, the Court be lenient toward her motion to take leave of this Honorable Court to amend this Complaint after retaining counsel through *pro bono* assistance. See, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*) [finding that *pro se* complaints be liberally construed]; *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (same); *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (same); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (same). And until Ms. Doe is able to retain counsel, Ms. Doe implores this Court to grant her leave to amend if it, at any point, decides to *sua sponte* dismiss this *in forma pauperis* Complaint. *See Akhtar v. Mesa, 698 F.3d* 1202, 1212 (9th Cir. 2012); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529–30 (9th Cir. 1985).

This civil rights action, in essence, is about one police officer, duly employed by an instrumentality of the State of California, County of Santa Clara, acting as if he belongs to a vigilante-esque mob, attempting to take away—by fear, intimidation, and harassment—and actually *do* take away Ms. Doe's most fundamental, constitutionally protected rights: they are, *inter alia*, her First Amendment right to petition the government for redress of grievances, her

---

[1] Ms. Doe retains and defers her right to file a Motion for Temporary Restraining Order and Motion for Preliminary Injunction. Ms. Doe hopes that the Defendants' legal counsel will advise them, forthwith receipt of this Complaint, to cease and desist in engaging the conduct herein complained; however, if the defendants decide to persist, Ms. Doe will move this court to grant preliminary injunctive relief and Temporary Restraining Order in the interim.

right to freely express herself, her right to procedural due process, her right to be free of wanton and capricious deprivation of her right to be protected against self-incrimination, her right to counsel; the Defendants, collectively, have conspired against Ms. Doe's enforcement and protection of her Constitutionally-protected rights. The conduct of the police officers—and private parties acting in concert with them—have deprived Ms. Doe of the liberties and rights secured in the federal and state Constitution, and, as such, Ms. Doe requests that this Court exerts supplemental jurisdiction over Ms. Doe's state constitutional claims as the actions complained hereof contain the same nuclei of events.

Although Ms. Doe is not in police custody, if the Defendants herein unlawfully and without cause place her in police custody, Ms. Doe shall seek leave of this Court to file, therewith, *habeas corpus* relief from this Court under 28 U.S.C. § 2254. Ms. Doe shall also file a Motion for Judicial Notice with this Honorable Court and request that the Court takes judicial notice of Ms. Doe's civil torts action in the Superior Court of California, Santa Clara, which is the action the DEFENDANTS are attempting to, by fear and intimidation, prevent PLAINTIFF from prosecuting against DEFENDANT PRIER. This Complaint is the first part of a two-parts civil rights action Ms. Doe is filing against the forenamed defendants, and she will be alleging on both of the complaints her right to petition the government for redress of grievances is being taken away by fear and intimidation. The first action is going to be about the local government official defendants, and DEFENDANT PRIER's, attempts to take away, by fear and intimidation, Ms. Doe's right to petition the government for a civil harassment restraining order last year, and this action is constituent of the state official defendants and DEFENDANT PRIER's attempts to take away, by fear and intimidation, Ms. Doe's right to pursue a civil torts claim against DEFENDANT PRIER.

//
//

## PARTIES

1. At all times materially relevant to this action, the Plaintiff, JANE DOE (hereinafter "Ms. Doe"), was a competent adult over the age of 18 years and was a habitual resident of Counties of Santa Clara and San Francisco, in this State of California. Ms. Doe moved to

the County of Santa Clara two years ago to attend college, is studying Philosophy, and
aspires to be a scholar of constitutional law.

2.  At all relevant times, Defendant COUNTY OF SANTA CLARA ("COUNTY") is and
was a duly organized public entity, form unknown, existing under the laws of the State of
California. At all relevant times, COUNTY granted the Defendants SMITH, FENTON,
DOES 1-5 the right to act as police officers, DOES 5-6, who the COUNTY authorized as
the police officers' supervisorial officers, and DOES 7-10, who were managerial,
supervisorial, and policymaking employees of the COUNTY that granted the the
forenamed Defendants the right to act under the color of law. DOES 7-10 are sued in
their individual capacity for damages only. Counties are 'persons' that can be sued under
a Section 1983 claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, n.55 (1978).
*See, further, Jackson v. Barnes,* 749 F.3d 755, 764 (9th Cir. 2014). DOES 1-5 are police
officers whose names are unknown that acted in concert with Defendant JASON A.
SMITH. DOES 5-6 are supervisory officers, other than ERIC FENTON, who assisted
JASON A. SMITH in his persecution of the Plaintiff. DOES 7-10 managerial,
supervisorial, and policymaking employees of the COUNTY who approved the conduct
of defendant JASON A. SMITH.

3.  At all the relevant times, Defendant, STANFORD DEPARTMENT OF PUBLIC
SAFETY (hereinafter "SDPS"), is the local government agency that employs and
employed at all times relevant to this proceeding Defendants SMITH, FENTON, DOES
1-6, and administers a set of law enforcement policies, practices and customs involving
the hiring, training and supervision of its police officers, and covering the use of force and
the seizure and search of persons encountered in the course of officers' duties. SDPS, a
local government entity, can also be sued as a person under a Section 1983 claim. *See
Monell, supra,* at 436 U.S. 691, n.55.[2]

---

[2] Although this need not be addressed in this Complaint, Ms. Doe admits that there is a circuit split as to
whether private university police departments fall under the requirement of a Section 1983 claim and
whether they can act 'under the color of law'. But because the County has so authorized and supports the
SDPS, under the criterion found in *Scott v. Northwestern University School of Law* 1999 WL 134059, at
*3, *5–6; *see also Boyle v. Torres, 756 F. Supp. 2d* 983, 993–95 (N.D. Ill. 2010) (holding that university
police officers acted under color of state law because the officer, in addition to carrying guns, patrolling
territory, wearing police uniforms, demanding citizens' identification, and detaining citizens in handcuffs,
the campus police force had a broad powers akin to city police officials), SDPS was acting under the color

4. On information and belief, Ms. Doe thereon alleges that Defendant JASON A. SMITH (hereinafter "SMITH") is a resident of the County of Santa Clara, State of California. SMITH is a police deputy employed by Stanford University Department of Public Safety, a state instrumentality acting as an extension to COUNTY. SMITH has acted at all times relevant herein under color of California law and in his capacities as agent and employee of SDPS and the COUNTY. SMITH is being sued in his official and individual capacity. During all relevant times, SMITH acted as a police officer **on duty** during his interaction with Ms. Doe. *See Anderson v. Warner*, 451 F.3d 1063, 1068–69 (9th Cir. 2006)

5. On information and belief obtained from SMITH, Ms. Doe thereon alleges that Defendant ERIC FENTON (hereinafter "FENTON"), a police sergeant, is a resident of the County of Santa Clara. Ms. Doe alleges, on information and belief obtained from SMITH, that FENTON is the direct supervisor of SMITH. FENTON is also employed by Stanford University Department of Public Safety, a local state instrumentality acting on behalf of the COUNTY. FENTON has acted at all times relevant herein under color of California law and in his capacities as agent and employee of SDPS and the COUNTY. FENTON is being sued in his official and individual capacity.

6. On information and belief, Ms. Doe thereon alleges that Defendant SYDNEY ROSE PRIER is a competent adult over the age of 18 years and is a resident of County of Santa Clara. Although PRIER is a private person, because she conspired with state officials to deprive Ms. Doe of constitutional rights, she was acting under the color of law for the purposes of this Complaint. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27– 20 2022 28 (1980); *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000); *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1231 (9th Cir. 1996) (*per curiam*); *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996); *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983). PRIER had an agreement or meeting of the minds to violate Ms. Doe's constitutional rights. See, *United*

---

of law. See, further, https://perma.cc/LP8W-3V8G. (Indicating, *inter alia*, that the **County "provide[s] oversight and operational authority** to Stanford Department of Public Safety through direct supervision of the assigned Captain." (*Ibid.*; emphasis added.)). This issue needs to be fully briefed, and it is the Plaintiff's argument that Ninth Circuit law would answer this question in the affirmative, too.

*Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (*en banc*).

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) and (4) (civil rights jurisdiction). For any state law claims, this court retains jurisdiction over this action under 28 U.S.C. § 1367 (supplemental jurisdiction) because the state law violation allegations involve the same nuclei of events as the federal law claims.

8. Venue is proper in the United States District Court for the Northern District of California, San José Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS

9. One Sunday morning, on April 20, 2025, Ms. Doe was woken up by a disturbing and cryptic phone call. The caller, first, would refuse to identify himself, asking if she is speaking to Ms. Doe.

10. Upon Ms. Doe's insistence that she cannot verify her identity without knowing with whom she is speaking, the other side of the phone call identified himself as one "Deputy Smith."

11. Ms. Doe inquired if that meant a 'police deputy.'

12. The person alleging to be one "Deputy Smith" answered in the affirmative.

13. Ms. Doe would later verify this alleged Deputy Smith to be Defendant SMITH.

14. SMITH told Ms. Doe that she attempted to enter and search for Ms. Doe in what SMITH alleged to be Ms. Doe's university dormitory. Upon querying why SMITH attempted to do so, SMITH indicated that he was conducting an investigation that required Ms. Doe's interrogation.

15. Ms. Doe asked SMITH to electronically mail this information to Ms. Doe's university-registered electronic mailing address so that Ms. Doe can relay the information

to her counsel and indicated that she will comply with all of the requirements of the law, but she was hesitant to do so without the presence of her counsel.

16. When asked when SMITH would like to meet, SMITH indicated 'as soon as possible, I work until 5PM today.'

17. SMITH repeatedly asked Ms. Doe where she was living right now, while Ms. Doe commented that she could not comment on that, but she was living outside the personal jurisdiction of SMITH's department, somewhere in the County of San Francisco.

18. Ms. Doe relayed to SMITH that he should expect a callback from her or her lawyer.

19. Ms. Doe also asked SMITH if there was any warrant for her arrest, or any other judicial order requiring her to comply.

20. SMITH indicated that he cannot answer that on the phone.

21. Ms. Doe called SMITH back after roughly about an hour.

22. Ms. Doe indicated that her counsel was not available today, but if SMITH needed to talk to Ms. Doe today, she would make herself available, with the proviso that her counsel be on the phone during their conversation.

23. Ms. Doe was concerned that SMITH would attempt to illegally enter her San Francisco residence, which is shared with three immigrant friends, who would be alerted and terrified by SMITH's presence in their apartment, given the current political events. Ms. Doe, thence, made herself available under duress because she was intimidated and afraid of SMITH's threats against her and SMITH's ability to harm those with whom Ms. Doe shares her residence.

24. Asking what she should do when she arrives at the Department of Public Safety, SMITH indicated that Ms. Doe should call him, given that the front door of the Department might be locked, given that it was a Sunday.

25. Ms. Doe arrived at the Department of Public Safety at around 2 P.M.

26. Ms. Doe tried to enter through the front door, and it was locked.

27. Ms. Doe called SMITH at 650-847-8596.

28. SMITH came to the front door, opened the locked front door with his keys, and let Ms. Doe in.

29. Upon entering, the door locked itself, and Ms. Doe heard a 'click' sound.

30. Ms. Doe immediately asked SMITH whether his body camera was turned on.

31. SMITH answered in the affirmative, but the green light that blinks when police body cameras are turned on was not blinking.

32. Ms. Doe looked at her phone, and her phone—from five-bars of signal just outside the door to inside of the police station (which was less than a foot)—was out of signal. On information and belief, Ms. Doe alleges that this is because cellular data is blocked inside the police station, and Ms. Doe further alleges that SMITH was aware of this situation.

33. SMITH said, "I should read you your rights," and started looking through some laminated cards that he took out of his chest pocket.

34. Ms. Doe told SMITH to take his time.

35. SMITH, after going through his laminated cards, said, "well, I cannot find it now."

36. SMITH, then, said, *ad verbum*, "you are not under arrest but I will ask you some questions."

37. Ms. Doe answered in the affirmative.

38. SMITH referenced a civil unlimited torts matter Ms. Doe is prosecuting against PRIER in the Superior Court of California, Santa Clara.

39. Ms. Doe nodded and indicated that she was the Plaintiff in that action but that she did not find it apt to talk about litigation matters with SMITH.

40. SMITH indicated to Ms. Doe that he received information that she might have "called the court to have PRIER's papers cancelled."

41. SMITH asked Ms. Doe what she thought about "that."

42. Ms. Doe answered that she was not aware about what SMITH was talking, and that she found the allegations preposterous.

43. SMITH, then, said "ok, I'll put that in the report that that is what you testified to."

44. Ms. Doe, then, asked if PRIER "or the court's clerk" reported the allegation to SMITH.

45. SMITH turned his back and remarked, "oh it's funny you say that, the Clerk's office, huh…"

46. Ms. Doe indicated that she was not understanding what SMITH was implying, that, obviously, only PRIER or the clerk's office (the only party to whom the alleged "call" could have been directed) would be able to reasonably be aware of the information—or

that it would only be reasonable for PRIER or the Clerk's office to be able to offer such a claim.

47. Ms. Doe was feeling very uncomfortable in the presence of SMITH, particularly because SMITH, a man who is at least 6' 4", started walking toward Ms. Doe.

48. Ms. Doe asked SMITH to unlock the door.

49. SMITH did not do so.

50. Ms. Doe asked again and told SMITH that he was violating her constitutional rights and that she will pursue a Section 1983 claim against him.

51. SMITH angrily commented, "what is Section 1983?"

52. Ms. Doe indicated her surprise by the fact SMITH did not know, and asked him for how many years he has been a police officer.

53. SMITH responded, "I've been a police officer for 10 years."

54. Ms. Doe demanded that SMITH unlock the door. Perhaps chilled by Ms. Doe's reference to Section 1983, SMITH unlocked the door and let Ms. Doe free.

55. Ms. Doe immediately called the attorneys who are assisting her in an appellate matter in which Ms. Doe is seeking appellate review of a Civil Harassment Restraining order that was entered against PRIER.

56. Ms. Doe met—even though it was a Sunday and her attorneys were not working, given the urgency of the situation—Ms[3]. Downs and Mr. Downs, who met Ms. Doe at a park near Mr. and Ms. Downs' residence.

57. On her way to that location, Ms. Doe communicated with SMITH over electronic mailing and asked SMITH to provide the name of the Case Number of the Police Report.

58. SMITH did so.

59. A true and correct copy of the electronic mailing conversation between SMITH and Ms. Doe is filed as Appendix A.

60. During the conversation, when Ms. Doe indicated to her that SMITH detained her against the constitutional protections granted to Ms. Doe, SMITH said, "Please cease any further communication with me" (Appendix A, p. 2).

---

[3] Although duly admitted members of the California state bar, Ms. and Mr. Downs do not practice matters related to the federal law, and, thus, cannot and will not be representing Ms. Doe in this litigation.

61. Ms. Doe quoted, *inter alia*, *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1511-1512 [statements made to police fell within definition of right to petition government] and *Lindke v. Freed*, 601 U.S. 187 (2024) and reminded SMITH that, as a police officer, he cannot attempt to block Ms. Doe's efforts to freely speak and petition the government for redress of grievances.

62. Ms. Doe further noted, "I strongly suggest that you seek counsel advice, as you are opening yourself up to more civil liability. My Counsel is BBC'ed [*recte*, BCC'ed] to this email and will follow up with your supervisory staff" (Appendix A, p. 2).

63. Ms. Doe met with her counsel.

64. Ms. Doe's counsel called SMITH from Ms. Doe's phone, number blocked.

65. Although only Ms. Downs communicated with SMITH, both Ms. Doe and Mr. Downs were present in the call.

66. SMITH communicated to Ms. Downs that he was recording the conversation.

67. Ms. Downs asked SMITH whether he could provide to her what had happened with Ms. Doe.

68. SMITH said, "I think he [*sic*][4] admitted guilt to me because he [*sic*] mentioned Clerk's office when he [*sic*] was talking to me."

69. SMITH indicated to Ms. Downs, in my presence, that that is the information that he will put in his report and send it to the DA's office.

70. Ms. Downs collected SMITH's badge number (SMITH alleged that it is "152") and asked SMITH of his supervisory officer. SMITH responded that he responded to a Sergeant Fenton. On information and belief, this is Defendant FENTON.

---

[4] Ms. Doe is transgender. "'Transgender' is a general term that refers to a person whose gender identity differs from the person's sex assigned at birth...." (Cal. Code Regs., tit. 2, § 11030, subd. (c); see Sen. Bill No. 179 (2017–2018 Reg. Sess.) § 2, subd. (e). ["Transgender is an umbrella term used to describe people whose gender identity or gender expression do not match the gender they were assigned at birth".) Although all of the defendants here persist in misgendering Ms. Doe and inflicting intense emotional distress on her, Ms. Doe respectfully requests that the Court, while addressing Ms. Doe by gendered pronouns, veers toward using the pronouns Ms. Doe uses to refer to herself.

There is established judicial practice to refer to transgender litigants by the pronouns they prefer. *See, exempli gratia, Kosilek v. Spencer* 740 F.3d 733, 737 n.3 (1st Cir. 2014) ("We will refer to Kosilek as her preferred gender of female, using feminine pronouns."); *Coco v. Moritsugu* 222 F.3d 99, 103, 103 n. 1 (2d Cir. 2000) ("We ... refer to the plaintiff using feminine pronouns" because "[s]he [is] a preoperative [*sic*] male [*sic*] to female transsexual."); *Pinson v. Warden Allenwood USP* 711 F. App' 79, 80 n. 1 (3d Cir. 2018) ("**Because Pinson has referred to herself using feminine pronouns throughout this litigation, we will follow her example**" (emphasis added)); *Farmer v. Circuit Court of Md. for Baltimore* ty. 31 F.3d 219, 220 n. 1 (4th Cir. 1994) ("This opinion, in accord with Farmer's preference, will use feminine pronouns."); *Farmer v. Haas* 990 F.2d 319, 320 (7th Cir. 1993) (emphasis added) ("[T]he defendants say 'he,' but Farmer prefers the female pronoun and we shall respect her preference."); *Smith v. Rasmussen* 249 F.3d 755, 756 n.2 (8th Cir. 2001) ("As did the parties during the proceedings in the district court, we will refer to Smith, in accordance with his preference, by using masculine pronouns."); *Schwenk v. Hartford* 204 F.3d 1187, 1192 n. 1 (9th Cir. 2000) ("In using the feminine rather than the masculine designation when referring to Schwenk, we follow the convention of other judicial decisions involving male-to-female transsexuals which refer to the transsexual individual by the female pronoun."); *Qz'etux v. Ortiz*, 170 F. App'x 551, 553 (10th Cir. 2006) ("[W]e have no objection to Appellant's motion for the continued usage of proper female pronouns and will continue to use them when referring to her."). *Gonzalez-Marciel v. Barr* 800 Fed.Appx. 546, 547 (9th Cir. 2020) ("Gonzalez-Marciel's preference for masculine pronouns is reflected herein"). *See, further*, "In closing, we emphasize that we do not condone the prosecutor's repeated misgendering of Zarazua. Moreover, we note trial courts have an obligation to ensure litigants and attorneys are treated with respect, courtesy, and dignity—including the use of preferred pronouns. Failure to do so offends the administration of justice." *People v. Zarazua* 85 Cal.App.5th 639, 646 [301 Cal.Rptr.3d 434, 440] (2022).

71. Ms. Downs asked what probable cause SMITH had to question Ms. Doe. SMITH indicated that PRIER told him that "he [*sic*; referring to Ms. Doe] did it."

72. SMITH further confirmed to Ms. Downs that PRIER indicated to her, as a matter of fact, that Ms. Doe called the clerk's office and impersonated PRIER to cancel one of her pleadings.

73. Ms. Downs asked if SMITH knows the name of the ADA to whom this case has been assigned.

74. SMITH responded in the negative.

75. Ms. Downs asked if SMITH read Ms. Doe her constitutionally-mandated rights while interrogating her. Ms. Downs specifically asked SMITH if he told Ms. Doe that she had a right to have an attorney present, that she had the right to refuse to answer her questions, and that anything she said can and will be used against her in a court of law.

76. SMITH responded in the negative and indicated, "I just told him [*sic*] that he was not under arrest and that I was going to ask [her] questions."

77. Ms. Downs indicated that if SMITH needed to question Ms. Doe, SMITH must call Ms. Downs first.

78. Ms. Downs indicated that she will call FENTON in the morning of Monday.

79. Ms. Doe notes that she contacted the Clerk's office, **via email,** once regarding PRIER's filings, as PRIER's filings failed to comply with the state court's explicit orders that she redacts Ms. Doe's true name under the provisions of Code of Civil Procedure, section 367.3.

80. During that conversation, Ms. Doe signed her as "Jane Doe" and indicated that she was the Plaintiff in the matter. (See, Appendix B). Notably, this communication is protected under Ms. Doe's litigation privilege as it is directly related to her Complaint for damages against PRIER.

81. On information and belief, Ms. Doe alleges that PRIER contacted and made a false police report to SMITH, wherein she conspired with SMITH and other police officers, to take away Ms. Doe's right to freely petition the government for redress of grievances, and SMITH acted with that conspiracy to intimidate Ms. Doe from exercising her constitutional rights.

82. Particularly, this comes after Ms. Doe communicated to PRIER her intent to move the state court for sanctions for her repeated failure to comply with the provisions of Code of Civil Procedure, section 367.3 and the trial court's multiple admonishments against PRIER. (See, Appendix C).

83. PRIER, thus, conspired with SMITH, J DOES, 1-7, and FENTON to attempt to intimidate her to not pursue her Motion for Sanctions and Motion to Issue Order to Show Cause re: Contempt Ms. Doe filed with the state court.

## CLAIMS FOR RELIEF

### I.    FIRST CLAIM TO RELIEF

#### VIOLATION of 42 U.S.C. § 1983

#### (Violation of First Amendment—

#### Right to Freely Petition the Government for Redress of Grievances)

#### By Plaintiff against PRIER, SMITH, SDPS, AND DOES 1-6.

80. Plaintiff incorporates all paragraphs, as though fully set forth herein.

81. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the First Amendment to the United States Constitution.

82. The First Amendment protects Ms. Doe's right to, *inter alia*, petition the government for redress of grievances.

83. All of the acts complained of herein were retaliatory and directed toward Ms. Doe because of her petition for damages and injunctive relief against defendant PRIER, with whom defendant SMITH acted in a meeting of minds, to attempt to chill Ms. Doe's right to petition.

84. Although the right to petition and right of freedom of speech are separate rights contained in the First Amendment (*See Borough of Duryea v. Guarnieri,* 564 U.S. 379 (2011)), both Ms. Doe's complaint against PRIER and her written communication with the Clerk's Office was part of Ms. Doe litigation privilege, i.e. her right to freely petition the government for redress of grievances.

85. Acting with malice and oppression, defendants SMITH and PRIER acted deliberately to intimidate and silence Ms. Doe in her constitutionally protected petitioning activity.

## II.    SECOND CLAIM TO RELIEF

### VIOLATION of 42 U.S.C. § 1983

### (Violation of First Amendment—

### Right to Freely Speak without Government Interference and Retaliation)

### By Plaintiff against PRIER, SMITH, SDPS, AND DOES 1-6.

85. Plaintiff incorporates all paragraphs, as though fully set forth herein.

86. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the First Amendment to the United States Constitution.

87. The First Amendment guarantees Ms. Doe's freedom of speech and expression permitting Ms. Doe to, *inter alia,* freely and lawfully express opinions or ideas. This expression may be accomplished verbally, in writing, demonstratively, and/or symbolically.

88. All of the acts complained of herein were retaliatory and directed toward Ms. Doe attempted to chill her right to freedom of speech—including her right to write to the Clerk of the Court and her right to write and express her views to SMITH via electronic mailing.

89. Acting with malice and oppression, the Defendants acted deliberately to intimidate and silence Ms. Doe.

## III.    THIRD CLAIM TO RELIEF

### VIOLATION of 42 U.S.C. § 1983

### (Violation of Fourteenth Amendment—Substantive Due Process/Malicious Prosecution)

### By Plaintiff against PRIER, SMITH, SDPS, AND DOES 1-6.

90. Plaintiff incorporates all paragraphs, as though fully set forth herein.

91. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the Fourteenth Amendment of the United States Constitution.

92. The Fourteenth Amendment guarantees Plaintiff substantive due process of law.

93. The complained-of acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

94. The acts of Defendants were retaliatory, fraudulent, deliberate, and in contemplation of intimidating Ms. Doe. The Defendant acted with malice and oppression. Ms. Doe was detained and maliciously prosecuted based upon a fabricated police report.

### IV.    FOURTH CLAIM TO RELIEF

**42 U.S.C. § 1983 VIOLATION**
**(Violation of the Fourth Amendment—Unlawful Detention)**
**By Plaintiff against PRIER, SMITH, SDPS, AND DOES 1-6.**

95. Plaintiff incorporates all paragraphs, as though fully set forth herein.

96. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the Fourth Amendment to the United States Constitution.

97. The Fourth Amendment protects Plaintiff from an unreasonable seizure.

98. The unlawful detention and seizure of Ms. Doe by the Defendants were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Ms. Doe's Fourth Amendment rights.

### V.    FIFTH CLAIM TO RELIEF

**42 U.S.C. § 1983 VIOLATION**
**(Violation of Fifth Amendment of the United States Constitution—Violation of Right Against Self Incrimination)**
**By Plaintiff against PRIER, SMITH, SDPS, AND DOES 1-6.**

99. Plaintiff incorporates all paragraphs, as though fully set forth herein.

100.    This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the Fifth Amendment to the United States Constitution.

101.    Defendants' conduct, by attempting to compel the Plaintiff to testify without her counsel present and, then, through deception and falsehood, claim that Plaintiff admitted guilt of any crime when the Plaintiff did not do so violated the Plaintiff's rights secured under the Fifth Amendment.

## VI.    SIXTH CLAIM TO RELIEF

### 42 U.S.C. § 1983 VIOLATION
**(Violation of Sixth Amendment, Right to the Advice of Counsel)**
**By Plaintiff against PRIER, SMITH, SDPS, AND DOES 1-6.**

102.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

103.    This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the Sixth Amendment to the United States Constitution.

104.    The Sixth Amendment of the United States Constitution secured the right to counsel when questioned by a police officer.

105.    Defendants' conduct, by attempting to compel the Plaintiff to testify without her counsel present and, by intentionally placing her—with full knowledge or with reckless disregard of the truth—in a room wherein she would not be able to reach out to her counsel violated her Sixth Amendment rights.

## VII.    SEVENTH CLAIM TO RELIEF

### 42 U.S.C. § 1983 VIOLATION
**(Violation of Fourth Amendment—*Franks v. Delaware* Claim)**
**By Plaintiff against PRIER, SMITH, SDPS, AND DOES 1-6.**

106.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

107.    This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the Fourth Amendment to the United States Constitution.

108.    As the Supreme Court found, "When the Fourth Amendment demands a factual showing sufficient to compromise 'probable cause,' the obvious assumption is that there will be a truthful showing." *Franks v. Delaware*, 438 U.S. 154, 165-66 (1978). And because "the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant," (*Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994)), a complaint that an officer knowingly filed a false affidavit to secure an arrest warrant states a claim under section 1983 (*See, inter alia, Wilson v. Russo,* 212 F.3d 781, 786-87 (3d Cir. 2000)).

109.    A plaintiff in a section 1983 action who alleges misrepresentations or omissions in the affidavit of probable cause "must satisfy the two-part test developed in *Franks v. Delaware*" *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997); *see also Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994).

110.    The first part of the test requires a plaintiff to show that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant. The second part of the test requires the plaintiff to show that the false statements or omissions were material, or necessary, to the finding of probable cause. *See, generally, Franks, supra.*

111.    .In this case, both of the prongs are satisfied with SMITH's conduct, and if the DA's office charges Ms. Doe and a judge issues a warrant, SMITH will have violated Ms. Doe's fourth amendment rights.

## VIII.    EIGHT CLAIM TO RELIEF

### 42 U.S.C. § 1983 VIOLATION
### (Failure to Train, Supervise, or Correct—*Canton v. Harris* Claim)
### By Plaintiff against  SDPS, FENTON, COUNTY, DOES 6-7.

112.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

113.    This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the First, Fourth, Fifth, Sixth, and the Fourteenth Amendments to the United States Constitution.

114.    Defendants violated Ms. Doe's constitutional rights, as alleged *supra,* by creating and maintaining the following unconstitutional customs and practices, *inter alia:*

17

a. Ms. Doe is informed, believes, and thereupon alleges that Defendants have ample reason to know, based upon arrest reports, claims for damages, *inter alia,* that SDPS officers and/or employees regularly engage in the misdeeds set forth in this entire complaint;

b. Ms. Doe is informed, believes, and thereupon alleges that Defendants have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the SDPS as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws; and

c. Ms. Doe alleges that these failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of the Defendants, by and through its decision makers. These include, but are not limited to, Defendants and their subordinates, as necessary to further these improper policies, practices, customs, and procedures.

115. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Ms. Doe.

116. Defendants acted in a supervisory capacity with respect to the incidents involving Ms. Doe. In that capacity, Defendants acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Ms. Doe. Ms. Doe is informed, believes, and thereupon alleges that Defendants acted in this manner, at least in part, to avoid liability and financial exposure for the SDPS and to maintain their reputation and the reputation of the SDPS.

117. These supervisory failures directly caused and contributed to Plaintiff's damages.

118. Plaintiff specifically alleges that Defendants' policy, custom, and practice, as described *supra,* was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

//

//

## IX.    NINTH CLAIM TO RELIEF

### 42 U.S.C. § 1983 VIOLATION

**Unconstitutional Policy, Custom, or Procedure (*Monell* Claim)
By Plaintiff against COUNTY AND DOES 7-10**

119.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

120.    This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to her by the First, Fourth, Fifth, Sixth, and the Fourteenth Amendments to the United States Constitution.

121.    At all times relevant hereto, SMITH was an officer of SDPS,  and the County provided "operational authority" to SDPS.

122.    Defendant County violated Ms. Doe's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

    a.  Ms. Doe alleges that Defendant County have a *de facto* policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting persons who exercise their First Amendment rights of freedom of expression and freedom to petition the government for redress of grievances;

    b.  Ms. Doe alleges that Defendant County has a *de facto* policy, custom, or practice of inadequately investigating their police officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

    c.  Ms. Doe alleges that Defendant County has a *de facto* policy, custom or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights;

    d.  Ms. Doe alleges that defendant County has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who engage in these conducts;

123.    Defendant County's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Ms. Doe's constitutional rights at issue in this case

124.    Ms. Doe is informed, believes, and thereupon alleges that these policies, practices,

customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers.

125.    The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Ms. Doe.

126.    Ms. Doe specifically alleges that Defendant County's policy, custom, and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Ms. Doe.

## X.    TENTH CLAIM TO RELIEF

### (*Respondeat Superior* at Common Law)
### By Plaintiff against SDPS, FENTON, DOES 6-7

126.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

127.    SMITH violated the rights guaranteed to Ms. Doe under the United States and California constitutions, California civil law, and California common law.

128.    At all times relevant hereto, SMITH was an officer of SDPS.

129.    The acts of SMITH alleged in this Complaint were within the scope of his employment as a police officer of the SDPS.

130.    SDPS, FENTON, and DOES 6-7 are liable to Ms. Doe pursuant to *respondeat superior* for all the allegations alleged throughout this complaint.

## XI.    ELEVENTH CLAIM TO RELIEF

### 42 U.S.C. § 1985 VIOLATION
### (Civil Conspiracy against Rights)
### By Plaintiff against PRIER, SMITH, FENTON, SDPS, DOES 1-7

131.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

132.    This cause of action arises under 42 U.S.C. § 1985, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to them by the United States Constitution.

133.    Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Ms. Doe's civil rights afforded under the United States Constitution. Among other things,

the Defendants acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) harass and intimidate Ms. Doe for invoking her constitutional right to petition the government for redress of grievances, (2) to intimidate her from electronically communicating with the Clerk's office and police officers as part of her speech and litigation activity, (3) to enjoy substantive due process, (4) unlawfully detain Ms. Doe without probable cause or reasonable suspicion, (5) prevent her from being able to assert her right against self-incrimination, by falsifying that she confessed to a crime she did not confess, (6) prevent Ms. Doe from gaining access to her counsel, and (7) attempt to fraudulently, knowingly, or with reckless disregard of the truth, gain access to a warrant for her detention (*Franks* claim).

## XII.    TWELFTH CLAIM TO RELIEF

### VIOLATION OF CALIFORNIA CIVIL CODE, SECTION 52.1 (TOM BANE CIVIL RIGHTS ACT)
**By Plaintiff against All Defendants, Except DOES 7-10 and except the COUNTY**

134.    Plaintiff incorporates all preceding paragraphs, as though fully set forth herein.

135.    Defendants violated Ms. Doe's clearly established rights under the United States and California Constitutions, as well as state and federal law, which include, but are not limited to, the following:

    a.    (i) First Amendment to the United States Constitution

    b.    (ii) Fourteenth Amendment to the United States Constitution

    c.    (iii) Fourth Amendment to the United States Constitution

    d.    (iv) California Constitution, Article 1:

        i.    § 1 - Right to Happiness;

        ii.    §2 - Right to Free Speech;

        iii.    § 7 - Right to Due Process; and

        iv.    § 13 - Right to Protection against Unreasonable Seizures;

136.    Defendants violated Ms. Doe's clearly established rights under United States, and California law by threats, intimidation, and/or coercion. Further, each act and/or violation

of rights done by each Defendant to Ms. Doe was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

137.    Defendants SDPS, FENTON, DOES 6-7 are liable to Ms. Doe for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

## XIII.    THIRTEENTH CLAIM TO RELIEF

### ASSAULT
**By Plaintiff against All Defendants, except DOES 1-5 and except DOES 7-10 and except COUNTY**

138.    Plaintiff incorporates all preceding paragraphs, as though fully set forth herein.

139.    This cause of action arises under the general laws and Constitution of the State of California.

140.    Plaintiff has complied with the California Tort Claims Act.

141.    Ms. Doe contemplated and feared harmful and unwanted touching by SMITH, who had the present ability to do so.

142.    As a proximate result of Defendant's acts and/omissions as alleged throughout this entire complaint, Defendants assaulted Ms. Doe.

143.    Defendants SDPS, FENTON, DOES 6-7 are liable to Plaintiff for the acts of its public employees, SMITH, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

## XIV.    FOURTEENTH CLAIM TO RELIEF

### DEFAMATION—SLANDER PER SE AT CALIFORNIA CIVIL LAW AND COMMON LAW AND FALSE LIGHT AT COMMON LAW
**By Plaintiff against PRIER**

144.    Plaintiff incorporates all preceding paragraphs, as though fully set forth herein.

145.    By asserting the false claim as a fact that the Plaintiff called the Clerk's office as her, PRIER put the Plaintiff under false light and slandered her.

146.    The defamatory remark mentioned for this cause consisted of oral statements,

knowingly false communications, tending to directly, on its face, injure Plaintiff and Plaintiff's personal, business, and professional reputations.

147.    These false and defamatory publications were and are in violation of Civil Code, section 46, subs. (1) and (5) .

148.    Plaintiff further alleges that all statements made by the Defendant are unprivileged.

149.    None of the Defendant's defamatory remarks against Plaintiff referenced above are true

150.    The above defamatory remarks were understood as assertions of fact, and not as opinion.

151.    Each of these false defamatory *per se* remarks were negligently, recklessly, and intentionally made in a manner equaling malice.

152.    The complained of statements by the Defendant were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, and her reputation.

153.    The false light the Defendant thus created would be highly offensive to any reasonable person in the Plaintiff's position in American society.

154.    The Defendant knew, and it is reasonable to expect the Defendant to know, that such public release of false information would create a false impression about the Plaintiff, and thus the Defendant acted both negligently and recklessly.

155.    The Defendant's misconduct was a substantial factor in causing Plaintiff harm and was the primary factor that violated the Plaintiff's constitutional rights, described *supra*.

## XV.    FIFTEENTH CLAIM TO RELIEF

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### By Plaintiff against All Defendants, Except DOES 7-10 and Except the COUNTY

156.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

157.    This claim arises under the general laws of California, inclusive of Civil Code § 1714.

158.    Plaintiff has complied with the California Tort Claims Act.

159.    As a proximate result of Defendants' deliberately indifferent, shocking and oppressive acts and/omissions as alleged throughout this entire complaint, Defendants caused Ms. Doe to suffer severe emotional distress, thereby harming Ms. Doe.

160.   SDPS, DOES 6-7, and FENTON are liable to Ms. Doe for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

## GENERAL ALLEGATIONS PURSUANT

## TO ALL COUNTS OF ACTION

161.   Defendants acted maliciously and oppressively in violating Ms. Doe's clearly established rights under United States and California law by threats, intimidation, and/or coercion.

162.   As a result of Defendants' unlawful conduct as alleged herein, Ms. Doe has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

163.   Police officer defendants either "plainly incompetent[ly] or knowingly violate[d] the law" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 968 (9th Cir. 2021) and, thus, are not protected under the doctrine of qualified immunity, if they were, indeed, protected under the doctrine of qualified immunity with which to begin. While this issue also needs to be fully briefed, there is a growing amount of case law that considers private university campus police as persons acting under the color of law but one who are not entitled to qualified immunity but entitled to good faith defence. *See, inter alia, Klunder v. Brown Univ., C.A.* No. 10-410 ML, 2011 WL 2790178 (D. R.I. Jul. 13, 2011).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief from Defendants, and each of them, for each of the above causes of action:

    a)   For declaratory relief holding that the Defendants' conduct alleged herein violated the United States and California constitutions, California civil code, California common law;

    b)   For injunctive relief, enjoining the Defendants from continuing to violate the Ms. Doe's rights secured in United States and California constitutions, California civil code, California common law;

c) For compensatory damages, including general and special damages, according to proof;

d) For punitive damages pursuant to 42 U.S.C. §1983 and California Civil Code §§ 3294 and 52.1 (b), and any other applicable laws or statutes, in an amount sufficient to deter and make an example;

e) For statutory damages, according to proof;

f) For prejudgment interest according to proof;

g) For reasonable attorney fees, should the Plaintiff later retain an attorney, pursuant to 42 U.S.C. §§ 1983, 1988; 2 California Civil Code §§ 52.1, 52(b)(3); California Code of Civil Procedure § 1025.1; and any other applicable provisions;

h) For costs of suit; and

i) For such further relief which is just and proper.

Respectfully submitted,

DATED: April 20, 2025.

_____/s/ Jane Doe_____

JANE DOE

In Propria Persona

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted,

DATED: April 20, 2025.

_____/s/ Jane Doe_____

JANE DOE

In Propria Persona