PILLSBURY WINTHROP SHAW PITTMAN LLP
JACOB R. SORENSEN (Cal. Bar No. 209134)
jake.sorensen@pillsburylaw.com
KHYRSTYN ("NAN") MCGARRY (Cal. Bar No. 318677)
nan.mcgarry@pillsburylaw.com
EMILY YOUNG (Cal. Bar No. 357173)
emily.young@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: (415) 983.1000
Facsimile: (415) 983.1200

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, JASON A. SMITH, and ERIC FENTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>JASON A. SMITH, et al.<br><br>Defendants. | Case No. 25-cv-03490-PCP-NMC<br><br>**STANFORD DEFENDANTS' NOTICE OF MOTION AND MOTION FOR DISCLOSURE OF PLAINTIFF'S TRUE NAME IN COURT FILINGS**<br><br>Hearing Date: September 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Honorable P. Casey Pitts<br><br>Complaint Filed: April 21, 2025<br><br>**REDACTED VERSION**<br>**(UNREDACTED VERSION TO BE LODGED CONFIDENTIALLY UNDER SEAL)** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 4, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, before The Honorable Casey Pitts in Courtroom 8 of the above-entitled court, located at 280 South First Street, San Jose, CA 95113, Defendants The Board of Trustees of the Leland Stanford Junior University (sued as Stanford University Department of Safety) ("Stanford"), Jason A. Smith, and Eric Fenton (the "Stanford Defendants") will and hereby do move for an order requiring Plaintiff to disclose her true name, and allowing Defendants to refer to Plaintiff by her true name, in all future court filings. The basis for the motion is that Plaintiff does not satisfy the requirements to litigate anonymously under Ninth Circuit precedent; that she has waived any such right she might have had; and that she is concealing her true name in order to obstruct the defense.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the Complaint, the concurrently filed Request for Judicial Notice and all exhibits attached thereto, and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

Dated: June 20, 2025

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Khyrstyn ("Nan") McGarry*

JACOB R. SORENSEN
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

*Attorneys for Defendants*
*The Board of Trustees of the Leland Stanford Junior University; Jason A. Smith; Eric Fenton*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................1

II. FACTUAL BACKGROUND ........................................................................................1

[REDACTED]

III. ARGUMENT ................................................................................................................9

A. The Public Has a Strong Interest in Knowing Doe's Identity. ..............................10

B. Even If Doe Could Credibly Allege a Reasonable Fear of Harm, Sealing Her True Name Will Not Mitigate That Risk. ..............................................................11

C. Allowing Doe to Proceed Anonymously Will Prejudice the Stanford Defendants. ........................................................................................................12

IV. CONCLUSION ............................................................................................................13

TABLE OF AUTHORITIES

Page

Cases

*4 Exotic Dancers v. Spearmint Rhino*,
2009 WL 250054 (C.D. Cal. Jan. 29, 2009) ....................12

*Day v. California Lutheran Univ.*,
No. 821CV01286JLSDFM, 2022 WL 2965769 (C.D. Cal. June 9, 2022) ....................9

*Del Nero v. Allstate Ins. Co.* ("*Del Nero II*"),
No. CV009068AHMAIJX, 2021 WL 3285033 (C.D. Cal. June 30, 2021) ....................9, 11, 12

*Del Nero v. Allstate Ins. Co.* ("*Del Nero I*"),
No. 200CV01126GMNVCF, 2022 WL 1618839 (D. Nev. May 23, 2022) ....................9, 10, 11

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*,
596 F.3d 1036 (9th Cir. 2010) ....................9, 10, 11

*Doe v. L. Offs. of Winn & Sims*,
No. 06-CV-00599-H-AJB, 2021 WL 9917688 (S.D. Cal. June 21, 2021), *as modified* (June 29, 2021) ....................9, 12

*Doe v. Texaco, Inc.*,
No. C06-02820 WHA, 2006 WL 2850035 (N.D. Cal. Oct. 5, 2006) ....................11

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ....................9, 12

*In re Copley Press, Inc.*,
518 F.3d 1022 (9th Cir. 2008) ....................11

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ....................10

*Martin v. D.C. Court of Appeals*,
506 U.S. 1 (1992) ....................10

*U.S. v. Doe*,
488 F.3d 1154 (9th Cir. 2007) ....................9

*United States v. Stoterau*,
524 F.3d 988 (9th Cir. 2008) ....................10, 11

Statutes and Codes

California Code of Civil Procedure
Section 367.3 .... 8

Rules and Regulations

Federal Rules of Civil Procedure
Rule 10(a) .... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has identified herself as "Jane Doe," rather than suing under her true name, without requesting leave to proceed anonymously. Doe has said she will file such a motion, but two months have passed since her Complaint was filed, and no motion has materialized.

The Ninth Circuit allows the use of a pseudonym only in "unusual" cases. This case **is** unusual, but for reasons that weigh strongly **against** anonymity. [redacted]. [redacted]

[redacted] Accordingly, she should be required to proceed under her true name.[1]

## II. FACTUAL BACKGROUND

### A. [redacted]

[redacted]. [redacted]

[1] The Stanford Defendants seek only to require Doe to litigate under her legal name. They do not seek to require disclosure of Doe's address.

[2] The Stanford Defendants are informed and believe that [redacted] uses they/them pronouns.

[3] All exhibits refer to the exhibits attached to the concurrently filed Request for Judicial Notice.



[ ]
[ ]
] ,"
2.
3.

1 █
2 █
3   C. █
4 █
5 █
6 █
7   1. █
8 █
9 █
10 █
11 █
12 █
13 █
14 █
15 █
16 █
17 █
18 █
19 █
20   2. █
21 █
22 █
23 █
24 █
25 █
26 █
27 ───────
28 [4] █

Ex. M-2, ¶ 1.



3.

[5]

-5-

MOTION FOR DISCLOSURE OF PLAINTIFF'S TRUE NAME IN COURT FILINGS
Case No: 5:25-CV-03490-PCP NMC

6

**D.**

[7]

## III.  ARGUMENT

Fed. R. Civ. P. 10(a) requires that the title of every complaint "include the names of all the parties," and the Ninth Circuit has confirmed that "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("*Kamehameha*").  Because anonymity "runs afoul of the public's common law right of access to judicial proceedings," a party may preserve her anonymity only "in special circumstances when the . . . need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) ("*Advanced Textiles*"); *U.S. v. Doe,* 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) ("the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case").

Courts in this circuit apply a five-factor balancing test to determine whether a plaintiff may proceed anonymously:

1. the severity of the threatened harm alleged by the plaintiff if anonymity is not allowed;
2. the reasonableness of the plaintiff's fears;
3. the plaintiff's vulnerability to such harm;
4. the prejudice to the opposing party; and
5. the public interest.

*See Kamehameha*, 596 F.3d at 1042.  "The burden is on the party seeking anonymity to establish that the 'need for anonymity outweighs' the other party's prejudice and the public's interest." *Day v. California Lutheran Univ.*, No. 821CV01286JLSDFM, 2022 WL 2965769, at *3 (C.D. Cal. June 9, 2022).  Participation in the Safe at Home program is not dispositive to this analysis. *Del Nero v. Allstate Ins. Co.*, No. 200CV01126GMNVCF, 2022 WL 1618839, at *3 (D. Nev. May 23, 2022) ("*Del Nero I*") (denying Safe at Home participant's motion to seal where documents at issue had long been in public record and sealing would obscure litigant's "bordering on vexatious" litigation activities from the public record); *Doe v. L. Offs. of Winn & Sims*, No. 06-CV-00599-H-AJB, 2021 WL 9917688, at *2 (S.D. Cal. June 21, 2021), *as modified* (June 29, 2021); *Del Nero v. Allstate Ins. Co.*, No. CV009068AHMAIJX, 2021 WL 3285033, at *2 (C.D. Cal. June 30, 2021) ("*Del Nero II*").

**A. The Public Has a Strong Interest in Knowing Doe's Identity.**

As the Ninth Circuit recognized in *Kamehameha*, the "factor concerning the public interest sets the stage for our debate, so it is where we begin." 596 F.3d at 1042. The common law creates a "strong presumption in favor of access" to court proceedings and records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). That presumption applies here. Public access also plays a vital role in ensuring the fair allocation of judicial resources. As the Supreme Court observed in *Martin v. D.C. Ct. of Appeals*, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources," and it is the Court's responsibility to ensure that those resources are not misused. 506 U.S. 1, 3 (1992). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (citation omitted).

To that end, courts routinely deny anonymity to preserve the public's right to open proceedings, even when doing requires acting against the interests of the litigants themselves. In *Del Nero v. Allstate Ins. Co.* ("*Del Nero I*"), the court denied a Safe at Home participant's motion to seal in part because the litigant's behavior was "bordering on vexatious" and doing so would have made it "more difficult for other courts (and the public) to find his litigation history," which might otherwise "conceal future vexatious litigation or behavior." 2022 WL 1618839 at *3. The Ninth Circuit similarly denied anonymity in *Kamehameha*, holding that even minor plaintiffs who feared physical violence could not proceed anonymously where their asserted fears did not outweigh the public's right to open proceedings. 596 F.3d at 1045.

The same reasoning applies here. [REDACTED] Permitting Doe to proceed anonymously would conceal the very pattern of conduct that weighs against her credibility, and the public's interest in transparency far outweighs any speculative privacy interest she might assert.

**B. Even If Doe Could Credibly Allege a Reasonable Fear of Harm, Sealing Her True Name Will Not Mitigate That Risk.**

"[T]o proceed anonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable," as well as vulnerability to the harm itself. *Id.* at 1042-43. Even if Doe were to credibly show a reasonable fear of harm—a showing she has not yet made and likely cannot make—she still must show that sealing her identity in **this** action would shield her from that risk. *See Stoterau*, 524 F.3d at 1013 (declining to allow sex offender prison inmate to proceed anonymously based on "elevated risk of violate abuse in prison" where, *inter alia*, sex offense conviction was "a matter of public record" and "use of a pseudonym would have limited effect in concealing" that fact); *Del Nero II*, 2021 WL 3285033, at *2 (C.D. Cal. June 30, 2021) ("Plaintiff fails to explain how redacting his name [as opposed to his address] from this insurance case would protect him from the harm that the Safe At Home program seeks to avoid."); *Doe v. Texaco, Inc.*, No. C06-02820 WHA, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006) ("Accepting that plaintiffs live in a lawless region of the Amazon, it does not follow that the risks of living there are any greater by virtue of their involvement in **this** litigation.") (emphasis added). As courts have recognized, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *Del Nero I*, 2022 WL 1618839, at *2 (*quoting In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)); *Id.* at *3 (denying Safe at Home participant's motion to seal where documents at issue had long been in public record).

Here, [redacted] Ex. B-7; *see also* Exs. C-1, E-1, G-1. Doe will not be able to show why revealing her name [redacted] in **this** case will have any measurable impact on the risk she allegedly faces, particularly where [redacted] Nor does Doe's enrollment in the Safe at Home program

entitle her to a blanket of anonymity where that program is primarily intended to protect the litigant's location, which the Stanford Defendants do not seek to have revealed. *See L. Offs. of Winn & Sims*, 2021 WL 9917688, at *2 (allowing Safe at Home participant to seal only his address because program did "not protect all information related to Plaintiff from the public eye"); *Del Nero II*, 2021 WL 3285033, at *2 (same).

In short, any argument that anonymity in this action is necessary to protect Doe's safety is not only likely to be unreasonable and highly speculative—it is moot.

**C. Allowing Doe to Proceed Anonymously Will Prejudice the Stanford Defendants.**

Finally, the Court must balance Doe's alleged "need for anonymity against . . . the risk of unfairness to the opposing party." *Advanced Textile Corp.*, 214 F.3d at 1068; *4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038ABCSSX, 2009 WL 250054, at *3 (C.D. Cal. Jan. 29, 2009) ("The Ninth Circuit has acknowledged that the use of pseudonyms can impair defendants' ability to mount a defense."). This factor also weighs strongly in favor of requiring Doe to proceed under her true name because allowing Doe to remain anonymous would significantly impair the Stanford Defendants' ability to defend themselves.

First, it would obstruct their ability to challenge Doe's credibility. Doe alleges that this [REDACTED] (*id.* at ¶¶ 79-81). [REDACTED]. If Doe's identity remains concealed, the Stanford Defendants may be unable to contextualize or impeach her claims in this case effectively. At minimum, it will be unduly burdensome for the Defendants and the Court to work through filings under seal to establish that Doe is [REDACTED]

Second, anonymity would prevent proper public and judicial scrutiny of Doe's litigation conduct in this matter, to the detriment of the Stanford Defendants. [REDACTED] Requiring the Stanford Defendants to litigate against an unnamed plaintiff who has already and likely will continue to make extraordinary claims against them while their own reputations, institutional standing, and litigation history remain public would create an asymmetry that the law does not permit absent extraordinary circumstances. None are present here.

## IV. CONCLUSION

Accordingly, the Stanford Defendants respectfully request that Doe be required to proceed under her legal name.

Dated: June 20, 2025

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Khyrstyn McGarry*

JACOB R. SORENSEN
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

*Attorneys for Defendants*
*The Board of Trustees of the Leland Stanford Junior University; Jason A. Smith; Eric Fenton*

## APPENDIX A

| EX. NO. | PARTIES | CASE NO. | CASE TYPE | FILING DATE | DISPOSITION |
|---|---|---|---|---|---|
| A-1, A-2 | ███ | ███ | ███ | ███ | ███ |
| B-1, B-5 | ███ | ███ | ███ | ███ | ███ |
| C-1, C-5 | ███ | ███ | ███ | ███ | ███ |
| D-1, D-3 | ███ | ███ | ███ | ███ | ███ |
| E-1, E-5, E-23 | ███ | ███ | ███ | ███ | ███ |
| F-1, F-3 | ███ | ███ | ███ | ███ | ███ |
| G-1, G-12 | ███ | ███ | ███ | ███ | ███ |
| H-1, H-3 | ███ | ███ | ███ | ███ | ███ |
| I-1, I-20 | ███ | ███ | ███ | ███ | ███ |
| J-1, J-3 | ███ | ███ | ███ | ███ | ███ |
| K-1, K-3 | ███ | ███ | ███ | ███ | ███ |

| EX. NO. | PARTIES | CASE NO. | CASE TYPE | FILING DATE | DISPOSITION |
|---|---|---|---|---|---|
| | ███████████████ | | | | |
| L-1, L-3 | ███ | ███ | ███ | ███ | ███ |
| M-1 | ███ | ███ | ███ | ███ | ███ |
| N-1, N-9, N-10 | ███ | ███ | ███ | ███ | ███ |
| O-1 | ███ | ███ | ███ | ███ | ███ |