PILLSBURY WINTHROP SHAW PITTMAN LLP
JACOB R. SORENSEN (Cal. Bar No. 209134)
jake.sorensen@pillsburylaw.com
KHYRSTYN ("NAN") MCGARRY (Cal. Bar No. 318677)
nan.mcgarry@pillsburylaw.com
EMILY YOUNG (Cal. Bar No. 357173)
emily.young@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:     (415) 983.1000
Facsimile:     (415) 983.1200

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,
JASON A. SMITH, and ERIC FENTON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    vs.<br><br>JASON A. SMITH, et al.,<br><br>    Defendants. | Case No. 25-cv-03490-PCP-NMC<br><br>**STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND THE DEADLINE TO OPPOSE DEFENDANTS' MOTION FOR DISCLOSURE, REQUEST FOR JUDICIAL NOTICE, AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S DOCUMENTS SHOULD BE SEALED**<br><br>Complaint Filed: April 21, 2025<br><br>Judge: Hon. P. Casey Pitts |

Defendants The Board of Trustees of the Leland Stanford Junior University (sued as Stanford University Department of Safety) ("Stanford"), Jason A. Smith, and Eric Fenton (the "Stanford Defendants") respectfully submit this brief opposition to Plaintiff's Administrative Motion to Extend

the Deadline to Oppose the Defendants' Motion for Disclosure, Request for Judicial Notice, and Administrative Motion to Consider Whether Another Party's Documents' Should be Sealed.

On July 10, 2025, Plaintiff wrote the Stanford Defendants' counsel to request a "4-day extension for any pleading related to sealing matters." Declaration of Khyrstyn R. McGarry in Support of Opposition to Plaintiff's Administrative Motion ("McGarry Decl."), Exhibit A at p. 2. Counsel responded that the Stanford Defendants could not agree to an additional extension to Plaintiff's Motion to Seal because they had already agreed to extend her sealing deadline to align with her opposition to the Stanford Defendants' Motion for Disclosure of Plaintiff's True Name in Court Filings ("Motion for Disclosure"), which raises overlapping factual and legal issues with the sealing motion. *Id.* at p. 1. As explained in that correspondence, "[d]ecoupling these filings now would not only burden the Court with disjointed and potentially duplicative briefings, but also require the Stanford Defendants to prepare multiple, overlapping replies." *Id.* Counsel further noted that a motion to seal does not present complex or novel issues, and that Plaintiff had already been granted over two weeks beyond the standard deadline to draft her filing. *Id.*

Plaintiff's current motion seeks an even broader extension than she initially requested, now encompassing her oppositions to the Motion for Disclosure and the Request for Judicial Notice in addition to her sealing motion—filings she did not mention in her request to counsel. *Id.*, Ex. A at p. 2. Her motion also misrepresents (among other things) the Stanford Defendants' concern about "decoupling" her opposition to the Motion for Disclosure from the Motion to Seal, incorrectly suggesting it referred to separating the oppositions to the *Motions to Dismiss* from the sealing motion. Plaintiff's Administrative Motion at 3:14–22. In fact, counsel clearly explained that the concern related to separating Plaintiff's opposition to the Motion for Disclosure—which Plaintiff had not initially sought to extend—from the sealing filing, given that these filings were deliberately aligned to proceed on the same schedule. McGarry Decl., Ex. A at p. 1.

In any event, Plaintiff has had a total of four weeks to prepare her oppositions to the Motions to Dismiss and three weeks to prepare her opposition to the disclosure motion and related sealing filings (not only two weeks, as she claims; *see* Plaintiff's Administrative Motion at 2:13-14).

Notably, Plaintiff did not raise any concerns about her schedule when the Court extended her deadline on June 26, 2025, nor did she do so in her request to counsel. Her apparent inability to meet the July 14 deadline appears to stem not from any lack of time, but rather from her decision to prioritize two additional and unnecessary filings: a Motion to Proceed Pseudonymously and a Motion for Sanctions. The former is duplicative of the issues raised in the pending Motion for Disclosure and appears to be an attempt to circumvent the Court's June 26 and 27 orders limiting Plaintiff's opposition to that motion to 25 pages. As for the Motion for Sanctions, Plaintiff has not served it on the Stanford Defendants despite multiple requests that she do so, as required. McGarry Decl., Ex. A at pp. 4-5; *Id* at pp. 3-4. The Parties' correspondence to date strongly indicates that it is frivolous.[1] *Id.* at pp. 2-19. The Stanford Defendants will respond to Plaintiff's unsupported claim that they have "lie[d] to this Court" and other inflammatory accusations in due course; suffice it to say for present purposes that the Stanford Defendants completely reject and dispute these claims.

While the Stanford Defendants maintain that Plaintiff has not shown good cause for an extension, they defer to the Court's judgment as to how to manage these matters. Should the Court grant Plaintiff's motion, the Stanford Defendants respectfully request that they be afforded a corresponding extension to file their replies and/or any opposition to Plaintiff's additional motions.

Respectfully submitted,

Dated: July 11, 2025

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Khyrstyn ("Nan") McGarry
JACOB R. SORENSEN
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, JASON A. SMITH, and ERIC FENTON

---

[1] Plaintiff has only provided counsel with a "tentative list" of allegedly sanctionable conduct under Federal Rule of Civil Procedure 11, including Plaintiff's claim that the Stanford Defendants have "lie[d] to this Court" with respect to the state court's denial of Plaintiff's prior sealing motions. McGarry Decl., Ex. A at pp. 6-12. Counsel reviewed those "tentative" allegations in good faith and found them to be unsupported and incorrect. *Id.* at pp. 4-5.