# EXHIBIT A

| | |
|---|---|
| **From:** | Jane Doe |
| **To:** | McGarry, Nan; Sorensen, Jacob R. |
| **Subject:** | Re: Doe v. Smith, et al. Case No. 5:25-cv-03490 |
| **Date:** | Thursday, July 10, 2025 2:00:44 PM |

I addressed your arguments here in my Motion. I hope you will not oppose it. If you do, I will reply to your Opposition within the statutory time frame. Moving forward, you should expect the Plaintiff to oppose any of your requests to extend statutory deadlines, too.

Best,

Jane

On Thu, Jul 10, 2025 at 10:04 PM McGarry, Nan <nan.mcgarry@pillsburylaw.com> wrote:

> Ms. ███,
>
> As you are aware, the Stanford Defendants have reasonably accommodated—and in some instances affirmatively offered—your prior extensions to the briefing schedules. However, we do not agree to your latest request for an additional extension to the motion to seal deadline.
>
> As previously discussed, the Stanford Defendants agreed to extend your sealing motion deadline—ordinarily only seven days—so that it would coincide with your opposition to our motion to disclose. This alignment was designed to promote efficiency and consistency, given the overlapping issues raised in both motions. Indeed, you previously agreed that a consolidated schedule made sense under these circumstances. One of the central grounds for our disclosure motion is that your legal name is already largely public, a fact that will similarly bear on your sealing motion. Decoupling these filings now would not only burden the Court with disjointed and potentially duplicative briefings, but also require the Stanford Defendants to prepare multiple, overlapping replies.
>
> Further, a motion to seal typically does not present complex or novel issues. By July 14, you will have had more than two weeks beyond the standard period to prepare your filing.
>
> For these reasons, we oppose your request for a further extension.
>
> Best,
>
> Nan

**From:** Jane Doe <janedoejane0303@gmail.com>
**Sent:** Thursday, July 10, 2025 2:35 AM
**To:** McGarry, Nan <nan.mcgarry@pillsburylaw.com>
**Cc:** Sorensen, Jacob R. <jake.sorensen@pillsburylaw.com>
**Subject:** Re: Doe v. Smith, et al. Case No. 5:25-cv-03490

Ms. McGarry,

Plaintiff is going to file an Administrative Motion to move the Court to grant her a 4-day extension for any pleading related to sealing matters. Please indicate if you will oppose the Motion.

Jane

On Mon, Jul 7, 2025 at 7:06 PM Jane Doe <janedoejane0303@gmail.com> wrote:

> Ms. McGarry,
>
> No legal advice was—or, for that matter, will be—sought from you. I asked you a question, and you refused to answer. Your motion will be rendered moot when the Plaintiff files her motion to take leave to proceed pseudonymously, and I assumed it would be preferable for you to withdraw the Motion where you repeatedly lied to the Court to avoid getting sanctioned, but, alas, you apparently don't.
>
> Requirements of FRC, Rule 11 has been satisfied; you do not wish to correct your sanctionable conduct.
>
> Please let me know if you have any additional commentary.
>
> Jane

> On Mon, Jul 7, 2025 at 6:50 PM McGarry, Nan <nan.mcgarry@pillsburylaw.com> wrote:
>
>> Ms. ███,
>>
>> We do not purport to offer you legal advice; we assume you will make your own decisions. That said, it is our view that you should comply with the requirements set forth in Federal Rule of Civil Procedure 11.
>>
>> Best,
>>
>> Nan
>
> **From:** Jane Doe <janedoejane0303@gmail.com>
> **Sent:** Monday, July 7, 2025 8:44 AM
> **To:** McGarry, Nan <nan.mcgarry@pillsburylaw.com>
> **Cc:** Sorensen, Jacob R. <jake.sorensen@pillsburylaw.com>
> **Subject:** Re: Doe v. Smith, et al. Case No. 5:25-cv-03490
>
> Ms. McGarry,
>
> Having not heard back from you, the Plaintiff shall assume that you have nothing to add to the two emails below.
>
> Jane Doe
>
> On Fri, Jul 4, 2025 at 1:28 PM Jane Doe <janedoejane0303@gmail.com> wrote:
>
>> And since you have not responded to my inquiry as to whether you'd withdraw your motion if the Motion to Proceed Pseudonymously is filed soon, I would like to provide you another opportunity to respond to that question.

Page 3

> Best,
>
> Jane
>
> On Fri, Jul 4, 2025 at 12:17 PM Jane Doe <janedoejane0303@gmail.com> wrote:
>
>> Ms. McGarry,
>>
>> Since you have been provided an opportunity to cure the sanctionable conduct and plainly refused to do so, it is the undersigned's view that the motion can be filed with the Court as is, without serving you and waiting for 21 days for you to cure.
>>
>> There is nothing to disagree with. You, as a duly-admitted member of the California state bar, lied to the Court repeatedly, and such conduct should be sanctioned by the Court.
>>
>> If it is your view that you should still be provided an opportunity to cure, please reply to this email by the end of business day Friday.
>>
>> Jane Doe
>>
>> On Fri, Jul 4, 2025 at 12:13 AM McGarry, Nan <nan.mcgarry@pillsburylaw.com> wrote:
>>
>>> Ms. ███,
>>>
>>> We strongly disagree with your characterization of our motion. Nothing in your email indicates that we have engaged in sanctionable conduct, nor you do set forth any grounds justifying withdrawal of the motion. To the contrary, the sanctions motion you describe appears to be frivolous. If you wish to proceed, you should serve your

Page 4

full sanctions motion as required, and we will respond in due course.

Best,

Nan

---

**From:** Jane Doe <janedoejane0303@gmail.com>
**Sent:** Monday, June 30, 2025 5:46 PM
**To:** McGarry, Nan <nan.mcgarry@pillsburylaw.com>
**Subject:** Re: Doe v. Smith, et al. Case No. 5:25-cv-03490

I am also unsure if you wish to consider this email to be the service of the Motion within the meaning of Rule 11, but the formal Sanctions motion should be ready soon and will be served on you .... in case you do decide to withdraw your motion as indicated at the bottom of the Plaintiff's previous email.

Best,

Jane Doe

On Tue, Jul 1, 2025 at 3:36 AM Jane Doe <janedoejane0303@gmail.com> wrote:

> Ms. McGarry,
>
> And I believe I have returned the courtesy, and I could have been much more difficult (so could you), but I wanted to show you the professional courtesy to not be burdened by procedural minutiae like filing deadlines and having to raise them with the Court and replying to oppositions. And I will continue to show such professional courtesy. Precisely, however, I do not want to be treated differently because of my *pro se* status, and I believe I deserve the same level of respect that you extend to your fellow colleagues (one that I have been extending to you). I do not want you to treat me differently (or request the Court to treat me differently). I find this request to be very

Page 5

reasonable. Placing me above procedural (or any other) law is not better than attempting to place me below it. Plus, I have recently learned that I was admitted to law school through a junior deferral program, and I do not believe that, in five years when I graduate from the same law school you did, I would ever treat a *pro se* party the way you have been treating me—even if they are a prisoner with a primary school degree. And I shall illustrate why your Motion strikes me as so offensive and sanctionable (those two things are unrelated, of course).

Indeed, you do have the right to request the Court to not allow me to proceed pseudonymously. The settled way of doing that, for the past 70 years, is to oppose a Motion to Proceed Pseudonymously. And when such a Motion is filed, you are most welcome to oppose it, as many parties do. But what you are requesting from the Court is novel and unprecedented. There, simply, is no Motion for Disclosure available in law (except the discovery motion to compel disclosure), and you are creating a procedural vehicle out of thin air. And I am sure that you get the same result when you put the necessary keywords in LexisNexis or Westlaw; this has never been done. You note in your Motion that it has been two months since the Complaint was filed. In *most* cases, Motion to Proceed Pseudonymously is not filed concurrently with the Complaint. *See, e.g.,* "On November 21, 2024, Plaintiff I. G. initiated this action with the filing of a complaint against Defendant Panama-Buena Vista Union School District. On January 8, 2025, Plaintiff filed a motion to proceed using pseudonyms" (*I. G. v. Panama-Buena Vista Union School District* (1:24-cv-01431-CDB, E.D. Cal. (January 23, 2025)). What is more, you are asking the Court to take another unusual step: That is, determine whether a *continuing* state court action was meritless or not. And, further, conclude that a litigant in a state action was vexatious. Although you never use the word 'vexatious' because you know that you'd fail under the state statute, this Court can nonetheless not do that because of, *inter alia*, *Younger* abstention as developed in *Younger v. Harris*, 401 U.S. 37 (1971). The three exemptions to *Younger* abstention are not present in this case, and, as you are well aware, such exemptions (except the third) have only been granted a handful of times since 1971. As such, because your request impliedly asks the Court to determine whether I am vexatious as a state-court litigant, your request fails before it has even started. And your judicial notice request also fails because the only reason why you contend these exhibits are relevant to this action is because I am vexatious. If the Court cannot determine that I am vexatious, then it certainly cannot judicially notice pleadings you contend are relevant to this action because I am vexatious. *See, inter alia*, *Blye v. Cal. Supreme Court*, No. 11-5046, 2014 U.S. Dist. LEXIS 7329, *3 (N.D. Cal. Jan. 21, 2014) ("[A]n irrelevant fact is one not of consequence in determining the action, see Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact."); *La Spina v. Wucherer*, No. 96- 1359, 1996 U.S. Dist. LEXIS 16095 (S.D. Cal. Oct. 9, 1996) (explaining that judicial notice is used to establish "relevant" facts). The regular way in which a litigant's vexatiousness is judicially noticed is to have such an order declaring such a litigant be judicially noticed. You try to create a workaround given the absence of such

an order; although, I must admit, it is creative and smart, the motion is nonetheless frivolous. And I am sure you know this and filed this Motion at the wake of your motion to dismiss to attempt to prejudice the Court against me. This is why, I contend, the motion was filed to harass a litigant as found in Rule 11's standard and the appropriate case law that followed therefrom. As I wrote before, none of your exhibits (even in the misrepresented way you chose to present them) actually prove that I am vexatious: it just proves that I acted in a way that your moral beliefs are, apparently, opposed to. You want the Court to deliver the same moral opprobrium to me—and because turning judicial officers into people who deliver moral—instead of legal—judgement wishes the courts to go back to a dark era of statutory construction and judicial conduct that is now considered obsolete: Consider, for instance, the perfect dissent of Justice Blackmun in *Bowers v. Hardwick*, 478 U.S. 186 (1986).

What is more, even if the Court were to conclude that I was vexatious, the fact that you were able to establish this while I was proceeding pseudonymously logically excludes your contention that you need me to proceed under my (former) legal name for such vexatiousness to be established.

Now, turning to your factual misrepresentations. Obviously, you are aware of which ones I am talking about, but because Rule 11 requires it, let me provide a tentative list (there are many, many more but I am picking out the most obvious ones).

1) Disqualification Statement against the Honorable Evette D. Pennypacker

You note that my "writ petition to challenge the Denial [of the affidavit of disqualification] was also rejected" (Mot. for Discl. at p. 5). Obviously, this is a mischaracterization. You are obviously aware that the Court granted the Alternative Writ petition and issued a corrective *Palma* notice to the trial court. See, attachment 1. And, obviously, you are aware that when a corrective *Palma* notice is issued and the respondent court complies with it, the writ petition is denied as moot because the Alternative Writ was granted. See, also, Order Setting Hearing Pursuant to Writ Petition ["On September 20, 2024, this Court held a brief hearing in this matter, and on October 8, 2024, Plaintiff filed an affidavit of disqualification pursuant to Code of Civil Procedure section 170.1, which the Court struck. Plaintiff filed a writ petition with the Sixth District. On December 23, 2024, the Sixth District **granted** Plaintiff's writ petition and issued an order directing" (*Id,* at p. 1; emphasis added). So, why do you misrepresent this fact to the Court?

Page 7

And why do you misrepresent a granted writ as one that was frivolous? In California state courts, 90-95% of all petitions for extraordinary writ are summarily denied. *See*, *Omaha Indemnity Co. v. Superior Court (Greinke)*, 209 Cal. App. 3d 1266, 1271 (1989) ("Approximately 90 percent of petitions seeking extraordinary relief are denied."). The fact that the writ was granted—and granted as a corrective *Palma* notice—implies that the writ petition (and the underlying challenge) was incredibly meritorious. Why do you misrepresent this fact to the Court?

2) Disqualification Statement against the Honorable Frederick S. Chung

This disqualification statement was filed because the Petitioner alleged that Judge Chung was in conversation with a disqualified judicial officer. You misrepresent this reason as 'frivolous.' But our high court in *Christie v. City of El Centro* 135 Cal.App.4th 767 (2006) found the opposite: The [trial] court granted a new trial for 'irregularity of the proceedings' because the judge who granted nonsuit, the Honorable Barrett Foerster, **had discussed the case with a previously disqualified judge**, the Honorable Jeffrey Jones. **The court found Judge Foerster disqualified to rule on the nonsuit motion as a result of the discussion,** and the resulting dismissal was set aside as void" (*Christie, supra,* 135 Cal.App.4th at p. 769-70; emphasis added.). *See, further,* "Judge Warner [the judge assessing the challenge] found that Judge Foerster was charged with knowledge of the previous disqualification of Judge Jones because it was in the court file and that, because of the disqualification of Judge Jones, **the consultations created an 'appearance of impropriety.'** Judge Warner stated, '**The appearance of impropriety is patent. A judge should simply not speak with another judge about a case in which the latter has been disqualified. Such conduct, no matter how innocent and well intentioned, can only undermine public confidence in the integrity and impartiality of the judiciary.**'" (*Christie, supra,* 135 Cal.App.4th at 774; emphasis added). Why do you misrepresent the caselaw to the Court?

3) Misrepresentation of Clerk's Default

As a preliminary matter, out of personal curiosity, why is it morally repugnant to request a clerk's default to be entered against a defendant—it is a statutory right, but you seem to think that its use is

morally sanctionable; why? Clerk's defaults have existed since the beginning of common law. *See*, Sir Edward Cooke, Institute of the Lawes of England, vol. 4, p. 232 (1644) (indicating that the Right Honorable Lord Barrings, in a 1473 employment-dispute case, did not allow a defendant to present a defense in court because he did not arrive at the court at the ordered time and decided the matter without the defendant's presence and when the defendant later appeared in the court, Lord Barrings did not permit the defendant to address the dispute, concluding that it would be unfair to the opposing party). Why do you misrepresent to the Court that Defendant Prier was prevented from being properly heard? Were not given the statutory 30-day period to answer or otherwise respond to the Complaint? Were they not given the statutory 6-month period to set aside the Clerk's default? Why are you misrepresenting to the Court that Defendant Prier should have been subjected to a different standard because of their *pro se* status when caselaw explicitly finds and mandates otherwise? As [] court[s] [have] written numerous times, **in propria persona litigants are held to the same standards as attorneys**." (*McClain v. Kissler* 39 Cal.App.5th 399, 451, fn. 10 (2019); emphasis added.). And, indeed, "We recognize the fact that the father is appearing without the benefit of legal counsel. **However, we are unable to ignore rules of procedure just because we are aware of that fact.**" (*County of Orange v. Smith* 132 Cal.App.4th 1434, 1444 (2005) [34 Cal.Rptr.3d 383]; emphasis added.). "Plaintiff's argument that, as a litigant who appeared in propria persona he was somehow entitled to a more indulgent application of the rules than other litigants or attorneys is without merit. His propria persona status afforded him **no special treatment**." (*Harding v. Collazo* 177 Cal.App.3d 1044, 1056 (1986); emphasis added). Why do you misrepresent to the Court that when the Plaintiff argued that the Clerk's default cannot be set aside under statutory relief after 6 months that that was a wrong legal argument when it was not?


4) Sanctions


You misrepresent to the Court that it was not appropriate to indicate that the Plaintiff was considering a sanctions motion against Defendant Prier. Why do you occlude the fact that Prier's conduct was sanctionable because they violated a previous court order and the Safe at Home statute? *See*, "If future filings take place in this case, the Safe at Home protocols will be followed" (*Order denying Motion to Seal*, at p. 4). See, also, California Code of Civil Procedure, section 367.3, subd. (a) (2) ["In cases where a protected person proceeds using a pseudonym under this section, the following provisions shall apply,

Page 9

subject to sanction for an intentional violation" (*ibid*).].

5) Allegedly Non-existent Stay Order

Why do you misrepresent to the Court that there was no Stay Order against the Superior Court when there was instituted by the *corrective Palma* notice? And why do you misrepresent to the Court that there was a disagreement as to whether Respondent Court complied with the corrective *Palma* notice? And why do you misrepresent to the Court that the Plaintiff had a pending application in the Court of Appeal, requesting to clarify whether, under the priority of jurisdiction doctrine, the Court intended the Stay Order to only apply to Judge Pennypacker or to the entire Superior Court.

6) Jurisdictional Motion Filed Twice

You mentioned that the motion to change venue was filed twice, but, of course, you fail to note in the case of appeals in a Small Claims court, the Superior Court reviews the entire docket *de novo* and solves every legal question/argument *again* question with *no* deference given to the Small Claims court. See, California Code of Civil Procedure, sections 116.710 - 116.795. Why have you misrepresented this material fact to the court?

7) "None of Doe's Known Lawsuits Have Resolved In Her Favor"

You note, "Despite all this litigation activity, Doe has yet to prevail in any final ruling" (Motion, at p. 2). Obviously, you are aware that a particular litigation is finally determined when avenues for direct review have been exhausted or the time for appeal has expired. (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 993–994; see *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1172. Because you are aware that you would fail under state vexatiousness statute and the *Younger* abstention, you misrepresent to the Court that the orders entered by the trial court are final and that there are no appellate procedures underway. Obviously, this is wrong. In the civil harassment restraining order procedure, the appeal is ongoing. In the small claims case in which the undersigned was the defendant, there is an active writ petition challenging the judgement. Why did you chose to

materially misrepresent this fact to the court?

8) "Doe's Efforts to Seal These Records Have Been Unsuccessful"

Again, why do you lie to the Court? You are obviously aware that the Presiding Justice of the Court of Appeal for the Sixth Appellate District has granted 5 Motions to Seal. See attached. Why do you also not mention to the Court that Judge Pennypacker's Order denying Motion to Seal is now void because she was disqualified before the issuance of that order and that all of these orders have been appealed to the Court of Appeal or the Appellate Division? And why do you misrepresent the fact that the appeals in the Appellate Division were dismissed because of the Petitioner's failure to respond to the OSC that was never served on her and that there is an application to set aside that dismissal and reinstate the OSC?

9) Plaintiff's Alleged Improper Language

Even if a litigant's criticism of a court order "was strong language, intemperate language" (*Craig v. Harney*, 331 U.S. 367 (1947), a litigant has the protected speech right to vocalize their criticism as long as the criticism does not threaten the immediate safety of a court. *See, inter alia, Bridges v. California,* 314 U.S. 252 (1941) (*Bridges*), *Pennekamp v. Florida*, 328 U.S. 331 (1946), *In re Little*, 404 U.S. 553 (1972). Here, no state judge against whom criticism you deem to be improper initiated contempt proceedings against the Undersigned. Is it your view, then, that courts should consult your palatability standard to determine what speech to sanction? Indeed, "Strong and effective extemporaneous rhetoric cannot be nicely channeled in purely dulcet phrases" (*NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 928 (1982). So, you are asking the Court to regulate the Plaintiff's speech where it is grammatically palatable to the most squeamish among us" (*Cohen v. California* 403 U.S. 15 (1971). Does this conduct not satisfy the improper/harassing standard found in Rule 11?

A party who signs a pleading in violation of Rule 11 is subject to sanctions. Fed. R. Civ. P. 11(c). As Justice O'Connor wrote, "[t]he filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction.... Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless

expense and delay." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). Most requests for sanctions concern whether the complaint was well grounded in fact and law. Although the Plaintiff's motion will so as well, the independent subparagraphs of Rule 11(b) mean that a pleading filed for an improper purpose justifies sanctions even if it was not frivolous. Fed. R. Civ. P. 11(b)(1); *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003); *Cohen v. Virginia Elec. & Power Co.*, 788 F.2d 247 (4th Cir. 1986). Here, your pleading was filed to harass the Plaintiff and attempt to chill her right to free speech and litigation to a point where it is palatable or likeable to you. Such a motion practice is improper and harassing. Coupled with your factual misrepresentations to this Court, it is the Plaintiff's view that your conduct passes the sanctionable conduct standard. My suggestion is that you withdraw your motion and properly oppose the Plaintiff's Motion to Proceed Pseudonymously when filed. You and your clients will not be looked in a positive light when the Court discovers that you actively attempted to deceive it.

Please let me know how you wish to proceed.

Best,

Jane

On Tue, Jul 1, 2025 at 12:41 AM McGarry, Nan <nan.mcgarry@pillsburylaw.com> wrote:

> Ms. █████,
>
> The Stanford Defendants have a right to require you to proceed under your legal name, and the motion was appropriately filed to seek that relief. Our papers did not "attack" you because of your *pro se* status. On the contrary, I have often gone out of my way to be accommodating to your many requests for scheduling adjustments, to allow you to correct a significant error in your motion to seal filing, and other courtesies—as you have recognized—precisely because you are *pro se*.
>
> Please do provide a list of the alleged factual misrepresentations and other issues you intend to raise in the motion, as you've offered to do below. We

Page 12

could not disagree more with your claim that we have "persistently lie[d] to the Court" or otherwise made misrepresentations.  In any event, the rules do indeed require notice and an opportunity to cure, and we do not know what you have in mind; we want to fully consider it.  If you are going to make such outrageous claims, you need to back them up.


Best,


Nan

---

**From:** Jane Doe <janedoejane0303@gmail.com>
**Sent:** Monday, June 30, 2025 10:04 AM
**To:** McGarry, Nan <nan.mcgarry@pillsburylaw.com>
**Cc:** Sorensen, Jacob R. <jake.sorensen@pillsburylaw.com>
**Subject:** Re: Doe v. Smith, et al. Case No. 5:25-cv-03490


Also, I should have noted that courts rarely appreciate Counsel attacking their opponent's person because of their *pro se* status. You seem to have a political stance against litigants being able to appear *pro se*, and you perhaps wish that 28 U.S.C. § 1654 is repealed. *Pro se* representation has existed since the beginning of common law historical courts (*See*, Sir Edward Cooke, Institutes of Lawes of England, vol.2, p. 124), and whatever stance you have against it, any portion of your pleadings that attacks the Plaintiff's person for appearing *pro se*, or being an undergraduate student, or being anything else, and any portion of your pleadings that, rather than addressing the merits of the Plaintiff's legal arguments, but, instead, launches personal attacks on the Plaintiff also need to stop. If you are adamant in turning this Court into a personal attack forum, Plaintiff is going to move the Court to appoint her Counsel under the provisions of 28 U.S.C. § 1915(e)(1). That litigation is oppositional does not give rise to the fact that we must be acting uncivilly towards each other.


Jane Doe

> On Mon, Jun 30, 2025 at 7:44 PM Jane Doe <janedoejane0303@gmail.com> wrote:
>> Ms. McGarry,
>>
>> There is no place in which a 25-page sanctions motion can be summarized in an email, and, obviously, you are aware of the conduct at issue (even as you claim to be unaware)—so I remain unsure what a conversation would add to the matter. Your Disclosure motion severely misrepresents both facts and the law to the Court, and you intentionally and materially misrepresent numerous factual matters to the Court. Obviously, you are aware of such conduct since you have carefully cherry picked and appropriately edited/cropped exhibits over which you request judicial notice to support your misrepresentations. If you do need a list of all your factual misrepresentations to the Court, a list could be provided, but I remain skeptical as to whether you would be willing to correct the said conduct. As such, pursuant to the Standing Order of Judge Pitts (("Misrepresentations of law or fact, however subtle, may result in sanctions" (Id., at p. 2)) and the provisions of Fed. Rules of Court, Rule 11 (b) (3), a sanctions motion is appropriate for the court to be made aware of your misrepresentations to the Court and to move the Court to act accordingly to chill your quite adamant desire to persistently lie to the Court.  And your disclosure motion has no legal basis in law and is simply filed to chill the Plaintiff's protected litigation activity. Although you have framed your request from the Court as if asking for legal relief, you are simply requesting the Court deliver moral opprobrium against the Plaintiff because the Plaintiff's speech is not palatable to your ears (arguing that the Plaintiff uses "disparaging language in filings" (Mot. for Disclosure, at p.5)) or does not align with your views on morality (arguing, *inter alia*, that even when case law requires a *pro se* litigant to be held to the standard of an attorney, such caselaw should have been ignored and that Defendant Prier should have been held above the law). The Motion is also a simple *ad hominem* attack to prejudice the Court against the Plaintiff in the wake of your motion to dismiss.
>>
>> Obviously, as an attorney who is admitted to practice before this Court, you are aware that you are making "a solemn mockery" of "the constitution" *United States v. Peters*, 9 U.S. 115, 136 (1809) and that you are requesting the Court to chill and regulate the Plaintiff's speech to a point "where it is grammatically palatable to the most squeamish among us" *Cohen v. California* 403 U.S. 15 (1971).
>>
>> As such, I do not see a point in which our meet and confer could be productive and fruitful unless you accept these misrepresentations and accept that this Motion was filed to harass the Plaintiff, to launch an *ad*

Page 14

*hominem* against the Plaintiff, and agree to withdraw your motion with an annotation that representation of facts in your motion was pure misrepresentation. Your Motion is also quite unnecessary as the Plaintiff will move the Court to proceed pseudonymously soon, and you could have simply opposed that Motion instead of filing a 900-page personal diatribe with the Court.

I do suggest that you withdraw your motion because when the courts are made aware that Counsel lied to them for 15 pages, such conduct is rarely seen in a positive light.

Please do let me know how you wish to proceed.

Best,

Jane Doe

On Mon, Jun 30, 2025 at 7:20 PM McGarry, Nan <nan.mcgarry@pillsburylaw.com> wrote:

> Ms. ███,
>
> Please explain what conduct you believe is at issue and your legal grounds for seeking sanctions. If an additional, Zoom meet and confer becomes necessary, I am available before Wednesday to discuss.
>
> Best,
>
> Nan
>
> ---
>
> **From:** Jane Doe <janedoejane0303@gmail.com>
> **Sent:** Sunday, June 29, 2025 2:02 PM

**To:** McGarry, Nan <nan.mcgarry@pillsburylaw.com>
**Cc:** Sorensen, Jacob R. <jake.sorensen@pillsburylaw.com>
**Subject:** Re: Doe v. Smith, et al. Case No. 5:25-cv-03490

My apologies, pursuant to Federal Rules of Civil Procedure, Rule 11 (c) (2), would you like to be provided an opportunity to correct the sanctionable conduct or should the Plaintiff just proceed with the sanctions motion and indicate to the court that you do not wish to correct the said conduct? The Rule requires you to have 21 days to correct the said conduct, but, of course, if you are not willing to correct the conduct, that 21-day waiting period before filing the sanctions motion is not applicable.

Please advise.

Jane

On Sat, Jun 28, 2025 at 7:21 PM Jane Doe <janedoejane0303@gmail.com> wrote:

> Ms. McGarry,
>
> Plaintiff's going to notice her motion for sanctions to the September 4, 2025, Hearing because she was able to confirm with the Clerk to Judge Pitts that Judge Pitts does not have a maximum number of motions he wishes to hear in a single hearing. If you wish to confer before the Motion is filed, please contact the Plaintiff by Wednesday. Plaintiff already assumes you are very well aware of the sanctionable conduct at issue here.
>
> Jane Doe
>
> On Wed, Jun 25, 2025 at 1:08 AM McGarry, Nan <nan.mcgarry@pillsburylaw.com> wrote:
>
>> Ms. ███,

What sanctionable conduct do you believe is at issue? If there is any issue that we can address, please let us know.

In terms of the hearing, October 9 does not work for me. If the alleged conduct arises out of the motion practice to date, it should be heard on 9/4, along with the other motions.

Best,

Nan

**Nan McGarry** | Counsel
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor | San Francisco, CA 94111-5998
t +1.415.983.1071 | m +1.508.404.5917
nan.mcgarry@pillsburylaw.com | website bio
Pronouns: she/her/hers

---

**From:** Jane Doe <janedoejane0303@gmail.com>
**Sent:** Tuesday, June 24, 2025 11:40 AM
**To:** McGarry, Nan <nan.mcgarry@pillsburylaw.com>
**Cc:** Sorensen, Jacob R. <jake.sorensen@pillsburylaw.com>
**Subject:** Doe v. Smith, et al. Case No. 5:25-cv-03490

Ms. McGarry,

Can you please clarify if a hearing date of October 9, 2025 at 10:00 am poses any problems in your scheduling for the undersigned's motion for sanctions and request to issue order to show cause for civil contempt?

Best,

Page 17

> The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or

electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.