UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>JASON A. SMITH, et al.,<br><br>    Defendants. | Case No. 25-cv-03490-PCP<br><br>**ORDER DENYING MOTION TO CLARFIY, GRANTING MOTION TO FILE A BRIEF IN EXCESS OF PAGE LIMIT, AND GRANTING SEALING MOTION**<br><br>Re: Dkt. Nos. 42, 44, 45 |

This order addresses plaintiff's three recent administrative motions. For the reasons stated herein, the Court denies the motion to clarify (Dkt. No. 42), grants the motion for leave to file an opposition brief of 30 pages (Dkt. No. 44), and grants the motion to seal (Dkt. No. 45).

Defendants filed a motion to compel the pseudonymous plaintiff to proceed under a legal name. Plaintiff subsequently notified the Court that they intend to file both a brief in opposition to that motion and a separate motion to proceed under a pseudonym. The Court ordered plaintiff not to file a separate motion and instead to file "one 25-page opposition brief" that would serve as both their opposition and as a motion to proceed pseudonymously.

Plaintiff now asks for clarification of that order, and more specifically, requests permission to file a 15-page motion to proceed pseudonymously. That request is denied because, as this Court has previously directed, plaintiff shall file *a single brief of no more than 25 pages*. For the sake of clarity, plaintiff need not use all 25 pages of that brief to address defendants' arguments. Rather, the brief may include both a response to defendants' motion and plaintiff's own arguments in support of proceeding pseudonymously. But plaintiff must comply with the Court's directive to file one combined brief. The Court will not consider a separate motion. As discussed further below, plaintiff's brief must comply with this district's rules regarding formatting and page limits.

Next, plaintiff filed a 30-page brief in opposition to defendants' motion to dismiss (Dkt.

No. 43) along with an administrative motion for leave to exceed the 25-page limit (Dkt. No. 44). That motion is granted. However, plaintiff is advised that the Court rarely grants such requests and is unlikely to do so again. Plaintiff should also ensure that all future filings comply with the rules of this Court. For example, Rule 3-4(c)(2) requires text to be "double-spaced with no more than 28 lines per page." Yet, plaintiff's brief exceeds that line limit. In addition, this Court's standing order cautions that "[f]ootnotes … should be used sparingly." Failure to comply with these rules in the future may result in the Court striking a filing and requiring re-submission without a corresponding deadline extension. *See* Civ. L. R. 1-4; 3-9.

Finally, the Court grants plaintiff's motion to seal portions of Exhibit A to their opposition brief. As the Court understands that motion, plaintiff seeks only to redact their name, electronic mailing address, and a state court case number, pending the Court's ruling on the question of plaintiff's pseudonymity. The motion is therefore provisionally granted. Plaintiff is ordered to re-file Exhibit A on the public docket with appropriate redactions.

This order is final. The Court will not provide further clarification or reconsider any ruling stated herein.

**IT IS SO ORDERED.**

Dated: July 14, 2025

P. Casey Pitts
United States District Judge