1  JANE DOE
2  c/o Secretary of State, Safe at Home
3  P.O. Box 1198
   Sacramento, CA 95812
4  Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, AN INDIVIDUAL,<br><br>PLAINTIFF,<br><br>V.<br><br>JASON A. SMITH, ET AL.<br><br><br><br><br>DEFENDANTS. | CASE NO.: 25-CV-03490-PCP-NMC<br><br>**PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS WITH NO LEAVE TO AMEND**<br><br>Hearing Date: September 4, 2025.<br><br>Time: 10:00 a.m.<br><br>Courtroom: 8<br><br>Complaint Filed: April 21, 2025<br><br>Before the Honorable P. Casey Pitts |

   **COMES NOW** before this Honorable Court the Plaintiff, JANE DOE, and hereby submits this Opposition to the Defendant COUNTY OF SANTA CLARA's (hereinafter "County") Motion to Dismiss with No Leave to Amend, filed with this Court on June 13, 2025.

TABLE OF CONTENTS

Page

I. INTRODUCTION AND PROCEDURAL HISTORY……………………………………8

II. LEGAL STANDARD FOR A MOTION TO DISMISS AND PLEADING STANDARD FOR *MONELL* AND *CANTON* CLAIMS……………...……………9-13

III. ARGUMENT

    a. The Plaintiff's *Canton* Claim……………………………………………………..13-18

    b. The Plaintiff's *Monell* Claim……………………………………………….....…18-19

IV. LEAVE TO AMEND, IF NEEDED, SHOULD BE GRANTED…….….………….19-20

V. CONCLUSION……………………………………...……………………………………20

TABLE OF AUTHORITIES

Page

Cases

*AE ex rel. Hernandez v. Cnty. of Tulare*

    666 F.3d 631 (9th Cir. 2012)……………………………………………………………….10

*Akhtar v. Mesa*

    698 F.3d 1202 (9th Cir. 2012) ……………………………..…………………………………19

*Al Saud v. Days*

    36 F.4th 949 (9th Cir. 2022) ……………………………………………………………….11

*Ashcroft v. Iqbal*

    556 U.S. 662 (2009) ………………………………………………………………………..8

*Bell Atl. Corp. v. Twombly*

    550 U.S. 544 (2007) …………………………………………………………………*passim*

*Benavidez v. Cnty. of San Diego*

    993 F.3d 1134 (9th Cir. 2021) ……………………………………………………………..14

*Blaisdell v. Frappiea*

    729 F.3d 1237 (9th Cir. 2013) …………………………………………………………….12

*Boag v. MacDougall*

    454 U.S. 364 (1982) ……………………………………………………………………..12

*Calhoun v. Stahl*

    254 F.3d 845 (9th Cir. 2001) ……………………………………………………………..8

*Cato v. United States*

    70 F.3d 1103 (9th Cir. 1995) ……………………………………………………….19, 20

PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS WITH NO LEAVE TO AMEND

Case No. 5:25-CV-03490-PCP-NMC

*Christie v. Iopa*

    176 F.3d 1231 (9th Cir. 1999) …………………………………………………………….17

*City of Canton, Ohio v. Harris*

    489 U.S. 378 (1989) …………………………………………………………*passim*

*City of St. Louis v. Praprotnik*

    485 U.S. 112 (1988) ……………………………………………………………………….17

*Connick v. Thompson*

    563 U.S. 51 (2011) ………………………………………………………………………..16

*Cooper v. Pickett*

    137 F.3d 616, (9th Cir. 1998) ………………………………………...………………14

*Denton v. Hernandez*

    504 U.S. 25 (1992) ………………………………………………………………………..19

*Eldridge v. Block*

    832 F.2d 1132 (9th Cir. 1987) …………………………………………………………….12

*Empress LLC v. City of San Francisco*

    419 F.3d 1052 (9th Cir. 2005) ……………………………………………………………9

*Erickson v. Pardus*

    551 U.S. 89 (2007) ……………………………………………………………………….12

*Estate of Escobedo v. City of Redwood City*

    2005 WL 226158 (N.D. Cal. Jan. 28, 2005). ……………………………………………17

*Evans v. McKay*

    869 F.2d 1341 (9th Cir. 1989) ……………………………………………………………9

*Ferdik v. Bonzelet*


Case 5:25-cv-03490-PCP   Document 48   Filed 07/14/25   Page 5 of 20

963 F.2d 1258 (9th Cir. 1992) ……………………………………………………………12

*Frost v. Symington*

197 F.3d 348 (9th Cir. 1999). …………………………………………………...………12

*Galbraith v. Cnty. of Santa Clara*

307 F.3d 1119 (9th Cir. 2002) ………………………………………………………….9

*Gumataotao v. Dir. of Dep't of Revenue & Taxation*

236 F.3d 1077 (9th Cir. 2001) ………………………………………………………….14

*Hebbe v. Pliler*

627 F.3d 338 (9th Cir. 2010) …………………………………………………………..10,11

*Henry v. County of Shasta*

132 F.3d 512 (9th Cir. 1997) *opinion amended on denial of reh'g,* 137 F.3d 1372 (9th Cir. 1998) …………………………………………………………………………….17

*Hoffman v. Preston*

26 F.4th 1059 (9th Cir. 2022) ……………………………………………………………12

*Johnson v. California*

207 F.3d 650 (9th Cir. 2000) ……………………………………………………………12

*Karim-Panahi v. L.A. Police Dep't.*

839 F.2d 621 (9th Cir. 1988) …………………………………………………………9, 13

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*

507 U.S. 163 (1993) ……………………………………………………………………..9

*Lee v. City of Los Angeles*

250 F.3d 668 (9th Cir. 2001) ………………………………………………………...9, 14

*Litmon v. Harris*

768 F.3d 1237 (9th Cir. 2014). …………………………………………………………12

*Marks v. Solcum*

98 F.3d 494 (9th Cir. 1996) …………………………………………………………..20

*McRorie v. Shimoda*

795 F.2d 780 (9th Cir. 1986) ………………………………………………………17

*Menotti v. City of Seattle*

409 F.3d 1113 (9th Cir. 2005) …………………………………………………17, 18

*Monell v. Department of Social Services*

436 U.S. 658 (1978) ……………………………………………………………*passim*

*Nordstrom v. Ryan*

762 F.3d 903 (9th Cir. 2014) ………………………………………………………11

*Parrino v. FHP, Inc.*

146 F.3d 699 (9th Cir. 1998). ……………………………...………………………14

*Pouncil v. Tilton*

704 F.3d 568 (9th Cir. 2012). …………………………………………………..…12

*Ramirez v. Cty. of San Bernardino*

806 F.3d 1002 (9th Cir. 2015)  ……………………………………………………18

*Rizzo v. Dawson*

778 F.2d 527 (9th Cir. 1985) ………………………………………………………19

*Rodriguez v. Steck*

795 F.3d 1187 (9th Cir. 2015) ……………………………………………………19

*Schwartz v. Lassen County ex rel. Lassen County Jail (Det. Facility)*

838 F. Supp. 2d 1045 (E.D. Cal. 2012) …………………………………………16

*Shah v. Cnty. of Los Angeles*

    797 F.2d 743 (9th Cir. 1986) ………………………………………………………….9

*Shaw v. Cal. Dep't of Alcoholic Beverage Control*

    788 F.2d 600 (9th Cir. 1986) …………………………………………………………..9

*Starr v. Baca*

    652 F.3d 1202 (9th Cir. 2011) ………………………………………………………10

*Thomas v. Ponder*

    611 F.3d 1144 (9th Cir. 2010) …………………………………………..………….11

*Wilhelm v. Rotman*

    680 F.3d 1113 (9th Cir. 2012) ………………………………………………………..11

*Wilk v. Neven*

    956 F.3d 1143 (9th Cir. 2020) ……………………………………………………….12

*Woods v. Carey*

    525 F.3d 886 (9th Cir. 2008) ……………………………………………………….12

<u>Statutes and Codes</u>

United States Code:
    Title 28, Section 1915(e)(2)(B)(ii) ……………………………………..…………………8
    Title 42, Section 1983……………………………………………………………*passim*

Federal Rules of Court,
    Rule 15…………………………………………………………………………………...20

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

The instant and never-amended Complaint was filed by the Plaintiff with this Court on April 21, 2025; filed concurrently therein was a Motion for Leave of the Court to Proceed *In Forma Pauperis*. On April 22, 2025, this Court (The Honorable Virginia K. DeMarchi) granted, after having completed the necessary pre-screening process of complaints found in 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Motion. *See*, Dkt No. 5 ("**Having reviewed** the Motion and the **Complaint**" (*Ibid*.; emphasis added.)) *See*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (*per curiam*) (finding that pre-screening of complaints is not only applicable to prisoners proceeding *in forma pauperis* but to all *pro se* parties attempting to take leave to appear *in forma pauperis*). On June 13, 2025, the County filed the instant Motion to Dismiss.

The County makes a generic pleading-standard argument and quotes—primarily and obviously—*Ashcroft v. Iqbal* 556 U.S. 662 (2009) (*Iqbal*) and *Bell Atl. Corp. v. Twombly* 550 U.S. 544 (2007) (*Twombly*). The County misrepresents the pleading standard that exists for *Monell* and *Canton* claims. As such, as the Plaintiff shall illustrate *post* and *infra*, the County's Motion to Dismiss must be denied.

Even if, assuming, *arguendo*, that the County accurately represented the appropriate case law for a pleading-standard argument, the County's argument that no leave to amend should be granted to the Plaintiff is not supported by the case law. As such, even if this Court were to grant the Defendant's motion, this Court should still grant the Plaintiff leave to amend.

//

//

//

## II. LEGAL STANDARD FOR A MOTION TO DISMISS AND PLEADING STANDARD FOR *MONELL* AND *CANTON* CLAIMS

There is no heightened pleading standard with respect to the "policy or custom" requirement of demonstrating municipal liability. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993); *see also Empress LLC v. City of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005); *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1124 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 679–80 (9th Cir. 2001); *Evans v. McKay*, 869 F.2d 1341, 1349 (9th Cir. 1989). Even though *Twombly* and *Iqbal* never expressly overruled *Leatherman*, *Leatherman* has become to be considered partially obsolete by the high standard set in *Twombly* and *Iqbal*.

Prior to *Twombly* and *Iqbal*, the Ninth Circuit held that "a claim of municipal liability under [§] 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. L.A. Police Dep't.*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986)); *see also Evans*, 869 F.2d at 1349; *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610 (9th Cir. 1986) ("[I]t is enough if the custom or policy can be inferred from the allegations of the complaint.").

The Supreme Court's decisions in *Twombly* and *Iqbal* established a more demanding pleading standard. In *Twombly*, the Supreme Court held that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In *Iqbal*, the Supreme Court held that "bare assertions" that "amount to nothing more than a formulaic recitation of the elements of a [ ] claim" are not entitled to "presumption of truth," and that the district court, after disregarding "bare assertions" and conclusions, must "consider the

factual allegations in [a] complaint to determine if they plausibly suggest an entitlement to relief" as opposed to a claim that is merely "conceivable." *Iqbal*, 556 U.S. 679–80.

After *Twombly* and *Iqbal*, the Ninth Circuit in *Starr v. Baca*, 652 F.3d 1202, 1212–16 (9th Cir. 2011), identified and addressed conflicts in the Supreme Court's jurisprudence on the pleading requirements applicable to civil actions. The court held that whatever the differences between the Supreme Court cases, there were two principles common to all:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012), the Ninth Circuit held that the *Starr* standard applied to pleading policy or custom for claims against municipal entities.

**Although the standard for stating a claim became stricter after *Twombly* and *Iqbal*, the filings and motions of *pro se* litigants continue to be construed liberally**. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (as amended) (explaining that *Twombly* and *Iqbal* "did not alter the courts' treatment of *pro se* filings," and stating, "[w]hile the standard is higher [under *Iqbal*], our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." (internal citation marks omitted)). Again, although the standard for stating a claim became stricter after *Twombly* and *Iqbal*, the filings and motions of pro se inmates continue to be construed liberally. *See Al Saud v. Days*, 36 F.4th 949, 952 (9th Cir. 2022); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (as amended) (**explaining that *Twombly* and *Iqbal* "did not alter**

**the courts' treatment of *pro se* filings,"** and stating, "[w]hile the standard is higher [under *Iqbal*], our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." (internal citation omitted and emphasis added)); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (differentiating between the procedural burden placed on pro se litigants and explaining that courts should construe liberally the filings and motions of a pro se litigant in a civil suit, and avoid applying summary judgment rules strictly); *cf. Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (stating pro se complaints are construed liberally and "may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which is a pre-*Twombly* pleading standard); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (stating that pro se complaints could be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which is a pre-*Twombly* notice pleading standard). **As such, it appears that in the Ninth Circuit *Twombly* and *Iqbal* changed the pleading standards for a *pro se* litigant only minimally.** Indeed, while the Court "may not supply essential elements of the claim that were not initially pled." *Litmon, infra*, 768 F.3d at 1241, courts may nonetheless not dismiss complaints where such essential elements are plead.

Further, "The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Hoffman v.*

PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS WITH NO LEAVE TO AMEND

Case No. 5:25-CV-03490-PCP-NMC

*Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe pro se complaints liberally and afford the petitioner the benefit of any doubt."); *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020); *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008); *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). "[A] liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *see also Litmon*, 768 F.3d at 1241; *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates."); *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012).

However, "[t]he *Twombly* plausibility standard ... **does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible**." *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citation omitted) (emphasis added) (discussing sufficiency of pleading civil conspiracy under § 1983, in § 1983 action brought by a defendant in a murder trial).

As such, the appropriate test for this Court is to **balance** the demands of *Iqbal* and *Twombly* with the fact that the Ninth Circuit standard for *pro se* litigants is liberal construction and the fact that the Ninth Circuit seems to hold that *Iqbal* and *Twombly* only nominally changed the pleading standard for *pro se* litigants. As such, when essential elements are plead in a Complaint, as is here, the Ninth Circuit precedent seems to hold that such complaints survive a

PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO DISMISS WITH NO LEAVE TO AMEND

Case No. 5:25-CV-03490-PCP-NMC

motion to dismiss. Again, while the court cannot supplement those essential elements (as set in *Litmon*), courts should generally not dismiss a claim where essential elements are plead. As such, the appropriate test here in a **syncretic reading of *Iqbal/Twombly* and *Karim-Panahi* standards (where only pleading/reciting essential elements are enough).**

When this Court granted the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which required the Court to complete the pre-screening process, the Court seems to have balanced these two standards and seems to have found that the Plaintiff plead sufficient facts giving rise to a cognizable claim.

### III. ARGUMENT

#### a. The Plaintiff's *Canton* Claim

A municipality may only be held liable for a failure to train or supervise where the failure reflects a deliberate indifference to the Constitutional rights of its inhabitants. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). To assert such a claim, a plaintiff must plausibly allege: (1) that the training program was inadequate; (2) that the municipality was deliberately indifferent in maintaining the inadequate training program; and (3) that the deficiency was the moving force behind the constitutional injury. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021) (citing *Canton*, 489 U.S. at 388–91).

First, the County's claim that it is not providing training to Defendant Smith is patently false. *See,* Mot. to Dismiss, at p. 5-6 The Plaintiff incorporated into her Complaint an information page from the County's own web-page, wherein the County, itself, provides, "The County of Santa Clara Office of the Sheriff will provide oversight and operational authority to

Stanford Department of Public Safety through direct supervision of the assigned Captain. […] The assigned Captain **further reviews policy and procedures to safeguard adherence to the standards set by the Sheriff**" (*Ibid.*, emphasis added). *See*, Complaint, at p.5, fn. 2.[1] As such, the County, through its assigned Captain, "reviews policy and procedures[.]"[2] As established *supra*, "*Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *See Park, supra,* 851 F.3d at 928. Here, the Plaintiff alleges based on information and belief that the County provides training to, *inter alios*, Defendant Smith. Insofar as the County argues that the Plaintiff must provide specific information as to *how* the County trains the likes of Defendant Smith and that such specific information ought to be alleged from **personal knowledge**…the County disregards the *Park* standard. If the County's misdirected expansion of *Twombly* applied, then no municipal liability claim would survive any motion to dismiss because a resident of a county cannot—and will not—(unless they are also a County employee receiving the same training) *personally know* how the County trains its officers. Such information is only revealed when the County responds to the requested interrogatories and

---

[1] When resolving a motion to dismiss for failure to state a claim, a district court may not consider materials outside the complaint and the pleadings. *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001); *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). The Court can resolutely consider an external web page whose contents have been incorporated by reference in a Complaint. *See, Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

[2] The Plaintiff is concurrently moving the Court to take judicial notice of two documents. One of them is a memorandum the County signed with the SDPS, indicating that the County will provide training to, *inter alios,* Smith. "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

requests for production, where the County's training program could be revealed to the Plaintiff (and other similarly situated plaintiffs).

Further, the County claims that the "Plaintiff alleges no prior incidents, no history of similar misconduct" (Mot. to Dismiss, at p. 5-6). The Plaintiff's Complaint does allege so in the Preface, however. However, as the Plaintiff set forth in her other Opposition to the remaining defendants' Motion to Dismiss (*See*, Dkt. No. 43, at p. 30), she intended to file another Complaint about another incident with SDPS, Fenton, and Smith a year ago and intended to request the Court to take judicial notice of the facts of that Complaint and perhaps order coordination. Because that Complaint was not able to be filed yet, the Plaintiff's initial strategy failed. As such, if this Court were to find that no sufficient facts have been pleaded, the Court should grant the Plaintiff leave to amend so that these facts could be alleged in the Complaint in a greater detail. (The Plaintiff shall set out the standard for granting leave to amend *infra*.).

As such, viewed in this light, the Plaintiff's Complaint does not stem from a "a single incident" (Mot. to Dismiss, at p. 13). However, and further, the allegations of the Complaint may, if proven, establish a basis for finding a deliberate indifference to the need for training even in the absence of prior, similar violations. The Supreme Court has left open the possibility, "however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre- existing pattern of violations." *Connick v. Thompson,* 563 U.S. 51,131 S. Ct. 1350, 1361 (2011) (*citing City of Canton,* 489 U.S. 378 at 390 n.10). While proving "deliberate indifference" generally requires a showing of such a pattern, particularly egregious circumstances or an obvious need for training based upon a single incident may suffice. *Schwartz v. Lassen County ex rel. Lassen County Jail*

*(Det. Facility)*, 838 F. Supp. 2d 1045, 1058 (E.D. Cal. 2012) (citing *Connick,* 131 S. Ct. at 1361). Here, if the allegations of the Complaint are true, it is reasonable to assume that the County should have trained the deputies to whom it has given operational authority to operate to not enter someone's apartment without a warrant or probable cause, detain or seize people without probable cause, to not lock people who wish to walk away absent probable cause, to not assault people. *See,* generally*,* Dkt. No. 43 (detailing the egregiousness of Smith's conduct). In *Schwartz*, the plaintiff's son died in custody despite the public entity knowing that: he had a serious medical condition; he requested and was refused medical care; he had previously experienced medical complications while detained at the facility; and his physician recommended that he not be detained at the facility due to his condition. *Id.* Based on those allegations, the court in *Schwartz* found that "[a]t this stage of the litigation, absent more fully-developed facts, the Court declines to dismiss Plaintiff's § 1983 claims on the basis that Plaintiff has only alleged a single incident." *Id.* Based on the egregiousness of the allegations here, like *Schwartz*, "it is plausible that the failure to train was so obviously deficient that it could lead to liability resulting from the single constitutional deprivation at issue here." *Id.*

Finally, in the Complaint, the Plaintiff alleges that the County and Fenton ratified the conduct of Smith. To show ratification, a plaintiff must prove that the "authorized policymakers approve a subordinate's decision and the basis for it." *Christie v. Iopa,* 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988)). "Ordinarily, ratification is a question for the jury." *Id.* at 1238-39; *see also Estate of Escobedo v. City of Redwood City*, 2005 WL 226158 (N.D. Cal. Jan. 28, 2005). However, ratification of conduct, and thus the existence of a *de facto* policy or custom, can be shown by a municipality's post-event conduct, including its conduct in an investigation of the incident.

In *Henry*, the Ninth Circuit held that "post-event evidence" may be used to prove the existence of a municipal policy in effect at the time of the plaintiff's unconstitutional treatment. *Henry v. County of Shasta*, 132 F.3d 512, 518 (9th Cir. 1997) *opinion amended on denial of reh'g,* 137 F.3d 1372 (9th Cir. 1998); *see also McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) ("[p]olicy or custom may be inferred if, after the [incident] . . . officials took no steps to reprimand or discharge the guards, or if they otherwise failed to admit the guards' conduct was in error"). In *Henry,* the plaintiff was stopped for a traffic violation and then detained, stripped, and held in a rubber-padded room for several hours after he refused to sign the traffic ticket. The officers involved were not reprimanded afterwards. There were a large number of personnel involved in the incident, acting over a long period of time. The Ninth Circuit found that both the evidence of continuing threats during the plaintiff's detention by the County, as well incidents after plaintiff's detention that were similar, supported a finding that the County's treatment of plaintiff was part of a pattern and custom rather than an isolated incident. *Id.* at 520-21. In the instant case, the Complaint was drafted on the same day of the incident and filed a day after. Since then, the Plaintiff had the chance to observe and experience the County's ratification from its post-incident conduct. Because such allegations could not be pleaded when the Complaint was filed, the Court should grant leave to amend so that such facts can be pleaded. *See*, further, *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005) (finding that ratification can establish conduct amounting to *de facto* policy).

An "amended complaint supersedes the original, [with] the latter being treated thereafter as non-existent." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted). Thus, if a claim is omitted from a first amended complaint, but then included in a later amendment, the court treats the most recent amended complaint as the

operative complaint, and evaluates each of its claims accordingly. *Ibid.* As such, the Plaintiff can amend this complaint to include post-incident matters.

### b. The Plaintiff's *Monell* Claim

First, the County's conclusory statement that the Plaintiff's Complaint "fails right out of the gate because she has not alleged any underlying constitutional violation—a threshold requirement" (Mot. to Dismiss, at p. 9) is so conclusory and vague that there is no viable manner in which an opposition could be made. At any rate, the Plaintiff has meticulously set out the constitutional violations in her other Opposition at Dkt. No. 43. As such, that Opposition shall be incorporated by reference as if fully set herein in response to the incredibly conclusory 'argument' by the County that there is no constitutional violation.

The County, then, seems to argue that there *are* allegations of an established policy (Mot. to Dismiss, at p. 9) but that the Plaintiff "fails to offer a single fact supporting their existence" (*Ibid.*). As established *supra*, the County seems to require the Plaintiff to plead *personal knowledge* and not plead based on information and belief.

The County's insistence that the *Menotti* test be employed is countered by *Cornick*, as established *supra*. *See,* also, *ante*, at p. 12 (discussing ratification as part of the *Menotti* test).

Finally, as far as the Plaintiff can track, the last point made by the County is that a policy could be inferred from the Plaintiff's Complaint but that the Plaintiffs fails to plead that a "County official with final policymaking authority established, approved, or ratified it" (Mot. to Dismiss, at p. 11). *See,* further*,* "Plaintiff's vague reference that the County exercised "operational authority" over SDPS (Compl. ¶ 121) is unsupported by any factual detail and

legally insufficient to establish liability" (*Ibid.*). As established *supra*, the Plaintiff appropriately pleads that the County- "assigned Captain" (*See, ante*, at p. 9) was the final policymaking authority.

### IV.    LEAVE TO AMEND, IF NEEDED, SHOULD BE GRANTED

"A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citation omitted); *see also Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529–30 (9th Cir. 1985); *cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (suggesting that if the complaint's deficiencies could be remedied by amendment, then it is abuse of discretion to dismiss complaint without granting leave to amend). The plaintiff must also be given some notice of the complaint's deficiencies prior to dismissal. *See Cato*, 70 F.3d at 1106.

Federal Rules of Court, Rule 15 requires the Court to "freely give leave" to amend "when justice so requires" (*Ibid*). In the instant case, the Complaint has never been amended. It would be an abuse of discretion to deny first leave to amend, particularly because the Plaintiff has shown multiple instances *supra* where the Complaint could be amended and pleaded better. In the Ninth Circuit, dismissal without even one leave to amend is only reserved for the most frivolous complaints. *See, Marks v. Solcum*, 98 F.3d 494, 495–96 (9th Cir. 1996) (per curiam). In practice, only complaints that attempt to initiate an action against someone that is absolutely immune (*e.g.*, judges) seem to be subject to dismissal with no leave to amend.

      As such, if this Court grants the County's motion, it should grant the Plaintiff leave to amend.

## V. CONCLUSION

      Because the County attempts to apply the wrong standard in this case, and because a version of pre-*Twombly* standard applies in the instant case where bare allegations seem to be sufficient, the Plaintiff respectfully requests that the Court denies the County's Motion. The appropriate standard here, as set in *Litman*, is whether essential elements that will give rise to *Monell* and *Canton* claims have been plead. In the instant case, they have been. In the case that the Court does not deny the Motion, the Plaintiff respectfully requests that the Court grants the Plaintiff leave to amend so that the Plaintiff can plead more detailed facts.

Respectfully submitted,

Dated: July 14, 2025.

                                      By: */s/ Jane Doe*

                                            JANE DOE

                                            In Propria Persona