PILLSBURY WINTHROP SHAW PITTMAN LLP
JACOB R. SORENSEN (Cal. Bar No. 209134)
jake.sorensen@pillsburylaw.com
KHYRSTYN ("NAN") MCGARRY (Cal. Bar No. 318677)
nan.mcgarry@pillsburylaw.com
EMILY YOUNG (Cal. Bar No. 357173)
emily.young@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    (415) 983.1000
Facsimile:    (415) 983.1200

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY, JASON A. SMITH,
and ERIC FENTON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    vs.<br><br>JASON A. SMITH, et al.<br><br>    Defendants. | Case No. 25-cv-03490-PCP-NMC<br><br>**STANFORD DEFENDANTS' REPLY TO PLAINTIFF JANE DOE'S OPPOSITION TO MOTION FOR DISCLOSURE OF PLAINTIFF'S TRUE NAME IN COURT FILINGS**<br><br>Hearing Date: September 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Honorable P. Casey Pitts<br><br>Complaint Filed: April 21, 2025<br><br>**REDACTED VERSION (UNREDACTED VERSION TO BE LODGED CONFIDENTIALLY UNDER SEAL)** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. JUDICIAL NOTICE IS APPROPRIATE ..........................................................................1

    A. The Request is Directly Relevant to Both Doe's Request to Proceed Pseudonymously and the Content of Doe's Complaint. ....................................1

    B. The Stanford Defendants Do Not Seek Notice of the Truth of the Filings........2

    C. The Exhibits Are Authentic. ..............................................................................3

    D. Judicial Notice Is Not Barred by Claims of "Prejudice". .................................4

III. DOE HAS FAILED TO MEET HER BURDEN TO PROCEED ANONYMOUSLY. 4

    A. The Stanford Defendants' Motion for Disclosure is Procedurally Proper.........4

    B. The Public Has a Strong Interest in Knowing Doe's Identity. ..........................4

    C. Doe Cannot Credibly Allege a Reasonable Fear of Severe Harm and Sealing Her True Name Will Not Mitigate the Risks She Alleges. ...............................5

        1. Severity of Alleged Harm .......................................................................6

        2. Reasonableness of Fear...........................................................................6

        3. Vulnerability. ..........................................................................................7

        4. Anonymity Will Not Reduce the Risk of Harm....................................8

    D. Allowing Doe to Proceed Anonymously Will—and Has Already—Prejudice the Stanford Defendants.....................................................................................8

    E. The Safe at Home Act Is a State-Level Program—Not a Federal Mandate for Anonymity. ..........................................................................................................9

IV. DOE HAS FAILED TO MEET HER SEALING BURDEN .....................................10

V. CONCLUSION..................................................................................................................11

TABLE OF AUTHORITIES

Page(s)

Cases

*4 Exotic Dancers v. Spearmint Rhino*,
  2009 WL 250054 (C.D. Cal. Jan. 29, 2009) ................................................................6

*Al-Mansur v. Cnty. of Alameda*,
  2025 WL 1547426, at *5 (N.D. Cal. May 30, 2025) ...................................................9

*Apple Inc. v. Samsung Elecs. Co.*,
  2012 WL 4718104 (N.D. Cal. Sept. 28, 2012) ...........................................................11

*Cooper v. Redding*,
  2017 U.S. Dist. LEXIS 10942 (D. Neb. Jan. 26, 2017) ...............................................4

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
  596 F.3d 1036 (9th Cir. 2010) ........................................................................5, 6, 7, 8

*Doe v. NFL Enters., LLC*,
  2017 WL 697420 (N.D. Cal. Feb. 22, 2017) .......................................................4, 5, 7

*Doe v. U.S. Healthworks Inc.*,
  2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) ..............................................................7

*Doe v. Univ. Acct. Serv., LLC*,
  2022 WL 623913 (S.D. Cal. Mar. 3, 2022) ................................................................10

*Does I thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000) .............................................................................4, 6, 9

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ....................................................................................11

*Guifu Li v. A Perfect Day Franchise, Inc.*,
  270 F.R.D. 509 (N.D. Cal. 2010) .................................................................................6

*Harris v. Cnty. of Orange*,
  682 F.3d 1126 (9th Cir. 2012) .................................................................................1, 2

*In re Homestore.com, Inc. Sec. Litig.*,
  347 F. Supp. 2d 814 (C.D. Cal. 2004) .........................................................................3

*Kamakana v. City & Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ...............................................................................4, 11

*Keyes v. Coley*,
  2011 WL 2181416 (E.D. Cal. June 3, 2011) ................................................................4

*In re Koninklijke Philips Pat. Litig.*,
  2020 WL 1865294 (N.D. Cal. Apr. 13, 2020) ................................................................. 11

*Newell v. Newsom*,
  2023 WL 4494833 (C.D. Cal. June 29, 2023), *aff'd*, 2025 WL 957508
  (9th Cir. Mar. 31, 2025) ............................................................................................... 6, 7

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) ......................................................................................................... 10

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) ............................................................................................ 3

*Roe v. San Jose Unified Sch. Dist. Bd.*,
  2021 WL 292035 (N.D. Cal. Jan. 28, 2021) ................................................................. 7, 8

*Tevra Brands LLC v. Bayer HealthCare LLC*,
  2024 WL 2244813 (N.D. Cal. May 7, 2024) .................................................................. 11

*United States v. Gonzalez-Flores*,
  418 F.3d 1093 (9th Cir. 2005) ........................................................................................... 4

*United States v. Hitt*,
  981 F.2d 422 (9th Cir. 1992) ............................................................................................. 4

*United States v. Stoterau*,
  524 F.3d 988 (9th Cir. 2008) ............................................................................................. 5

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ......................................................................................... 10

Statutes and Codes

United States Code
  Title 20, Section 1232g ....................................................................................................... 6

California Code of Civil Procedure
  Section 367.3 .................................................................................................................. 9, 10
  Section 391 ........................................................................................................................... 1

Rules and Regulations

Code of Federal Regulations,
  Title 34, Section 99.31(a)(9)(iii)(B) .................................................................................... 6

Federal Rule of Civil Procedure Section 10(a) ....................................................... 1, 4, 10

1  Federal Rule of Evidence

2     Section 201..................................................................................................................1, 4
3     Section 201(b)................................................................................................................1
   Section 201(c)................................................................................................................1
4     Advisory Note, Section 201...........................................................................................2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

This case presents none of the extraordinary circumstances that warrant pseudonymity. Plaintiff Jane Doe has not identified any plausible threat of harm she will face if her legal name is disclosed in this action. She has publicly litigated at least nine prior actions under that name, and she has made her identity central to the claims she asserts in this lawsuit. Her request for anonymity not only undermines public transparency but unfairly prejudices the Stanford Defendants, who have already been subjected to baseless, inflammatory accusations—all while Doe seeks to litigate from behind a veil. Accordingly, the Court should decline to seal the public materials submitted with the Stanford Defendants' Motion for Disclosure, take judicial notice of those materials, and require Doe to litigate under her legal name as Fed. R. Civ. P. 10(a) and Ninth Circuit precedent require.

## II. JUDICIAL NOTICE IS APPROPRIATE

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts "not subject to reasonable dispute," including court filings and public dockets. *See, e.g.,* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Where, as here, the filings are referenced in the operative complaint and accessible through reliable public sources, judicial notice is mandatory. *See* Fed. R. Evid. 201(c); *Harris*, 682 F.3d at 1132.

Doe appears to raise four objections to the Stanford Defendants' Request for Judicial Notice ("Request"). None is persuasive.

### A. The Request is Directly Relevant to Both Doe's Request to Proceed Pseudonymously and the Content of Doe's Complaint.

Doe first claims the Request is irrelevant, arguing that Rule of Evidence 201 only allows judicial notice of "adjudicative facts,"—which she defines as facts relevant to determining the merits of her action—and that her state court litigation history is "of no consequence to this action" unless she has been found to be "vexatious." Opp. at 12:6–23. That is incorrect.

First, Doe's extended argument regarding whether she has been held "vexatious" under California Code of Civil Procedure § 391 (Opp. at 3:4–10:10) is a red herring. The Motion does not argue that Doe meets the California standard for a vexatious litigant, nor is that a prerequisite to this Court's granting either the Motion or the Request.

1          Second, "adjudicative facts" are merely those concerning "the immediate parties . . . [when]
2   the court or agency is performing an adjudicative function," or, "in other terms, . . . those [facts] to
3   which the law is applied in the process of adjudication. . . ."  Advisory Note, Fed. R. Evid. 201.
4   Here, Doe's extensive litigation history is relevant to:

5   - Whether anonymity is appropriate in light of Doe's significant use of public resources to date
6     and the public's recognized interest in open proceedings (Mot. at Section III(A));
7   - Whether anonymity in **this** litigation is necessary to avoid a "reasonable fear of harm,"
8     particularly in light of Doe's prior public lawsuits (Mot. at Section III(B)); and
9   - Whether concealing Doe's identity would prejudice the Stanford Defendants (Mot. at Section
10    III(C)).

11          Even beyond Doe's anonymity, the Request is relevant to Doe's own Complaint, ▇
12  ▇
13  ▇
14  ▇
15  ▇
16  ▇
17  ▇
18  ▇
19  ▇
20  ▇ Doe cannot now claim that they are
21  irrelevant.  *See, e.g.*, *Harris*, 682 F.3d at 1132.

22          **B.      The Stanford Defendants Do Not Seek Notice of the Truth of the Filings.**
23          Doe repeatedly accuses the Stanford Defendants of asking the Court to "take judicial notice
24  of the truthfulness" of various filings.  *See, e.g.*, Opp. at 10:11–26.  This argument entirely
25  misconceives the Request.  The vast majority of the exhibits to the Request are either **Doe's own**
26  **submissions** to other courts or were prompted by her,[1] and it should be obvious that the Stanford
27
28  _____
    [1] Declaration of Khyrstyn McGarry ("McGarry Decl.") ¶ 4.

1  Defendants are not endorsing those submissions or trying to establish the truth of anything they say.
2  Rather, the exhibits are offered to show the existence, volume, nature, and procedural posture of
3  Doe's state court litigation.  This includes Doe's use of her legal name in many of the other cases,
4  and other courts' rejection of her attempts to proceed anonymously.  Mot. at Section II(A), II(D).
5  The exhibits also illustrate Doe's tactics of repetitive filings, re-litigation of issues she has lost,
6  insults of judges and other litigants, and multiple efforts to obtain default judgments (including
7  against other unrepresented parties) just after midnight.  Mot. at Section II(C). ████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████
10  ████████  Courts routinely take notice of court documents to establish that litigation occurred
11  and the issues litigated therein, and the Request is well within those bounds.  *See, e.g.*, *Reyn's Pasta*
12  *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006); *In re Homestore.com, Inc. Sec.*
13  *Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004).

14      **C.**    **The Exhibits Are Authentic.**

15      Doe also accuses the Stanford Defendants of submitting "doctored" or "edited" exhibits,
16  claiming they have been "cropped" or even that the Stanford Defendants have "chang[ed] the writing
17  on them."[2]  Opp. at 13:7–15.  But she offers no examples of such egregious misconduct—nor can
18  she.  Without exception, the exhibits were downloaded directly from public court dockets and
19  attached to the Request.  McGarry Decl., ¶ 4.  The Request attaches the complete docket for each
20  action but, to reduce the volume of filings, only those materials directly relevant to the Motion were
21  included as exhibits.  *Id.*, ¶ 5.  Other than placing the public case numbers and names at the top of
22  certain docket exhibits (A-1, C-1, E-1, G-1, I-1, M-1) and highlighting placed to aid the Court
23  throughout (*e.g.*, where Doe's name appears), no known modifications were made.  *Id.*, ¶ 5.

24

---

[2] Doe repeatedly accuses the Stanford Defendants of deception (*see, e.g.*, Opp. vii:16–21, vii:22–viii:4, xi:3–5), but offers no support for these claims.  Instead, she states that the alleged "lies" will be addressed in a forthcoming Motion for Sanctions or Motion to Disqualify Khyrstyn McGarry for Ethics Misconduct (*see, e.g.*, Opp. at 6:1–11, 13 n.9, 17 n.11)—neither of which has been filed or served.  If Doe had a good-faith basis for these accusations, she could and should have included them in her Opposition.  The Stanford Defendants completely reject all such claims.

**D.     Judicial Notice Is Not Barred by Claims of "Prejudice".**

Finally, Doe argues that the Court should deny the Request because the exhibits will unfairly prejudice her in connection with the Stanford Defendants' Motion to Dismiss. Opp. at 13:16–14:22. Most of the cases she cites, however, involved evidentiary prejudice in jury trials, and thus are irrelevant here. *See United States v. Gonzalez-Flores*, 418 F.3d 1093 (9th Cir. 2005); *United States v. Hitt*, 981 F.2d 422 (9th Cir. 1992); *Cooper v. Redding*, 2017 U.S. Dist. LEXIS 10942, *2 (D. Neb. Jan. 26, 2017). Moreover, "prejudice" is not a recognized basis for denying judicial notice of materials that otherwise meet the standard under Federal Rule of Evidence 201. None of Doe's cited cases holds otherwise. *See Keyes v. Coley*, 2011 WL 2181416, at *3 (E.D. Cal. June 3, 2011) (denying notice based on relevance, not prejudice); *Cooper*, 2017 U.S. Dist. LEXIS 10942, *2 (denying notice based on failure to meet requirements of Rule 201 and because materials would be prejudicial in context of a jury trial).

**III.     DOE HAS FAILED TO MEET HER BURDEN TO PROCEED ANONYMOUSLY**

**A.     The Stanford Defendants' Motion for Disclosure is Procedurally Proper.**

Doe asserts that "there has never been" a motion such as this one in the Ninth Circuit. Opp. at 1:15–19; 2:4–5. She is mistaken. Because Doe did not follow through on her own promise to seek leave "to proceed pseudonymously" (Compl. at 2:26–28), the Stanford Defendants exercised their right under Federal Rule of Civil Procedure 10(a) and controlling Ninth Circuit authority to seek disclosure of Doe's true identity. Courts routinely entertain such motions. *See, e.g.*, McGarry Decl., ¶ 6 (providing copies of dockets for four Northern District of California cases in which defendant sought to compel disclosure of plaintiff's identity or to dismiss the case pursuant to Rule 10(a) for plaintiff's failure to disclose their identity).

**B.     The Public Has a Strong Interest in Knowing Doe's Identity.**

To overcome the "strong presumption in favor of access" to court proceedings and records (*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)), Doe must establish that her need for anonymity outweighs both the public interest and any prejudice to the Stanford Defendants. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) ("*Advanced Textiles*"); *Doe v. NFL Enters., LLC*, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017)

-4-

1  ("[O]ur courts belong to the people, and the public and press have a right to look over our shoulders
2  to see how their court system is being used.") (collecting cases).  She attempts to meet this burden by
3  arguing that the public interest is not "harmed" by permitting her to proceed pseudonymously,
4  because her identity supposedly is not "central to the issues" in this case.  Opp. at 16:12–17:2.  That
5  argument fails for two reasons.

6        First, Doe's identity is directly relevant to the claims she has chosen to bring.  Her Complaint
7  asserts that the Stanford Defendants retaliated against her for pursuing state court litigation against
8  Defendant Prier, and she now claims that Officer Smith "targeted the Plaintiff *because she is Jane*
9  *Doe*."  Mot. to Dismiss Opp. at 21:14–16 (emphasis in original).  She thus affirmatively places her
10  identity and litigation history at the heart of her claims.

11        Second, Doe misconstrues the legal standard.  The question is not whether the public interest
12  will be affirmatively "harmed," but whether the **presumption** of openness is overcome.  As the
13  Ninth Circuit explained in *Kamehameha*, even where a plaintiff's identity may not be strictly
14  necessary to understand the merits of the case, the public still has a legitimate interest in knowing
15  who is invoking the judicial process and consuming public resources.  *Doe v. Kamehameha*
16  *Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042–43 (9th Cir. 2010) ("*Kamehameha*").  That
17  presumption applies with even greater force where, as here, the anonymous litigant has initiated
18  numerous prior state court proceedings, often under her real name, and now invokes the power of a
19  federal court while seeking to shield her identity from public view.

20      **C.**    **Doe Cannot Credibly Allege a Reasonable Fear of Severe Harm and Sealing Her True Name Will Not Mitigate the Risks She Alleges.**
21

22        To proceed anonymously, Doe must demonstrate (1) a fear of severe harm, (2) that such fear
23  is objectively reasonable, and (3) she is vulnerable to the alleged harm.  *Kamehameha*, 596 F.3d at
24  1042–43.  She must also show that proceeding anonymously in **this** litigation would mitigate the
25  alleged risk.  *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008).  Doe cannot meet any of
26  these requirements.
27
28

### 1. Severity of Alleged Harm

Where a plaintiff fails to allege a fear of physical harm, the Ninth Circuit requires a showing that the harm feared is "extraordinary," such as arrest, imprisonment, or deportation. *See Advanced Textile*, 214 F.3d at 1071; *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 516 (N.D. Cal. 2010). In *Guifu Li*, for example, the court held that the plaintiffs' fear of "typical" retaliation (such as reduced hours, job loss, and immigration consequences), rather than arrest or imprisonment, did not justify anonymity. 270 F.R.D. at 516; *see also 4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009) (rejecting dancers' anonymity request because alleged fear of retaliation was "not unusual"). Here, Doe offers far less: speculative fears that unnamed Stanford professors may retaliate in unknown ways, such as giving her bad grades (Opp. at 19:12–20:11); "social stigma" and "possible," but unspecified, "violence" as a transgender person (*id.* at 20:12–22:23);[3] and the allegedly improper disclosure of the fact that she is an undergraduate at Stanford (*id.* at 22:24–23:7).[4] Such general concerns do not justify the extraordinary remedy of anonymity.

### 2. Reasonableness of Fear.

Even assuming Doe has alleged fear of severe harm (she has not), she must also demonstrate that her fear is reasonable. *Kamehameha*, 596 F.3d at 1044. That requires a showing that she was threatened and that a reasonable person would believe the threat might be carried out. *Newell v. Newsom*, 2023 WL 4494833, at *2 (C.D. Cal. June 29, 2023), *aff'd*, 2025 WL 957508 (9th Cir. Mar. 31, 2025) (single email referring to plaintiff's "extracurricular legal activities" insufficient to

---

[3] Doe appears to argue that she is entitled to proceed anonymously based solely on the general proposition that transgender individuals face an elevated risk of violence. But none of the cases she cites (Opp. at 20:12–22:23) support the notion that transgender status alone warrants anonymity. To the extent the cited cases do address pseudonymity—many do not—they typically involve claims in which the plaintiff's transgender identity is central to the litigation, such as claims of discrimination or retaliation (*see, e.g.*, *City of Detroit*, *Triangle Doughnuts, LLC*, *Pennsylvania Dep't of Corr.*). *See* Opp. at 21:2–22:23, 21 n. 18 for full citations. Doe's Complaint asserts no such claims.

[4] Doe's claim that Stanford violated the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, by clarifying that she is a Stanford undergraduate (Opp. at 23, n. 20) is incorrect. Even assuming this information is protected under FERPA—and that it was Stanford, not Doe, who disclosed it—there is no violation. FERPA expressly permits the disclosure of relevant student records when a student sues their school. 34 C.F.R. § 99.31(a)(9)(iii)(B). In any event, this information is already public. McGarry Decl. ¶ 7, Ex. E (pdf of public Stanford profile).

1   establish reasonable fear of retaliation for filing action*); Roe v. San Jose Unified Sch. Dist. Bd.,* 2021
2   WL 292035, at *9 (N.D. Cal. Jan. 28, 2021) (declarations showing harassment faced by others
3   insufficient where plaintiffs failed to cite any "actual threat of harm against [them] *specifically*")
4   (emphasis in original); *NFL Enters., LLC* at *2 (N.D. Cal. Feb. 22, 2017) (same).

     Here, Doe offers no evidence of actual threats—verbal, written, or physical. Her speculation that disclosure will result in "*every*" one of Stanford's employees learning about her lawsuit and "possibly retaliat[ing]," against her is pure conjecture. Opp. at 20:4–6 (emphasis in original). Even if a few employees somehow discovered this lawsuit on the docket, Doe offers no reason to believe they would be motivated to retaliate as a result. *See Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *4 (C.D. Cal. Feb. 4, 2016) (rejecting fear that future employers would learn of plaintiff's criminal history set forth in lawsuit as unreasonable where only small subset of employers would "have the ability and desire to search through public records").

     Doe points to Exhibit O to the Stanford Defendants' Request for Judicial Notice (Dkt. 29.1), which contains the docket and related filings for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ By contrast, in *Kamehameha*, minor plaintiffs offered evidence of direct threats of violence—including calls to "kill" non-native Hawaiians—and the Ninth Circuit still held the fear of harm was not objectively reasonable. 596 F.3d at 1045; *see also San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035 at *9 ("Vague and conclusory" allegations lacking "actual threat of any harm" do not justify anonymity.) (cleaned up).

### 3.  Vulnerability.

     Doe also claims she is vulnerable because she is a Stanford student and school officials "have power" over her. But she is an adult who has filed numerous legal actions in the past 18 months, several against Stanford-affiliated individuals, including other students.

---

[5] It goes without saying that Stanford denies any allegations of retaliation and will address all such claims in the appropriate forums.

1   Doe's assertions that "[c]ourts routinely allow young people to proceed pseudonymously"
2   (Opp. at 20 n.15), and that "in all cases where a litigant proceeded against their school, the party was
3   allowed to proceed pseudonymously, including the litigants in *Kamehameha*" (*id.* at 20:6-11), are
4   egregiously wrong.  The minor plaintiffs in *Kamehameha* were **denied** anonymity, as were the
5   plaintiffs in the only case she cites for this proposition, *San Jose Unified Sch. Dist. Bd.*, 2021 WL
6   292035.[6]  Moreover, the "young people" in those cases were elementary or high school students, not
7   adult college students like Doe.  In nearly all other cited cases cited by Doe, courts allowed
8   pseudonymity not merely due to a plaintiff's youth, but due to additional sensitive circumstances
9   beyond age, such as allegations of sexual misconduct (*Colgate Univ.*, *Alger*, *Univ. of Chi.*),
10  disabilities or special education needs (*Charles H.*, *Magellan Healthcare Inc.*, *Sch. Dist. 214*),
11  religious beliefs (*Yacovelli*), *etc.*  Notably, *Doe*, 90 Mass. App. Ct. 1120, does not even analyze
12  pseudonymity.  *See* Opp. at 20 n.15 for full citations.

13              **4.      Anonymity Will Not Reduce the Risk of Harm**

14  Even if Doe's alleged harm was both severe and reasonable, anonymity would not mitigate
15  the risk.  Doe has already disclosed her name in at least nine state court actions.  ████████
16  ████████████████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████████████████████████
18  ███████████████████████████████████████  *See San Jose Unified Sch. Dist. Bd.*, 2021 WL
19  292035, at *9 (denying anonymity where plaintiffs' own conduct undermined their claim of privacy
20  risk).  The Stanford Defendants emphasized this point in the Motion, but at no point in her 32-page
21  opposition does Doe address it.

22          **D.      Allowing Doe to Proceed Anonymously Will—and Has Already—Prejudice the
                       Stanford Defendants.**
23

24  Finally, the Court must balance Doe's asserted "need for anonymity against . . . the risk of
25  unfairness to the opposing party." *Advanced Textile Corp.*, 214 F.3d at 1068.

26
27
28  ────────────────────
    [6] Pursuant to the Court's standing order, the Stanford Defendants have generally referred to this case with the West Law citation, rather than Lexis citation provided by Doe.

-8-
STANFORD DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR DISCLOSURE
Case No:  5:25-CV-03490-PCP NMC

1          As the Motion explains, in addition to obscuring the Stanford Defendants' ability to

2   meaningfully challenge Doe's credibility, anonymity would prevent meaningful public and judicial

3   scrutiny of Doe's litigation conduct, allowing her to continue employing the same abusive tactics she

4   has used in her many state court actions—this time behind a veil of pseudonymity.  Already in this

5   case, Doe has filed numerous pleadings filled with incendiary accusations and baseless personal

6   attacks against both the Stanford Defendants and their counsel.[7]  This torrent of abuse mirrors her

7   tactics in the state court litigation, where she repeatedly sought to impugn opposing parties and

8   accuse court officials of misconduct when rulings did not go her way.  Contrary to Doe's claims

9   (Opp. at 23:16–28:5), these tactics are objectively concerning.  *See Al-Mansur v. Cnty. of Alameda*,

10  2025 WL 1547426, at *5 (N.D. Cal. May 30, 2025)  ("[W]hile we give pro se litigants special

11  consideration, 'pro se filings do not serve as an impenetrable shield, for one acting pro se has no

12  license to harass others . . . and abuse already overloaded court dockets.'") (citation omitted).  The

13  Stanford Defendants have appeared publicly and been forced to respond to these extraordinary and

14  damaging claims—yet Doe seeks to remain anonymous while hurling accusations with impunity.

15  This unfairness weighs heavily against granting pseudonymity.

16         **E.        The Safe at Home Act Is a State-Level Program—Not a Federal Mandate for Anonymity.**

17

18         Seeking to sidestep the federal standard for anonymity, Doe argues that her enrollment in

19  California's Safe at Home program entitles her to proceed anonymously under California Code of

---

[7] In just the last several weeks, Doe has repeatedly accused the Stanford Defendants' undersigned counsel of being a "pathological liar," a "con-woman," "corrupt," "repugnant," and "solipsistic," and has likened her litigation conduct to that of a "medieval Inquisition," a "kindergarten principal," and a "Queen." *See, e.g.,* Dkt. 42 at 4:14-21, 43 at 2:12-15, 3:22-4:3; Dkt. 53 at 5:8-12, 13 n.9, 25:12-16, 28:6-14.  She has alleged that counsel has lied to the Court "for 15 pages" (Dkt. 38 at 4:3–5; Dkt. 53 at 23:14-15), accused her of "underhanded trickery" and "gamesmanship" (Dkt. 42 at 4:22-23), and asserted counsel seeks to "turn this Court into [her] own personal playground" (Dkt. 53 at 12:24-13:6).  She has also claimed that counsel is illiterate (Dkt. 43 at 4 n.6; Dkt. 53 at 17:4-6), suffers from "hallucination-producing disease" (Dkt. 43 at 6 n.9) and is motivated by "corrupt and arbitrary moralism" (Dkt. 53 at 25:3-5, 27:25-26).  Astonishingly, despite Doe's repeated personal attacks, she urges the Court to "admonish" **opposing counsel** to "center her pleadings on the law," arguing that counsel's "undeniable talent for *undignified* personal attacking should . . . be saved for another forum that will appreciate such empty rhetoric." Dkt. 43, 5:8-11 (emphasis in original).

1  Civil Procedure § 367.3.[8]  She is mistaken.  By its title, that statute applies only to the California

2  state courts.  State procedural rules do not override directly applicable federal rules.  *See, e.g., Vess*

3  *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003) (The Federal Rules of Civil

4  Procedure "apply irrespective of the source of subject matter jurisdiction, and irrespective of whether

5  the substantive law at issue is state or federal").  Doe's sole case law support advocating for the

6  opposite result reached the same conclusion.  *Doe v. Univ. Acct. Serv., LLC*, 2022 WL 623913, at *2

7  (S.D. Cal. Mar. 3, 2022) (declining to rely on Safe at Home Act to grant anonymity and instead

8  applying federal standard to find that anonymity was warranted where evidence established that

9  plaintiff reasonably feared violence because he had received threats to his personal safety).

10      Doe therefore cannot use the Safe at Home program or the related allowance for anonymity

11  under Section 367.3 to override the Federal Rule of Procedure 10(a), which plainly states that "[t]he

12  title of the complaint must name all the parties."  She cites no authority holding that state

13  pseudonymity statutes displace Rule 10(a), nor could she.

14  **IV.    DOE HAS FAILED TO MEET HER SEALING BURDEN**

15      In connection with this Motion and the Request, the Stanford Defendants filed an

16  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed under Local

17  Rule 79-5(f).  That rule gives the non-moving party—in this case, Doe—seven days to file a

18  statement in support of sealing pursuant to Rule 79-5(c).[9]  It is therefore Doe's burden to

19  demonstrate that sealing is warranted, and she has made no attempt to do so.

20      The materials at issue include pleadings from this case and related state court proceedings in

21  which Doe is a party.  *See, e.g.*, Dkt. 29.1.  The standard for sealing such documents is exacting.

22  Courts have long recognized a "general right to inspect and copy public records and documents,

23  including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98

24  & n.7 (1978).  Unless the record is one "traditionally kept secret," there is a "strong presumption in

---

[8] Notably, Doe does not assert that the basis for her alleged enrollment in this program justifies anonymity under the Federal standard, only that her enrollment entitles her to anonymity *per se*.

[9] As a courtesy, counsel for the Stanford Defendants informed Doe of this burden via email on June 23, 2025.  McGarry Decl. ¶ 8, Ex. F.  The parties stipulated to extend her deadline to seal June 27, 2025 (Dkt. 31), and the Court subsequently issued a further extension to July 14 (Dkt. 34).

favor of access." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). To overcome this presumption, Doe must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Acct. Serv., LLC*, 2022 WL 623913, at *3 (*citing Kamakana*, 447 F.3d at 1178–79). Doe has failed to even attempt to meet this burden, nor can she, where the documents Doe seeks to seal are already publicly available, either through court dockets or public websites, or summarize such publicly available records.[10] Courts routinely deny sealing requests under such circumstances. *See, e.g.*, *Tevra Brands LLC v. Bayer HealthCare LLC*, 2024 WL 2244813, at *3 (N.D. Cal. May 7, 2024) (denying sealing where "the information [was] already public"); *In re Koninklijke Philips Pat. Litig.*, 2020 WL 1865294, at *3 n.4 (N.D. Cal. Apr. 13, 2020) (same); *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4718104, at *1 (N.D. Cal. Sept. 28, 2012) (denying sealing of documents available from public websites or unsealed court files).

Because Doe has not identified compelling reasons and cannot credibly dispute the public nature of the documents, the Court should decline to seal them.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court take judicial notice of the materials, grant the Stanford Defendants' Motion, and order the submitted materials unsealed.

Respectfully submitted,

Dated: August 4, 2025         PILLSBURY WINTHROP SHAW PITTMAN LLP

By:      */S/ KHYRSTYN ("NAN") MCGARRY*
JACOB R. SORENSEN
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, JASON A. SMITH, and ERIC FENTON

---

[10] Doe claims that the Stanford Defendants "plainly lie to this court about sealing motions that have been granted in the state court. *See* Motion for Sanctions." Opp. at 17, n. 11. She has presented no evidence that motions to retroactively seal these records have been granted, nor can she.