UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>JASON A. SMITH, et al.,<br><br>        Defendants. | Case No. 25-cv-03490-PCP<br><br>**ORDER RE: PLAINTIFF'S AUGUST 10, 2025 ADMINISTRATIVE MOTIONS**<br><br>Re: Dkt. Nos. 58, 59, 60 |

        This order addresses the three administrative motions Plaintiff filed on August 10, 2025. For the reasons stated herein, the Court grants the motion for leave to file a declaration in support of sealing (Dkt. No. 58) and denies the motions for leave to file sur-replies to Defendants' motions for disclosure and to dismiss (Dkt. Nos. 59 and 60).

        Plaintiff seeks leave to file a combined declaration in response to Defendants' administrative motions to consider whether to seal information about Plaintiff's identity (Dkt. Nos. 28, 55). Plaintiff failed to file a timely declaration due to a misunderstanding of the Court's prior order (Dkt. No. 47). That order directed Plaintiff to include any affirmative "arguments in support of proceeding pseudonymously" in Plaintiff's response to Defendants' motion for disclosure (Dkt. No. 29), rather than filing "a separate motion." The order did not preclude Plaintiff from filing a declaration in response to Defendants' administrative motions concerning sealing. The Court therefore grants Plaintiff's motion for leave to file a combined declaration in support of sealing. Plaintiff shall file such declaration by no later than August 21, 2025.

        Plaintiff next seeks leave to file a sur-reply to Defendants' motion for disclosure (Dkt. No. 29). Plaintiff argues that a sur-reply is appropriate because Defendants raised several new arguments in their reply. But Defendants' reply merely reiterated the arguments in Defendants' motion and responded to the arguments in Plaintiffs' opposition. Because the reply contained no

new arguments warranting a response from Plaintiff, the motion for leave to file a sur-reply is denied. *See In re Cloudera, Inc.*, No. 19-cv-03221, 2021 WL 2115303, at *8 n.2 (N.D. Cal. May 25, 2021).

Plaintiff also seeks leave to file an opposition to Defendants' August 4, 2025 request for judicial notice (Dkt. No. 57).[1] Objections to "new evidence . . . submitted in the reply," including new requests for judicial notice, are governed by Civil Local Rule 7-3(d)(1). *See Chan v. ArcSoft, Inc.*, No. 19-cv-05836, 2020 WL 13891272, at *3 (N.D. Cal. Sept. 16, 2020); *Simpson v. Best Western Int'l, Inc.*, No. 12-cv-04672, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012). Plaintiffs' motion for leave to file an opposition outside the scope of Rule 7-1(d)(3) is therefore denied. Plaintiff may respond to Defendants' request for judicial notice by filing an objection pursuant to Rule 7-1(d)(3) by no later than August 21, 2025.

Finally, Plaintiff seeks leave to file a sur-reply to Defendants' motion to dismiss (Dkt. No. 24). Plaintiff "concedes that the Defendants have not advanced any new arguments in their reply brief." Thus, no sur-reply is necessary, and Plaintiff's motion is denied. *See In re Cloudera*, 2021 WL 2115303, at *8 n.2.

**IT IS SO ORDERED.**

Dated: August 15, 2025

P. Casey Pitts
United States District Judge

---

[1] Plaintiff refers to a request for judicial notice submitted in reply to Plaintiff's opposition to Defendants' motion for disclosure (Dkt. No. 56). Because no such request exists, the Court assumes that Plaintiff intended to refer to the request for judicial notice submitted in reply to Plaintiff's opposition to Defendants' motion to dismiss (Dkt. No. 57-1).