JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

PLAINTIFF, IN PRO PER

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>JASON A. SMITH, et al.,<br><br>                    Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**ADMINISTRATIVE AND PROVISIONAL MOTION TO LODGE UNDER SEAL THE PLAINTIFF'S DECLARATION AND APPENDICES IN SUPPORT OF THE MOTION TO SET ASIDE DISMISSAL WITH PREJUDICE [ECF NO. 66]** *AD INTERIM* **PURSUANT TO LOCAL RULE 79-5**<br><br>Judge:  The Honorable P. Casey Pitts<br>Dept:    8 |

Pursuant to Local Rule 79-5, the Plaintiff hereby moves this Court to grant her leave to

provisionally file under entire seal *ad interim* a declaration and several exhibits.

*First*, let the Plaintiff rehash well-established principles regarding public's access to court

records and the standard for sealing. "[T]he courts of this country recognize a general right to

inspect and copy public records and documents, including judicial records and documents." *Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). "Unless a

1

particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096-98. If the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

*Second*, some honesty from the plaintiff: Obviously, this motion is "overbroad" (Civil Standing Order of the Honorable P. Casey Pitts, at p. 3), but the Plaintiff implores this Court to consider what follows before deciding to impose "denial, publication without further notice, or sanctions" on the Plaintiff (*Ibid.*).

The declarations and exhibits for which leave to file under seal is sought is related to a Motion to Set Aside Dismissal for Fraud, Fraud Upon the Court, Misrepresentation, Misconduct, and Other Reason. *See* ECF No. 66.

ADMINISTRATIVE MOTION TO LODGE UNDER SEAL THE PLAINTIFF'S DECLARATION AND APPENDICES IN SUPPORT THEREOF *AD INTERIM* PURSUANT TO LOCAL RULE 79-5

Case no. 5:25-cv-03490-PCP

Before this motion was dismissed pursuant to a supposed 'voluntary' dismissal stipulation that the Plaintiff contends is either void/voidable or should be set aside as a matter of equity, there was substantial noticed motion activity on this case regarding pseudonymous proceeding, where the Plaintiff was seeking leave to proceed pseudonymously. *See* ECF No. 53 (setting out factors that warrant pseudonymous proceeding, which, include, *inter alia*, state law provisions, transgender and youth status). Because this Court never ruled on that motion given the purported 'stipulation' vacated the hearing on which the Motion was noticed, this Court never ruled as to whether grant the Plaintiff leave and enter a protective order for future pleadings.

*Further*, the materials being conditionally lodged herein under seal require substantially large arguments for sealing and some require separate bases for sealing, increasing the argument's length. As the Court might remember, parties dispute whether a state law named Safe at Home Act, codified at California Code of Civil Procedure, section 367.3, is controlling or dispositive here on the question of pseudonymous proceeding. *See* ECF No. 53, at p. 17. As such, there is a question as to whether the provisions of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and its extension thereto in *Gasperini v. Center for Humanities*, 518 U.S. 415 (1996) would classify Safe at Home Act as the substantive law. And, of course, "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Guaranty Trust Co. v. York* 326 U. S. 99 (1945). Some of the exhibits that the Plaintiff is launching with Court, further, are court documents that have been sealed by state courts. ***See* Exhibit C, at ECF pp. 35-36 (Moody, J., ordering the entire case sealed).**

*Further*, there is substantial motion practice that is already taking place. The Plaintiff has been attempting to draft a Motion to Set Aside Dismissal, Motion for Leave to Amend, a Motion for

ADMINISTRATIVE MOTION TO LODGE UNDER SEAL THE PLAINTIFF'S DECLARATION AND APPENDICES IN SUPPORT THEREOF *AD INTERIM* PURSUANT TO LOCAL RULE 79-5

Case no. 5:25-cv-03490-PCP

Temporary Restraining Order, alongside requests for the issuance of subpoenas *duces tecum* and *ad testificandum*. Although the Plaintiff is fully aware that her *in propria persona* status affords her no immunity from a stringent application of procedural law and is not attempting to imply to this Court that she should be held exempt or above procedural law, and is fully aware that this Court is obligated to treat the Plaintiff as it would treat a litigant with an attorney (*See, inter alia, Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)), it is virtually a logistical impossibility to draft  all of these motions and advance such complicated sealing arguments *concurrently* and just *for the sake of being able to file motions* on this case.

 *Further,* many litigants *represented by counsel* <u>do</u> seek temporary and overbroad sealing orders at the beginning of litigation, especially when pseudonymous proceeding motions are pending disposition. And the colleagues of this Court in this district and other districts routinely seal such documents *provisionally* and *ad interim. See*, *e.g.,* Puglia Eng'g, Inc. v. Bae Sys. Ship Repair, 2017 U.S. Dist. LEXIS 233130; *Lapaglia v. Valve Corp.*, 2025 U.S. Dist. LEXIS 89147; *Chavez v. Allstate Northbrook Indem. Co.,* 2025 U.S. Dist. LEXIS 120852, *9-10 [**The exhibits will remain lodged under seal in the interim**[.]"]; *Orthopaedic Hosp. v. Encore Med.*, L.P., 2021 U.S. Dist. LEXIS 82425.

 For all these foregoing reasons, the Plaintiff prays that this Court would grant the Plaintiff temporary and provisional leave to file the declaration and exhibits under seal. Given the highly sensitive and embarrassing nature of some of the exhibits (and the fact that they have been ordered sealed before by other courts) (***See, e.g.,* Exhibit C, at ECF pp. 38-40)**, the Plaintiff implores this Court to not impose "publication without further notice" penalty on the Plaintiff (Standing Orders,

ADMINISTRATIVE MOTION TO LODGE UNDER SEAL THE PLAINTIFF'S DECLARATION AND APPENDICES IN SUPPORT THEREOF *AD INTERIM* PURSUANT TO LOCAL RULE 79-5
Case no. 5:25-cv-03490-PCP

at p. 3) since "[o]nce information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)

The Plaintiff assumes that, if the Motion to Set Aside is granted and this case proceeds, the Court will either grant the Plaintiff leave to file a second administrative motion on this sealing question and would not deem it successive (or grant her leave to file a successive motion) or issue, *sua sponte*, an Order to Show Cause so that more lengthy and complicated arguments about sealing could be made on a proper brief. Any damage to the public's right, if any, to access these records for the duration of mere weeks is marginal, if not non-existent, and is overcome by the Plaintiff's interest in keeping such highly sensitive and embarrassing documents out of public's reach and the Plaintiff's ability to seek timely equitable relief from this Court under Fed. R. Civ. P. 60. The Plaintiff thanks the Court in advance for his grace and understanding in this matter.

Because the Plaintiff is seeking leave to file the entirety of respective pleadings under seal herein, the Plaintiff assumes, respectfully, that a proposed order with "proposed redactions" is not needed. (Standing Order, at p. 3) (capitalizations omitted).

Respectfully submitted,

DATED: April 4, 2026

/s/ Jane Doe
_____
JANE DOE
In Pro Per

ADMINISTRATIVE MOTION TO LODGE UNDER SEAL THE PLAINTIFF'S DECLARATION AND APPENDICES IN SUPPORT THEREOF *AD INTERIM* PURSUANT TO LOCAL RULE 79-5

Case no. 5:25-cv-03490-PCP