JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

PLAINTIFF, IN PRO PER

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JASON A. SMITH, et al., <br><br> Defendants. | Case No.: 5:25-cv-03490-PCP <br><br> **ADMINISTRATIVE MOTION TO DIRECT THE CLERK OF THE COURT TO ISSUE SUBPOENAS *DUCES TECUM* AND *AD TESTIFICANDUM* AS PER FED R. CIV. P 45 IN SUPPORT OF MOTION TO SET ASIDE DISMISSAL AND TO ORDER PERSONAL SERVICE BY U.S. MARSHAL'S SERVICE PURSUANT TO 28 U.S.C. § 1915(d); PROPOSED SUBPOENAS ATTACHED HERETO** <br><br> Judge:  The Honorable P. Casey Pitts <br> Dept:      8 <br><br> Re: ECF no. 66. |

Pursuant to Civil L.R. 7-11, the Plaintiff hereby moves this Court via an administrative motion[1] for relief regarding a "miscellaneous administrative matter[.]"

---

[1] Because the Defendants could not technically oppose the *issuance* of a subpoena under Fed. R. Civ. P 45 (a), it is undersigned's position that this pleading could have also been presented as an *ex parte* application (any opposition to the *merits* of a subpoena—*i.e.* what a subpoena seeks and can seek—of course, is done via a motion to quash a subpoena under Rule 45 (d)(3)). However, because the local rules of this Court only permit the filing of an *ex parte* application "only if a statute, Federal Rule, local rule, or Standing Order authorizes [it]" (Civil L.R. 7-10), and herein appearing no such statute or rule, the Plaintiff is presenting this request for relief as an administrative motion to avoid sanction liability.

The Plaintiff refers this Court to ECF no. 66, pp. 1-4, and the declaration of the plaintiff filed in support thereof, to understand the context in which this request appears. Ordinarily, a subpoena *duces tecum* or *ad testificandum* is issued when a properly-completed AO-88 form is presented to the Clerk of the Court for issuance, unless the issuing party is a duly-admitted member of the Court's Bar. *See* Fed R. Civ. P. 45 (a) (3). "As a *pro se* litigant, Plaintiff needs the Court's Clerk to issue a subpoena." *Scott v. A.*, No. 25-cv-07188-HSG, 2025 U.S. Dist. LEXIS 254026, at *2 (N.D. Cal. Dec. 3, 2025), citing Fed R. Civ. P. 45 (a) (3). This is ordinarily done by presenting a duly-filled form AO-88 to the clerk of the court or mailing it to the clerk of the court with a pre-paid return label.[2]

As is evident from the Plaintiff's recitation of facts and allegations in her Motion to Set Aside Dismissal [ECF No. 66], and its declaration in support thereto, when the defendants expelled the Plaintiff from her university, they also canceled her student visa, thus making her unable to stay in the United States. Accordingly, the Plaintiff cannot visit the Clerk of this Court physically to acquire the Clerk's signature for the issuance of subpoenas. Further, internationally mailing out the forms and expecting them back by mail would be both too costly and take too much time to make the subpoenas useful for the upcoming May 7, 2026, Hearing.

As such, as the Plaintiff is seeking this Court's relief from *exile*, the Plaintiff's situation is similar to that of a *pro se* prisoner. In cases of *pro se* prisoners, courts routinely direct the Clerk of the Court to issue the proposed summons. *See, e.g., Ellis v. Williams,* No. 2:23-cv-01962 WBS SCR P, 2025 U.S. Dist. LEXIS 230780, at *3-4 (E.D. Cal. Nov. 24, 2025) (*Ellis*) (noting that the *pro se* imprisoned "plaintiff asks the court to grant his request and provide the number

---

[2] *See, e.g.,* https://perma.cc/7Q8K-R5MZ (delineating the method for obtaining a subpoena in the District Court for the Central District of California).

ADMINISTRATIVE MOTION TO DIRECT THE CLERK OF THE COURT TO ISSUE SUMMONS AND TO ORDER SERVICE BY U.S. MARSHAL'S SERVICE; PROPOSED SUBPOENAS ATTACHED HERETO

Case no. 5:25-cv-03490-PCP

of subpoenas required to serve the CHCF Departments" and granting the relief thereto (*Ibid*.)). "The Court therefore construes this pleading as a request for blank subpoena forms because, to request discovery from a non-party, Plaintiff must serve the non-party with a subpoena. Plaintiff's request for blank subpoena forms is GRANTED." *Scott v. A*., No. 25-cv-07188-HSG, 2025 U.S. Dist. LEXIS 254026, at *1-2 (N.D. Cal. Dec. 3, 2025) (*Scott*).

In the instant case, for the sustenance of judicial resources and their economical use thereto, the Plaintiff is providing with this Court her proposed subpoenas, attached hereto, instead of asking this Court to issue blank subpoenas, which would require "the Plaintiff [to] return the completed subpoena[s] to the Court" (*Scott, supra,* at * 2), once again relying on international mailing service. As such, the Plaintiff respectfully requests this Court to direct the Clerk of the Court to issue the summons and file them on this case's docket. This way, the Plaintiff will acquired a copy of the issued subpoena, and by this way, also, the notice requirement to all parties appearing in the action would also be satisfied, once again dispensing with the need to effectuate numerous filing on this Court's docket. *See* Rule 45 (a)(4).

Finally, this Court (the Honorable Virginia K. DeMarchi) previously granted the Plaintiff leave to proceed *in forma pauperis* after screening the complaint for pleading sufficiency. *See* ECF No. 5. Therefore, the "plaintiff is entitled to obtain personal service of an authorized subpoena *duces tecum* by the United States Marshal. 28 U.S.C. § 1915(d)." *Ellis, supra,* at *5. "Because Plaintiff is a *pro se* litigant, he may rely on the United States Marshal to effect service, but he must first obtain the Court's authorization." *Scott, supra*, at *2.

However, "[b]ecause personal service of a subpoena *duces tecum* is required, Fed. R. Civ. P. 45(b), '[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not

taken lightly by the court,'" *Scott*, *supra,* at *3, quoting *Austin v. Winett*, C, 2008 U.S. Dist. LEXIS 103279, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008). "Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information." *Ibid*. "A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party." *Ibid*., citing *Davis v. Ramen,* 2010 U.S. Dist. LEXIS 115432, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*,  No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Ibid*., quoting *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).

*First*, *Scott*'s recitation of these facts seem to be merely a reminder to a *pro se* prisoner the applicable standard for requesting a proper subpoena *duces tecum* and cautioning him of the costs that may be associated with it thereto: "Plaintiff is free to pursue non-party discovery, but should keep in mind the limitations on non-party discovery explained above." *Scott*, at * 4. As such, *Scott* does not *per se* establish a more stringent standard for ordering service of a subpoena by U.S. Marshal's service but merely rehashes the long-held principles for the issuance of a subpoena. *Scott* cites, for instance, *United States v. Columbia Broadcasting System, Inc*., 666 F.2d 364, 368-69 (9th Cir. 1982) to remind the *pro se* prisoner plaintiff that he might be ordered to pay costs associated with effectuating a subpoena by a third-party. This Plaintiff is fully aware of the applicable law and standards here. Further, *Scott* addresses a subpoena to a *third-party* not involved in the litigation while conducting trial discovery.

Although on their face, the subpoenas might look as if being directed at non-parties to this proceeding, all the identified individuals whom the Plaintiff seeks appearance *ad testificandum* are the employees of the defendants, The Board of Trustees of Leland Stanford Jr. University ("Stanford"). As such, the same worry for expanding resources for third-party subpoenaing are not present here. The subpoenas clearly are narrowly tailored and relevant to the instant motion. *See, e.g.,* Decl. of JANE DOE In Support of the Motion to Set Aside, p.2, n. 1. At any rate, if they are not, it should be the defendants' burden to move to quash the subpoenas[3]. Requiring the plaintiff to anticipate arguments for a motion to quash that may or may not be filed is probably too high of a burden under 28 U.S.C. § 1915(d). *Scott*'s worry seems to tailored to subpoenas that are, on their face, absurd or overbroad.

For all the foregoing reasons, the Plaintiff prays this Court to (1) direct the Clerk of the Court to issue the Subpoenas attached hereto, (2) file the issued subpoenas on the Court's docket for this case, and (3) order the personal service of the subpoenas by the U.S. Marshal's service.[4]

Respectfully submitted,
DATED: April 5, 2026

/s/ Jane Doe

JANE DOE
In Pro Per

---

[3] One subpoena is issued to the defendants' in-house counsel. It should be the defendants' burden to, if they so desire, identify why the said in-house counsel would be entitled to, if any, attorney-client privilege or work-product doctrine and whether the requested documents are ones where *legal advice*, as opposed to commercial advice, was provided. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383 (1981).

[4] It remains plausible to the Plaintiff that perhaps counsel for the defendants could waive personal service of the subpoenas because they clearly will be representing the subpoenaed individuals, thereby becoming aware of the subpoena and being served when such subpoenas are filed on this Court's docket. But unless this Court, *sua sponte*, sees it fit to consider such service through PACER sufficient in the instant case, the Plaintiff will not move for such relief. *See, e.g., Prescott v. County of Stanislaus*, No. 1:10-cv-0592 JLT, 2011 U.S. Dist. LEXIS 134137, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (explaining that "[a] **majority** of courts" interpret Rule 45(b)(1) to require personal service and collecting cases) (emphasis added).

# PROPOSED SUBPOENAS

ADMINISTRATIVE MOTION TO DIRECT THE CLERK OF THE COURT TO ISSUE SUMMONS AND TO ORDER SERVICE BY U.S. MARSHAL'S SERVICE; PROPOSED SUBPOENAS ATTACHED HERETO

Case no. 5:25-cv-03490-PCP

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | | |
|---|---|---|
| JANE DOE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:25-cv-03490-PCP |
| JASON A. SMITH, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: RICHARD HARDING SHAW, JUNIOR.

*(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION 280 South First Street, San Jose, CA 95113 | Courtroom No.: 8 |
|---|---|
| | Date and Time: 05/07/2026 10:00 am |

        You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: All of your electronic communications with the Plaintiff between June to August 2025 (inclusive).
All of your (and any of your agents') electronic communications with any agent or official of William Marsh Rice University between April 2025 to present (inclusive).
A record of all of your communications with any third-parties regarding the Plaintiff's expulsion in August 2025 and any other documents maintained in your office thereto.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*

                                                                OR

_____          _____
        *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| JANE DOE <br> *Plaintiff* <br> v. <br> JASON A. SMITH, ET AL. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.  5:25-cv-03490-PCP

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: MICHAEL DEVLIN

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION <br> 280 South First Street, San Jose, CA 95113 | Courtroom No.: 8 |
|---|---|
| | Date and Time: 05/07/2026 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: All of your electronic communications with the Plaintiff between June to August 2025 (inclusive).
All of your (and any of your agents') electronic communications with any agent or official of William Marsh Rice University between April 2025 to present (inclusive).
A record of all of your communications with any third-parties regarding the Plaintiff's expulsion in August 2025 and any other documents maintained in your office thereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | | OR |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| JANE DOE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  5:25-cv-03490-PCP |
| JASON A. SMITH, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   JEN CASEBEER-BLUM

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place:  UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION   280 South First Street, San Jose, CA 95113 | Courtroom No.: 8 | |
| | Date and Time: 05/07/2026 10:00 am | |

   You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:  All of your electronic communications with the Plaintiff between June to August 2025 (inclusive).
A record of all of your communications with any third-parties regarding the Plaintiff's expulsion in August 2025 and any other documents maintained in your office thereto.

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

   *CLERK OF COURT*

                                    OR

_____        _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| JANE DOE | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  5:25-cv-03490-PCP |
| JASON A. SMITH, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  DEBRA L. ZUMWAHLT

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION 280 South First Street, San Jose, CA 95113 | Courtroom No.: 8 |
|---|---|
| | Date and Time: 05/07/2026 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: A record of all of your, and your agents', communications with any third-parties, including within your own organization, regarding the Plaintiff's expulsion in August  2025 and any other documents maintained in your office thereto.
A record of all of your, and your agents', communication with any third party, including within your own organization, about the federal action filed in U.S. District Court for the Northern District of California, Civil Action No. 5:25-cv-03490-PCP.
A record of all of your, and your agents', communication with any third party, including within your own organization, about the Plaintiff.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| JANE DOE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  5:25-cv-03490-PCP |
| JASON A. SMITH, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:    James R. Jacobs, MD, PhD

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION 280 South First Street, San Jose, CA 95113 | Courtroom No.: 8 | |
| | Date and Time: 05/07/2026 10:00 am | |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: A record of all of your communications with the Plaintiff between April 2025 to September 2025.
A a record of all of your communications with third parties about the Plaintiff between April 2025 and September 2025.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*

                                                             OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | | |
|---|---|---|
| JANE DOE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  5:25-cv-03490-PCP |
| JASON A. SMITH, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Bina Patel, MD, PhD

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION 280 South First Street, San Jose, CA 95113 | Courtroom No.: 8 | |
| | Date and Time: 05/07/2026 10:00 am | |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:  A record of all of your communications with the Plaintiff between April 2025 to September 2025.
A a record of all of your communications with third parties about the Plaintiff between April 2025 and September 2025.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            *CLERK OF COURT*

                                    OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*


The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case No.: 5:25-cv-03490-PCP


TO THE CLERK OF THE COURT:


Provided that the Honorable P. Casey Pitts orders service of subpoenas by U.S. Marshal's service, the subpoenas should be personally served to each individual at the following addresses of residence:


RICHARD HARDING SHAW, JUNIOR
Office of Undergraduate Admission
Stanford University
Montag Hall
355 Galvez Street
Stanford, CA 94305-6106

MICHAEL DEVLIN
Office of Undergraduate Admission
Stanford University
Montag Hall
355 Galvez Street
Stanford, CA 94305-6106

JEN CASEBEER-BLUM
Office of Undergraduate Admission
Stanford University
Montag Hall
355 Galvez Street
Stanford, CA 94305-6106

DEBRA L. ZUMWAHLT
Office of the General Counsel
450 Jane Stanford Way
Building 170, 3rd Floor
Stanford, CA 94305

JAMES R. JACOBS, MD, PhD
Vaden Health Center
866 Campus Drive
Stanford,  CA  94305


BINA PATEL, MD, PhD
Vaden Health Center
866 Campus Drive
Stanford,  CA  94305