JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

PLAINTIFF, IN PRO PER

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>JASON A. SMITH, et al.,<br><br>                    Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**TIME-SENSITIVE ADMINISTRATIVE MOTION TO CHANGE TIME AND ORDER EXPEDITED BRIEFING ON THE MOTION TO SET ASIDE DISMISSAL PURSUANT TO CIVIL L.R. 6-3**<br><br>[Filed Concurrently with (1) First Declaration In Support (2) Second Declaration In Support, and (3) Administrative Motion to Lodge Second Declaration under Seal (4) *Ex Parte* Application to Shorten Time to Oppose]<br><br>Judge:  The Honorable P. Casey Pitts<br>Dept:     8<br><br>RE: ECF No.s. 66, 68 |

Pursuant to Local Rule 6-3, the Plaintiff hereby moves this Court to change the due date of responsive oppositions and replies in relation to the Plaintiff's Motion to Set Aside Dismissal, order expedited briefing, and advance the May 7, 2026, Hearing date set on this motion.

Although Civil L.R. 6-3 authorizes a "motion to change time,"  a motion under L.R. 6-3 is likely the proper procedural vehicle to request expedited briefing on a case, given that an order for expedited briefing will almost always change the responsive due dates of pleadings and any hearing dates. *See, e.g.,* "Presently before the Court is Plaintiff's administrative motion under **Civil Local**

**Rule 6-3 seeking to expedite the briefing schedule and hearing date** for Plaintiff's contemporaneously filed motion[…]" *Eisner v. Meta Platforms, Inc.,* No. 24-cv-02175-CRB (PHK), 2024 U.S. Dist. LEXIS 77934, at *3 (N.D. Cal. Apr. 29, 2024) (emphasis added). Plaintiff believes she has satisfied even the most heightened good cause standard for relief requested herein to be granted.

*First*, the Plaintiff *implores*—nay, *begs*—this Court to consider this Motion concurrently with the contents of the Plaintiff's Motion to Set Aside Dismissal for Fraud, filed at ECF No. 66. The Plaintiff is cognizant of this Court's busy calendar and schedule, but it is the Plaintiff's belief that this Court will not adequately understand the "defendants' 'perfidious lust for unbridled power and the imposition of cruelty' for its sake and the gluttonous pleasure they derive therefrom[]" Mot. to Set Aside, at p. 21, citing *Arias v. Noem*, No. SA-26-CV-415-FB, 2026 U.S. Dist. LEXIS 20726, at *3 (W.D. Tex. Jan. 31, 2026) without reading the motion. If the Court does not have time to read the entire pleading, the Plaintiff prays that the Court will at least read the first four pages of the Motion and the Declaration Filed in Support of the Motion, at ECF No. 68-1 to fully understand the controversy at issue herein.

*Second*, the Plaintiff shall illustrate that she has complied with procedural requirements for a L.R. 6-3 motion. Plaintiff has made every "efforts […] to obtain a stipulation to the time change" and confer with the opposing counsels about the scheduling of this Motion for *more than three months*. L.R. 6-3 (a) (2). As set in the Plaintiff's First Declaration In Support, Re: Meet-and-Confer Compliance ("First Declaration"), the Plaintiff first emailed the opposing counsels on January 28, 2026, to inquire when they might be available for this motion to be noticed (*Id*., at p. 3). Having received no response, the Plaintiff emailed the opposing counsel again on March 12, 2026 (*Id*., at p.

ADMINISTRATIVE MOTION TO CHANGE TIME AND ORDER EXPEDITED BRIEFING ON THE MOTION TO SET ASIDE DISMISSAL PURSUANT TO CIVIL L.R. 6-3

Case no. 5:25-cv-03490-PCP

3). Having still received no proper response  about scheduling from the opposing counsels, on March 27, 2026, the Plaintiff informed the opposing counsel that, in her view, the opposing counsel was likely violating California Rules of Professional Conduct, Rule 4-3 (as amended in January 2023) (finding that a duly-admitted member of the California Bar should not appear disinterested when communicating with a party appearing *in propria persona*). *Id.,* at p. 6. *Only* then did counsel respond. *Ibid.* As explained by the undersigned to the counsel, "there is nothing in Federal Rules of Civil Procedure, Local Rules of Court, or the Standing Orders [*sic*] of Judge Pitts that require us to meet and confer about the *contents* of the motion, whereas Judge Pitts' standing orders (and local rules) dictate parties to meet and confer as to the *briefing schedule* of a motion before noticing a noticed motion. But the undersigned still suggested meeting and conferring about the motion's content as an option a s a sign of professional courtesy." *Id*., at p. 7. Yet, the undersigned still explained—in *excruciating detail* that should not be the norm—the contents of the motions. *See, e.g.,* First Declaration, p. 11 (explaining how *Patsy* is controlling precedent as opposed to *Ohio* on the question of the doctrine of exhaustion of administrative remedies and addressing even footnotes of both opinions). The counsel did not respond. And only when the Plaintiff brought up the fact that she will likely be represented counsel in the future in the action ("it appears likely that the undersigned will be represented by the ACLU of Northern California in this action" [*Id*., at p.11]) and only when the Plaintiff indicated that she was beginning to suspect bad-faith ("If I do not hear back from you soon on this position, my only recourse is to assume **bad faith on your clients' part to attempt to delay this motion until the quasi-jurisdiction[al] one-year time frame [in Rule 60 (c) (1)] […] for motions to set aside in equity elapses**." [*Id*., at p. 11 (emphasis added)]), did opposing counsel properly respond.

ADMINISTRATIVE MOTION TO CHANGE TIME AND ORDER EXPEDITED BRIEFING ON THE MOTION TO SET ASIDE DISMISSAL PURSUANT TO CIVIL L.R. 6-3

Case no. 5:25-cv-03490-PCP

Opposing Counsel maintains that the Plaintiff has not "not identified a proper basis for seeking a TRO or preliminary injunction" (*Id*., at p. 12).[1] But *nothing*, as explained *supra*, requires the Plaintiff to meet and confer about the *contents* of a judicial relief. If such were the local rules of this Court, and if parties would not be able to file for relief before getting 'permission' from their opposing counsel under the guise of meeting and conferring, then such conduct would eviscerate the entire point of our *adversarial* system.[2] Again, the Plaintiff only needed to meet and confer as to *briefing schedule*, not on the question as to whether relief is warranted. To the extent that Plaintiff suggested parties do so, it was entirely due to Plaintiff's own desire for show of professional courtesy. And, as explained by the undersigned to the opposing counsel, "the undersigned will move the court to shorten time to oppose and advance the hearing date. **The filing of the motion was delayed since January because you elected to violate Rules of Professional Conduct, Rule 4-3. The plaintiff should not be denied relief in equity [to have the motion be timely heard and adjudicated]; or, put differently, you should not be entitled to the equitable relief of continuing the motion with the same unclean hands[3]."** (*Id*., at p. 13) (emphasis added). Put differently, the motion was not *able to be filed* earlier because doing so would have made the Plaintiff *be liable to*

---

[1] Opposing Counsel also threatens the Plaintiff with "sanctions" (*Id*., at p. 12). This is regular conduct by the opposing counsels. They routinely do wage such threats for proper and regular motion practice, and when requested to serve a sanctions motion so that the Plaintiff can cure any allegedly sanctionable conduct as required by Fed. R. Civ. P. 11, they never do and go mute thereafter.

[2] This is also a bad-faith recitation of events. Plaintiff has identified entitlement to relief and has been attempting to establish proper, good-faith communication with the counsels for the past three months to do so.

[3] "[T]hose who seek the aid of equity must come into court in good faith." *Samuelson v. Ingraham* 272 Cal.App.2d 804 (1969). *See also Aguayo v. Amaro* 213 Cal.App.4 1102, 1110 (2013) [any conduct that violates conscience, good faith or other equitable standards of conduct is sufficient to invoke the doctrine of unclean hands].

ADMINISTRATIVE MOTION TO CHANGE TIME AND ORDER EXPEDITED BRIEFING ON THE MOTION TO SET ASIDE DISMISSAL PURSUANT TO CIVIL L.R. 6-3

Case no. 5:25-cv-03490-PCP

*sanctions* for violating the Local Rules of this Court and Standing Order of this Court by not meeting and conferring with the opposing side before noticing a motion.

*Next*, the Plaintiff shall "[s]et[] forth with particularity the reasons for the requested enlargement or shortening of time" L.R. 6-3 (a)(1) and "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time" L.R. 6-3 (a)(3). *First*, as a preliminary matter, the standard and question here is not whether the Plaintiff is entitled to the *issuance* of a TRO but whether she is entitled to an *expedited briefing schedule* for the TRO relief to be *heard*. As such, the Plaintiff need not—and in a 5-page Administrative Motion cannot— "identif[y] a proper basis for seeking a TRO" (First Declaration, at p. 12). Those arguments are to be contained in the Plaintiff's Motion for TRO relief. **Plaintiff's equitable right to have her prayers for relief be heard in an *expedient and equitable* fashion and timeline is not isomorphic to the Plaintiff's equitable right/entitlement for the *issuance* of such relief**. *See, e.g. and by analogy, In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay **in the disposition** of habeas corpus cases is unacceptable.") (emphasis added).

The Plaintiff's second declaration filed in support hereof—and incorporated herein by reference as if fully set herein[4]—strongly establishes substantial harm if the motion to shorten time is denied. As explained in the second declaration, the Plaintiff prays that the Court will hear the motion in question before April 30, 2026, but because the Plaintiff is not privy to the complex workings of this Court's calendar, she does not wish to propose briefing schedules and submits that determination to this Court's sound discretion and its equitable jurisdiction to control its calendar to fashion equitable relief and process of law.

---

[4]This incorporation by reference fully complies with the mandates of the doctrine of incorporation-by-reference as set in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

5

ADMINISTRATIVE MOTION TO CHANGE TIME AND ORDER EXPEDITED BRIEFING ON THE MOTION TO SET ASIDE DISMISSAL PURSUANT TO CIVIL L.R. 6-3

Case no. 5:25-cv-03490-PCP

Respectfully submitted,

DATED: April 7, 2026

                                         */s/ Jane Doe*
                                         _____
                                         JANE DOE
                                         In Pro Per

ADMINISTRATIVE MOTION TO CHANGE TIME AND ORDER EXPEDITED BRIEFING ON THE MOTION TO SET ASIDE DISMISSAL PURSUANT TO CIVIL L.R. 6-3

Case no. 5:25-cv-03490-PCP