UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

               Plaintiff,

     v.

JASON A. SMITH, et al.,

               Defendants.

Case No.  25-cv-03490-PCP

**ORDER RE: ADMINISTRATIVE MOTION**

Re: Dkt. No. 76

Pursuant to Federal Rule of Civil Procedure 60, plaintiff Jane Doe seeks to set aside the parties' stipulated dismissal of this action with prejudice. Doe noticed her Rule 60 motion for hearing on May 7, 2026, and the Court previously denied her request to advance the date of the hearing and to expedite the briefing schedule. Doe then filed, among other administrative motions, a motion for leave to file an application for a temporary restraining order (TRO) before the Court rules on her Rule 60 motion.

Because the dismissal of this action under Rule 41 divested the Court of jurisdiction, *see United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008), the Court lacks authority to rule on a request for emergency relief "until and unless the judgment is reopened by the granting of a Rule 60 motion," *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997) (citing *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir. 1996)). Thus, "[b]efore the … Court could rule on" a TRO application, the Court would "first need[] to reopen [t]his case." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 312 (2025). But the Court's lack of jurisdiction to *rule* on a TRO application before resolution of the Rule 60 motion does not bar the *filing* (or briefing) of such an application.

The Court therefore grants Doe leave to file her proposed application for a TRO. The Court orders the defendants subject to Doe's request for emergency relief to respond to Doe's

United States District Court
Northern District of California

application within 14 days of the filing thereof. The Court shall rule on the TRO application only if it grants Doe's Rule 60(b) motion.

In light of the exigent circumstances underlying Doe's request for emergency relief, and the Court's inability to address that request without first resolving Doe's Rule 60(b) motion, the Court also *sua sponte* reconsiders its denial of Doe's request to advance the date of the motion hearing. The Court resets the hearing to 10:00am on April 28, 2026. No change to the briefing schedule is required. At the hearing, counsel for all parties should be prepared to address both the Rule 60(b) motion and Doe's forthcoming TRO application.

The Court shall address Doe's administrative motions concerning discovery and live testimony (Dkt. Nos. 69 and 75) after the deadlines for defendants to respond to such motions have passed.

**IT IS SO ORDERED.**

Dated: April 8, 2026

P. Casey Pitts
United States District Judge

2