UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

        Plaintiff,

    v.

JASON A. SMITH, et al.,

        Defendants.

Case No.  25-cv-03490-PCP

**ORDER RE: ADMINISTRATIVE MOTIONS**

Re: Dkt. Nos. 68, 69, 72, 75, 81, 82

This order addresses several recent administrative motions filed by plaintiff Jane Doe under Civil Local Rule 7-11 in connection with her Rule 60(b) motion to set aside the parties' stipulated dismissal of this action. The Court grants Doe's temporary sealing requests, grants in part and denies in part her request for discovery, denies her request to allow oral testimony at hearing on her Rule 60(b) motion, denies her *ex parte* applications for leave to file reply briefs in support of her administrative motions, and strikes her letter regarding discovery.

***Sealing Requests.*** Doe moves to seal her declarations in support of the Rule 60(b) motion and the appendices thereto in their entirety. *See* Dkt. Nos. 68 and 72-2. As Doe acknowledges, her sealing requests are overbroad. But Doe disclaims an intent to permanently seal these documents in their entirety—rather, she asks the Court to seal them only a temporary basis and suggests that she will propose narrower redactions in the future. As the Ninth Circuit has explained, temporary sealing pending full resolution of a sealing request "ensures the protection of the individual right to privacy without unnecessarily burdening the … rights of the public" to access judicial records. *Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1212 (9th Cir. 2024). The Court therefore grants Doe's requests. The documents already filed provisionally under seal—as well as any additional documents the parties file provisionally under seal in connection with the briefing on Doe's Rule 60(b) motion, forthcoming application for a temporary restraining order, or related

administrative motions—shall remain sealed unless otherwise ordered by this Court.

By no later than April 27, 2026, Doe shall file a motion consolidating all of her then-pending sealing requests. The motion shall include a table organizing all pending sealing requests by document. Each document should be listed in its own row, with the following information in columns:

- Name and exhibit number of the document
- Material proposed to be sealed in the document (e.g., by highlight color)
- Legal standard that applies (i.e., good cause or compelling reasons)
- Whether defendants oppose sealing
- A brief summary of the rationale for sealing
- A citation to the original sealing motion

Doe shall attach, as individual exhibits, a consolidated copy of each document that contains material proposed to be sealed. To the extent that she seeks to seal only a portion of any document, she must also file a version of the document on the public docket that redacts only the information sought to be sealed. Each document should correspond to one row in the table and one exhibit to the motion. The motion should not include any requests to seal another party's material if Doe has not timely opposed its filing on the public docket. The joint motion shall also identify by docket number all pending motions that will be rendered moot by its filing and any documents previously filed under seal that are no longer subject to a request to seal. To the extent defendants affirmatively seek to seal any documents filed in connection with the briefing on the Rule 60(b) motion, application for a temporary restraining order, or related administrative motions, the Court orders defendants to file a similar motion consolidating such requests by no later than April 27, 2026. The parties are advised, per Civil Local Rule 79-5(a), to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."

***Requests for Discovery and Oral Testimony.*** In connection with her Rule 60(b) motion, Doe also asks the Court to order the issuance of subpoenas for documents and testimony from five individuals, to direct the United States Marshal to effect service of such subpoenas, and to allow oral testimony from such individuals at the April 28, 2026 hearing. *See* Dkt. Nos. 69 and 75.

2

United States District Court
Northern District of California

Defendants do not contest the Court's authority to order issuance and service of subpoenas on Doe's behalf pursuant to 28 U.S.C. § 1915. They dispute only the relevance of the discovery Doe seeks and the need for oral testimony.

"[S]ome preliminary discovery before a ruling on a Rule 60 Motion is appropriate so long as a party acts in good faith and makes out a reasonable case that discovery might lead to relevant information." *United States v. Twitter, Inc.*, No. 22-CV-03070-TSH, 2023 WL 8007994, at *7 (N.D. Cal. Nov. 16, 2023) (quoting *Sathianathan v. Smith Barney, Inc.*, No. No. 04-cv-02130-SBA, 2007 WL 2417370, *3 (N.D. Cal. Aug. 24, 2007)). Leave of court is generally required before serving discovery requests in connection with a Rule 60 motion. *See id.*; *Sathianathan*, 2007 WL 2417370, at *3. So before ordering the issuance and service of subpoenas, the Court must first consider whether to grant "permission to conduct limited discovery" at all. *Sathianathan*, 2007 WL 2417370, at *3.

Here, Doe seeks relevant information only with respect to one of the individuals on whom she seeks to serve a subpoena: Richard H. Shaw, Jr., Stanford University's Dean of Undergraduate Admission. As Doe's Rule 60(b) motion and supporting materials show, the core allegations underlying her request to set aside the parties' stipulated dismissal concern her communications with Mr. Shaw. For example, she argues that defendants procured the stipulation through fraud because of alleged misrepresentations by Mr. Shaw. Doe also argues that the dismissal was unconscionable because of alleged "bullying" and "retaliation" carried out by Mr. Shaw, resulting in "mental incapacitation" that was known to Mr. Shaw. Evidence concerning Mr. Shaw's communications with Doe is therefore directly relevant to her Rule 60(b) motion, and the Court cannot conclude on the available record that Doe requests such discovery in bad faith. The same cannot be said, however, of Doe's requests for other information from Mr. Shaw or for discovery from other individuals. Such requests are only indirectly related to the core allegations of fraud and unconscionability raised in Doe's Rule 60(b) motion.

Accordingly, the Court grants Doe's motion only to the extent she seeks information from Mr. Shaw concerning his communications with Doe. The Court orders the clerk's office to issue the concurrently filed subpoena for documents and directs the United States Marshal to effect

3

service of such subpoena on Mr. Shaw. Doe's request for discovery, Dkt. No. 69, is otherwise denied.[1]

The Court also denies Doe's request to permit oral testimony at the hearing on her Rule 60(b) motion. *See* Dkt. No. 75. In this district, oral testimony generally is not permitted at hearings. *See* Civ. L.R. 7-6. Doe argues that oral testimony is necessary here because any written declaration from Mr. Shaw will be fraudulent. Yet she provides no specific evidence to support that assertion. She asserts only that Mr. Shaw made false promises to her, without any allegation that he has ever misrepresented relevant facts to this or any other court. In any case, the Court cannot assume that Mr. Shaw will perjure himself based solely on Doe's allegation. Nor does Doe's general distrust of defense counsel warrant a departure from the general rule against oral testimony at hearings.

***Applications for Leave to File Replies.*** Doe filed two "*ex parte* application[s] for leave to file a traverse or reply in response to the Stanford defendants' opposition[s]" to her administrative motions requesting temporary sealing and discovery. *See* Dkt. Nos. 81 and 82. Though styled as requests for leave to file replies, the filings include substantive arguments responding to the oppositions and are, in essence, simply reply briefs. Doe also filed a reply to the Stanford defendants' opposition to her request for oral testimony without including an accompanying motion for leave to file the reply. *See* Dkt. No. 87.

"Civil Local Rule 7-11 does not authorize replies for administrative motions." *Celgard, LLC v. Targray Tech. Int'l Inc.*, No. 19-CV-02401-VKD, 2019 WL 3841997, at *2 n.4 (N.D. Cal. Aug. 15, 2019). Instead, the rule contemplates that administrative motions will be deemed submitted after the opposition is due. *See* Civ. L.R. 7-11(c). So courts in this district generally "do[] not consider [a] reply brief" filed in support of an administrative motion. *Celgard*, 2019 WL 3841997, at *2 n.4; *see also Doe 1 v. Nat'l Collegiate Athletic Ass'n*, No. 22-CV-01559-LB, 2022 WL 3974098, at *4 (N.D. Cal. Aug. 30, 2022); *Erickson Prods. Inc. v. Kast*, No. 13-CV-05472-DMR, 2019 WL 8107869, at *1 (N.D. Cal. July 18, 2019). Though the Court retains discretion to

---

[1] For the avoidance of doubt, nothing in this order precludes Mr. Shaw from filing a motion to quash the subpoena.

United States District Court
Northern District of California

consider such replies, *see Tucker v. AstraZeneca Pharms., L.P.*, No. 06-cv-0544, 2006 WL 2092069, at *1 (N.D. Cal. July 26, 2006), it declines to do so here. Doe's administrative motions sufficiently detail her arguments, and two of her three replies significantly exceed the usual five-page limit for briefing on administrative motions. *See* Civ. L.R. 7-11. Doe's *ex parte* applications are therefore denied.

*Letter regarding Discovery.* Doe recently filed a "letter" to the Court asserting new arguments concerning her request for discovery, which she inadvertently omitted from her reply. *See* Dkt. No. 85. The Court's standing order clearly instructs parties not to file letters or letter briefs. In reality, the letter amounts to a second reply brief in support of her discovery request. As explained above, Civil Local Rule 7-11 does not authorize replies for administrative motions at all. It certainly does not authorize a second reply. Even if it did, Doe's letter would significantly exceed the five-page limit for briefing on administrative motions. For these reasons, the Court *sua sponte* strikes Doe's letter.

**IT IS SO ORDERED.**

Dated: April 10, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

5