JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

PLAINTIFF, IN PRO PER

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | ) **MOTION FOR LEAVE FOR** |
| | ) **RECONSIDERATION OF THIS** |
| v. | ) **COURT'S APRIL 10, 2026, ORDER AS** |
| | ) **PER CIVIL L.R. 7-9; OR, IN THE** |
| JASON A. SMITH, *et al.*, | ) **ALTERNATIVE, MOTION FOR** |
| | ) **AMENDMENT/CLARIFICATION OF** |
| Defendants. | ) **THE AFORESAID ORDER** |
| | ) Judge:  The Honorable P. Casey Pitts |
| | ) Dept:     8 |
| | ) RE: ECF No. 88 |

Pursuant to Civil L.R. 7-9, which provides that "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order,"[1] because of a minor "failure by the Court to consider material facts or dispositive legal arguments" Civil L-R 7-9 (b)(3)[2] in this case, the Plaintiff respectfully moves this

[1] Because the "proceeding" of stipulated dismissal, *see Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305, 315, n. 2 (2025), is not an "entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" L.R. 7-9, and given the completely interlocutory nature of the order in question, the Plaintiff presumes that relief under L.R. 7-9 is available herein.

[2] Because a Rule 7-9 motion is not explicitly included within Rule 7-1 (a), the Plaintiff is unsure which local rule delineates the page limits for a motion for this relief. Regardless, the undersigned shall attempt to limit this motion to the least number of pages possible.

1

Court for leave to either file a motion for reconsideration, unless this Court sees it fit to reconsider its Order *sua sponte* based on this motion for leave. In the alternative, Plaintiff respectfully moves this Court, under the broad spectrum of Civil L.R. 7-11, for an amendment and/or clarification of its April 10, 2026, Order.

With all due respect to this Court[3], this Court's April 10, 2026 ("Order"), the Plaintiff contends, is erroneous on three aspects because of what appears to be this Court's (minor) misunderstanding of the plaintiff's earlier pleadings and prayers for relief thereto. The Plaintiff shall address all three in turn.

*First,* on its Order, the Court notes, "By no later than April 27, 2026, Doe shall file a motion consolidating all of her then-pending sealing requests" (*Order*, at p. 2). But as the Plaintiff explained to the Court in her Administrative Motion at Dkt. No. 68, the prayed relief therein was that the Court granted the request for seal in the interim pending the disposition of this Court's determination of "the question of pseudonymous proceeding" (*Id*., at p. 3). As explained therein by the Plaintiff, the Plaintiff is of the belief that the substantive law of pseudonymous proceeding is found, in this case, California Code of Civil Procedure, 367.3, subd. (b)(1) ("Section 367.3"), while

---

[3] Defendants hereto have previously argued, pointing out to a pleading in which the undersigned criticized a state court judge's order that was wrong in law, which resulted in the recall of that order by that said judge thereafter, "disparaging" (Dkt No. 29, at p. 5). The undersigned vehemently disagrees with that misrepresentation and the assessment that criticizing a court order one finds wrong in law or facts or, as here, respectfully asking a judge to assess whether they *might* have made a mistake is 'disparaging.' Indeed, it is the undersigned's view that *not* doing that is disparaging *to the institution of law* and by not asking the judge to re-review their order, however uncomfortable that request often is by a movant (and is here, also, to the undersigned), and letting an order/judgement possibly wrong in law and/or in facts to stand, is offensive to the administration of justice and the instrument of law, itself. Such a move also *dehumanizes* judges as those who cannot make humanely mistakes and takes an important (if not the most important) element away from judicial decision-making: judicial humility—the cornerstone of our legal order. *See, inter alia, Bridges v. California* 314 U.S. 252 (1941) and *In re Little*, 404 U.S. 553 (1972) (noting remarks of a similar nature).

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

the procedural law is set out in, *inter alia*, *Does v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) (*Advanced Textile*). And because the "[i]dentifying characteristics" that need to be sealed, *see* Section 367.3, sub. (a)(1), is found in that substantive law, the Plaintiff is unsure how the Plaintiff can determine *what ought to be sealed* unless this Court rules on that matter thereto. *See* Dkt. No. 68, at p. 3 (quoting *Guaranty Trust Co. v. York,* 326 U. S. 99 (1945) to argue that it is sometimes, as here, a challenging endeavor to determine what is substantive and/or procedural law for *Erie* purposes). But, of course, as this Court noted in its Order earlier, *see* Dkt No. 78, this Court cannot *rule* on the Plaintiff's proposed motion for pseudonymous proceeding before or *until* this case "is reopened by the granting of a Rule 60 motion," *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997). As such, very respectfully, the undersigned suggests the following alternative remedy to this complex procedural conundrum: Until this Court hears the undersigned's Rule 60(b) motion, the Court defers ruling on the issue of sealing (while granting temporary sealing orders)[4] until after it disposes of the Rule 60(b) motion by a ruling. In the event that that motion is granted, the Plaintiff shall file a motion for pseudonymous proceeding in this reopened case. And depending on the outcome of this Court's disposition of those arguments contained therein, the Plaintiff files a, as instructed by this Court, a 'consolidated sealing motion,' delineating what ought to be sealed. If the Court agrees with the Plaintiff that Section 367.3 is the substantive law here, then such a question is an easy one. *See* Section 367.3, subd. (a). In the event that the Court rules that Section 367.3 is not the substantive law but still grants leave to proceed pseudonymously because the Plaintiff satisfied the ideals promulgated in *Advanced Textile,* then it is the undersigned's burden to identify the least restrictive manner in which sealing should be sought

---

[4] *See Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1212 (9th Cir. 2024), as cited by this Court in its order, also.

3

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

without indirectly disclosing the undersigned's actual identity. In the event that the Court denies the leave to proceed pseudonymous, then it is still the undersigned's burden to determine what compelling reasons, or what good cause, exists to warrant sealing. *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d. 1092 (9th Cir. 2016).

*Second,* this Court construes the Plaintiff's Rule 60(b) motion as one where the only and "core allegations [are] fraud and unconscionability" (*Order*, at p. 3). While the Rule 60(b) motion surely includes allegations and entitlement of relief thereof for fraud and unconscionability, that is not *all* what the motion alleges. Plaintiff avers that the Motion also includes the argument that "even if assuming, *arguendo,* such a promise did not constitute fraud or misrepresentation or is factually challenged by the parties, the expulsion threat *per se* establishes misconduct and/or other reason that justifies relief" (Dkt. No. 66, at p. vi). There is already evidence in the record that an expulsion threat during the pendency of this litigation was made, within the exhibits launched concurrently with the Plaintiff's Rule 60(b) motion. But the motion also alleges that *because the expulsion threat was done in retaliation of this action*, such conduct satisfies a finding of *misconduct* that entitles Plaintiff to Rule 60(b) relief. As such, the Plaintiff is of the belief that *some limited discovery* as to *how* Mr.[5] Shaw started his purported investigation is needed and *how* the alleged derogatory information—the alleged attendance of another university—was revealed to him is needed in this case and that the Plaintiff is entitled to such limited discovery therefor to meet her

---

[5] Mr. Shaw might be called a dean at the defendant's institution, but he is a mister, not a dean, before this Court. *See generally* U.S CONST, art. I, § 9, cl. 8 (titles of nobility clause). Plaintiff notes that the origins of the word "dean" is its use an *honorific of nobility* within the state ecclesiastical institution of England—*i.e.*, the Anglican Church of England. And the *rex*, or *regina*, granted that title after one served for a period of time in the aforesaid ecclesiastical institution. The Plaintiff contends that such invocations of English honorifics is precisely what the Framers intended to prohibit.

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

Rule 60(b) motion. As such, respectfully, the Plaintiff requests that the Court reconsiders its Order and also issues a subpoena *duces tecum* to Mr. Shaw and orders the production of the *initial*, administrative, intra-institutional communication that started Mr. Shaw's investigation. This is a *core*—indeed, the **most *core***—allegation of the Rule 60(b) motion and its recitation of events at pages 1 through 4, and this Court seems to have not missed those contentions/allegations in the Plaintiff's Rule 60(b) motion.

The Plaintiff's speculation is that when this action was served on the defendants' Office of General Counsel, that office communicated to Mr. Shaw that he investigates the Plaintiff's four-year-old admissions application. To the extend that that is true and to the extent that the defendants will invoke privilege, as averred to this Court before, it is the *defendants'* burden to affirmatively establish privilege and move to quash the subpoena. But the Court cannot become advocates for a party by doing for that party what the party ought to have done for him or herself. " *Jones v. Drayton*, No. 2:21-cv-06020-ODW-JC, 2025 LX 162436, at *22 n.11 (C.D. Cal. June 4, 2025), citing *Perkins v. City of Elizabeth*, 412 F. App'x 554, 555 (3d Cir. 2011)[6].

As such, the Plaintiff requests, respectfully, leave from this Court for reconsideration on this issue.

*Third*, the Plaintiff is of the opinion that the Court might have erred both in its factual and legal recitations as to whether a subpoena could be issued on a Rule 60(b) motion. The Court notes, "Defendants do not contest the Court's authority to order issuance and service of subpoenas on

---

[6] Plaintiff is also deeply skeptical that the provisions of *Upjohn Co. v. United States,* 449 U.S. 383 (1981) would entitle the defendants for the invocation of privilege herein. First, the defendants have to establish that such an employee in the Office of General Counsel had, at that time, an active law license. Not all in-counsel retain active law licenses. Second, defendants have to establish how such an instrument of communication would be one where legal advice (what the privilege protects) is provided, as opposed to administrative or commercial advice.

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION
FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

Doe's behalf pursuant to 28 U.S.C. § 1915." (*Order*, at p. 3). Yet, the defendants seem to have done exactly that. "Although the administrative motion is written as if this action were still pending, in fact the action has been dismissed with prejudice. [...] Until and unless the action is reinstated pursuant to Rule 60(b) […] Plaintiff **has no right to subpoena** […]" Dkt. No. 80, at p. 2 (emphases added). And that is why the Plaintiff felt the urgent need to file a letter[7] with this Court (which the Court, rightly, struck from the record) to clarify the matter. Although the Court rightly struck that letter, the Plaintiff is, respectfully, apprehensive about this Court's reliance on both *Sathianathan v. Smith Barney, Inc.*, 2007 WL 2417370 (*Sathianathan*) and *United States v. Twitter, Inc.*, 2023 WL 111494[8] (*Twitter*) to find the permissibility of the issuance of subpoenas herein. Although both *Twitter* and *Sathianathan* appeared as probably applicable caselaw to the Plaintiff in her search on Westlaw, the Plaintiff was anxious to argue that *Sathianathan* and *Twitter* would be applicable here. Those cases are on the complex interworking of a federal court, federal bankruptcy courts, and arbitration proceedings. And in *Twitter*, it appears that discovery was granted only as to the proceedings of arbitration to determine whether fraud occurred during that process that would

---

[7] The Plaintiff is, of course, regretful and apologetic for having filed that 6-page letter. The Plaintiff was acting in a rush (perhaps in too much of a rush) and was afraid that this Court was going to find that, based on the defendants' assertion, it lacked jurisdiction to issue subpoenas. And, of course, the letter was filed because of the Plaintiff's dissatisfaction with how the defendants use procedural vehicles to which the Plaintiff cannot respond to make substantive legal arguments that should be made on noticed motions. *See, e.g.*, Letter, at p. 5 (noting that defendants rationale is to "rush" the court to issue a decision on the question of discovery while "excluding the Plaintiff from that process by doing that on an Opposition to an Administrative Motion that cannot be replied to"). The Plaintiff also contends that the first paragraph of that letter could be read as a *plea* to this Court to grant leave for the letter to filed, given the unusual procedural moves by the defendants. *See ibid.* (noting that the Plaintiff "cognizant and respectful of this Honorable Court's" Standing Order prohibiting letters but hoping that "Court will indulge the Plaintiff to submit this letter for this one time.").

[8] Although the Court cited *Twitter* at 2023 WL 8007994, that is a one-page sealing order. The Plaintiff assumes the Court meant to cite *Twitter* at 2023 WL 111494.

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION
FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

warrant relief thereof in the *federal* case *after* arbitration after the action was dismissed due to the arbitration proceedings. The facts of this case is vastly different. And those two orders only address the *permissibility* of discovery in Rule 60(b) motions in *passing*. As such, the undersigned was afraid that the Court would consider such verbiage as *obiter dicta* as to the question of the permissibility of discovery in Rule 60(b) motions, as the actual findings of those orders are *not* on the question of the permissibility of discovery in Rule 60(b) motions. *Twitter* Court's actual order is about a protective order. And although *Sathianathan*'s order is on the Rule 60(b) motion, again, it only addresses the permissibility issue in passing.

The Plaintiff sees two procedural issues herein. *First*, in those cases, the litigant seeking discovery filed a *motion/application for discovery*. *See*, *e.g.*, Appendix A. But the undersigned herein did not do that. She filed an administrative motion as to whether this Court should direct its Clerk to issue subpoenas and order service thereto. To the extent that the Court construed that administrative motion as a motion for discovery, that is within the Court's inherent jurisdiction, of course, but the Plaintiff is still worried about the applicability of *Sathianathan* and *Twitter*, as those cases do not address the *issuance of a subpoena*. And, *second*, **none of those decisions explain under what authority** **discovery**—or subpoena-issuing—is permitted in a Rule 60(b) motion.

Although the Plaintiff could see how a case like *United States v. State of Washington*, 98 F.3d 1159, 1166 (9th Cir. 1996) (Kozinski, J., concurring)[9] might be used to argue for the permissibility of discovery in a Rule 60(b) motion, she is still wary that, in the event that the defendants herein appeal this Court's ruling on the Rule 60(b) motion, the appellate body might be wary to this Court's permission of the issuance of subpoenas without clarifying *under what statute such*

---

[9] *See also Pearson v. First NH Mortgage Corp.,* 200 F.3d 30, 35 (1st Cir. 1999).

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

*jurisdiction lies therein*, in the event that defendants argue that the discovered material *from those subpoenas* were not admissible. And when the Court writes, "Court's authority to order issuance and service of subpoenas on Doe's behalf pursuant to 28 U.S.C. § 1915." (*Order*, at p. 3), this omission becomes important. Surely, the Court only means that the *service of subpoenas* by the U.S. Marshal's service is driven from this Court's jurisdiction driven from 28 U.S.C. § 1915 (the *in forma pauperis* statute, granting jurisdiction to district courts to order service of any orders, complaints, and summons thereof by the U.S. Marshal's if the litigant is a pauperized person). But the Court's order **does not cite *under what statute or rule* its subpoena issuing jurisdiction is gained**. The Plaintiff contends that Fed R Civ P 45 provides the Court such jurisdiction because a 'hearing' on a Rule 60(b) motion, like all motion hearings, are covered under Rule 45's use of the word 'hearing.' As such, the undersigned respectfully moves this Court to grant leave herein so it reconsiders its jurisdiction to issue subpoenas herein.

*Lastly,* the Court concludes that "[l]eave of court is generally required before serving discovery requests in connection with a Rule 60 motion" (Order, at p. 3). While, of course, the Plaintiff has no issue with seeking leave or permission from this Court on any matter, it appears to the Plaintiff, respectfully, that such a requirement is unfounded both in *Sathianathan* and *Twitter.* The Plaintiff cannot see the words 'leave' or 'permission' appearing anywhere on the court's opinion in *Twitter.* And in *Sathianathan*, the Court noted, "Plaintiff may take no further discovery concerning the subject matter of his Renewed Rule 60 Motion, or any other matter, **without leave of court**, except that Plaintiff may take the deposition of Michele Fron for one day, within thirty (30) days from the date of this order." *Sathianathan*, *supra*, *17 (emphasis added). This appeared after the Court granted the litigant's motion for discovery in Appendix A, but then the Court realized

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

that the litigant abused its permission and imposed a condition of leave for any future discovery ("Plaintiff proceeded to use the limited permission granted by the court to bombard Defendant with voluminous discovery." *Id*., at p. *2.). But the litigant in *Sathianathan* did not initially sought leave, any the Court did not grant leave. As such, because the Plaintiff's motion was not for discovery, but merely for the Court to direct its clerical staff to sign the subpoena and for this Court to order service of it thereto, the Plaintiff's understanding is that the controlling caselaw herein is likely *Scott v. A*., 2025 WL 3473767 and *Ellis v. Williams,* 2025 WL 3269289.

The Plaintiff understands that a motion under Civil L.R. 7-9 is to *seek leave* to file a *motion for reconsideration*. But given the upcoming hearing date, and the expediency in which discovery needs to proceed in this case because of temporary restraining order matter, the Plaintiff respectfully requests that the Court elect to, *sua sponte*, reconsider its order in light of this motion for leave, as opposed to the Plaintiff filing another motion for reconsideration. And because "no response need be filed", as per Civil L.R. 7-9(d), for this motion for leave, the Plaintiff assumes that the motion is considered submitted for disposition when it is filed.

Finally, since this motion is, in the alternative a motion for clarification, and since the Plaintiff was unable to find any caselaw as to whether a *traverse*[10] is allowed on an opposition to an administrative motion in this district[11], the Plaintiff thought it be best that this Court clarifies how it views procedure in this case. Although "[a] [t]raverse is not the proper pleading to raise additional grounds for relief[]" *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)—*see also Zamani*

---

[10] "Traverse" is the common-law pleading name for a formal denial of the factual allegations in an opposing parties' pleading. (Black's Law Dict., 7th ed. at 1506.). Although the Plaintiff is cognizant that traverses are usually filed on answers/returns to a petition for writ of habeas corpus, traverse was a pleading allowed at common law to any pleading that raised allegations.

[11] *See* Dkt No. 83 (mentioning this fact in the proposed order).

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP

*v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")—because this Court found that the Plaintiff "filed a *reply* to the Stanford defendants' opposition to her request for oral testimony without including an accompanying motion for leave to file the *reply*" (*Order*, at p. 4) (emphasis added), the Plaintiff is unsure if this Court finds it permissible to find traverses to oppositions to administrative motions. Defendants routinely allege such egregious facts that inflammatorily attempt to defame this Plaintiff's character with unrelated *ad hominem* attacks, and if defendants persist in such motion practice, the Plaintiff contends that she be allowed to dispute such factual allegations, given such practice's potentiality to color this Court's judgement of the Plaintiff and her character. Although this Court is not an inquisition to determine whether the Plaintiff is a morally upright person, the defendants use this Court's procedural vehicles in such a way, and, unless this Court admonishes defendants to halt that practice, the Plaintiff contends that she be allowed to dispute such tasteless allegations.

For the foregoing reasons, the Plaintiff prays that this Court will, *sua sponte,* reconsider parts of its Order and clarify/amend matters hereto discussed.

Respectfully submitted,

DATED: April 11, 2026

/s/ Jane Doe
_____

JANE DOE
In Pro Per

MOTION FOR LEAVE FOR RECONSIDERATION; OR, IN THE ALTERNATIVE, ADMINISTRATIVE MOTION FOR AMENDMENT/CLARIFICATION OF THE ORDER

Case no. 5:25-cv-03490-PCP