JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>JASON A. SMITH, et al.,<br><br>                    Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**CONCURRENT ADMINISTRATIVE MOTION FOR LEAVE TO NOTICE THE MOTION FOR LEAVE TO FILE A SUPPLEMENTARY PLEADING TO THE COMPLAINT UNDER RULE 15(d) ON APRIL 28, 2026 AND ADMINISTRATIVE MOTION FOR EXPEDITED BRIEFING THEREOF AND THERETO**<br><br>**[CIVIL L.R. 6-3 AND L.R. 7-11]**<br><br>**(Filed Concurrently with Declaration in Support)**<br><br>Judge:  The Honorable P. Casey Pitts<br>Dept:    8<br><br>RE: Dkt. No. 90 |

Pursuant to Civil L.R. 7-11, which authorizes a "motion for an order concerning a miscellaneous administrative matter," the Plaintiff moves this Court for leave to notice the Motion to Take Leave of the Court to File a Supplemental Pleading under Fed R Civ P 15(d); or, In the Alternative, Motion for Leave to Amend the Complaint under Fed R Civ P 15(a), docketed at ECF No. 90. Pursuant to Local Rule 6-3, the Plaintiff also hereby moves this Court order expedited briefing.

Although the Plaintiff assumes that the Court is familiar with the recent procedural history of this action, the Plaintiff shall still briefly recite procedural posture as it relates to this administrative motion. The Plaintiff filed a Rule 60(b) motion to set aside the parties' stipulated dismissal with prejudice. Dkt. No. 66. The Plaintiff, thereafter, moved the Court to order expedited briefing, advance the hearing date, and amend deadlines for responsive pleadings thereto. Dkt No. 72. The Court first denied that motion. Dkt. No. 74. The Plaintiff moved the Court to clarify whether it would consider granting the Plaintiff leave to file a motion for temporary restraining order. Dkt. No. 76. The Court, after reviewing that motion, *sua sponte*, reconsidered its order in Dkt. No. 74 and granted the Plaintiff leave to file a motion for temporary restraining order and advanced the hearing date to April 28, 2026. Dkt. No. 78. As alluded to this Court at Dkt. No. 76, at p. 3, n. 1, "The Plaintiff also intends to file a motion for leave to amend the complaint. The Plaintiff is in the process of meeting and conferring with the defendants' counsel as to the Motion's briefing schedule, including whether they are amenable to stipulate to have the motion be heard on the same May 7, 2026, hearing for the sustenance of judicial resources." (*Ibid*., quoting *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025)).

That motion has been filed at Dkt. No. 90. Although the Plaintiff is cognizant that she should have sought leave from this Court first *before* noticing that motion, because PACER does not allow a noticed motion to be *filed* without *noticing* it, the Plaintiff noticed the motion on April 28, 2026, and is now seeking *concurrent* leave to be able to do so. In the event that the Court does not grant leave, the Plaintiff shall re-notice that motion to the date ordered by the Court.

Civil L.R. 7-2 finds that a motion should be noticed for a "hearing not less than 35 days after filing of the motion[.]" (*Ibid*). Pursuant to Civil L.R. 7-3 (a), an opposition to a noticed motion "must be filed and served not more than 14 days after the motion was filed." (*Ibid*). And, pursuant

2

CONCURRENT ADMINISTRATIVE MTOION FOR LEAVE TO NOTICE THE MOTION FOR LEAVE TO FILE A SUPPLEMENTARY PLEADING TO THE COMPLAINT UNDER RULE 15(d) ON APRIL 28, 2026 AND ADMINISTRATIVE MOTION FOR EXPEDITED BRIEFING THEREOF AND THERETO

Case no. 5:25-cv-03490-PCP

to Civil L.R. 7-3(c), "reply to an opposition must be filed and served not more than 7 days after the opposition was due" (*Ibid*).

As this Court recognized in its Order at Dkt. No. 78 ("Order"), "[b]efore the … Court could rule on a TRO application, the Court would first need to reopen this case" (*Order*, at p. 1) (cleaned up). "But the Court's lack of jurisdiction to *rule* on a TRO application before resolution of the Rule 60 motion does not bar the *filing* (or briefing) of such an application." (*Order*, at p. 1). But there is another hurdle before the Court rules on the Plaintiff's proposed Temporary Restraining Order (TRO): Given that the relief that will be sought on the TRO is based on events that occurred *after* the filing of the initial complaint (as this Court would recall, the expulsion matter, not the unlawful arrest/detainment), and because a TRO will issue "to preserve the status quo and prevent irreparable harm" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) while looking at the <u>allegations of the complaint under which the TRO relief is filed</u>, *see also* Civil L.R. 65-1(a)(1), the Court is likely unable to issue the TRO until after it considers whether a supplement to it under Fed R Civ P 15(d) is appropriate. Because only on those allegations would the Plaintiff be able to establish her burden for TRO relief, the Court needs to (1) first rule whether to grant the Rule 60(b) motion, (2) if granted, whether to allow the Plaintiff to supplement the Complaint, and (3) based on the supplemented complaint, whether to issue a TRO relief.

As such, for this Court to be able to hear the TRO matter, the Court also has to hear the matter of the amendment of the complaint under Rule 15(d). In the event that the Court grants the Rule 60(b) motion, grants the Rule 15(d) motion, accepts the proposed supplementary complaint[1] and construes it as filed, *then* will the Court be able to able to address the TRO matter.

To comply with the Civil L.R. 6-3 (a)(2) and the Standing Order of this Court, the Plaintiff has been in communication with the defendants. They oppose *both* amending the complaint and this

---

[1] This will be filed in the Court's docket as a proposed supplementary complaint within a couple of hours.

CONCURRENT ADMINISTRATIVE MTOION FOR LEAVE TO NOTICE THE MOTION FOR LEAVE TO FILE A SUPPLEMENTARY PLEADING TO THE COMPLAINT UNDER RULE 15(d) ON APRIL 28, 2026 AND ADMINISTRATIVE MOTION FOR EXPEDITED BRIEFING THEREOF AND THERETO

Case no. 5:25-cv-03490-PCP

administrative motion. The Plaintiff wrote to defense counsel, "I noticed that, in order to not violate the Standing Order of the Court, and avoid any sanction liability, I should have initially elected to ask you if you are willing to stipulate to an amendment of the complaint, if the equitable motion to set aside is granted, as the Standing Order dictates that I inquire before filing a Motion for Leave to Amend." (Decl. In Support, at p. 3). The counsel averred that they "certainly have no obligation to consent to an amendment that we haven't [*sic*] seen" (Decl. In Support, at p. 4).[2]

On the issue of expedited briefing and advancing the hearing date, the Plaintiff wrote, "Will you be amenable to consenting/stipulating to the Motion for Leave to Amend to be heard on the same May 7, 2026, Hearing, provided that the Motion is filed by tomorrow? As you are aware, pursuant to *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025), the Plaintiff can concurrently move (and is moving) to set aside the dismissal by stipulation […] and, then, for leave to amend. Because first leave to amend (as will be the case here) is so liberally granted, and because the Motion will be substantially shorter than the Motion to Set Aside, I am suspecting that it will not take you that long to prepare your opposition brief, if any. It would be in the interest of both parties (and the judicial economy) for such tightly-related motions to be disposed of within the same hearing." (Decl. In Support, at p. 5). The Counsel avers, "the Court should first address the pending motion and then, only if it grants that motion, determine whether it wishes to allow the motion for leave to amend to go forward; this will avoid a likely waste of judicial and party resources." (Decl. In Support, at p. 6).

But, of course, that position goes against both the provisions of *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025), *see* Dkt. No. 90, at pp. 1-2 (arguing for the applicability of *BLOM* and the concurrent Rule 60(b) and Rule 15 motions), and this Court's order that "resolution of the

---

[2] The Plaintiff avers that most motions for leave to amend the complaint do not include a proposed new complaint, but the Plaintiff is filing a proposed new complaint herein because of the TRO matter, as explained *supra*.

Rule 60 motion does not bar the *filing* (or briefing) of such an application." (*Order*, at p. 1). It is unclear to the undersigned why the counsel has elected to both ignore the provisions of *BLOM* and this Court's clear order.

And, at any event, as previously averred to this Court, *see* Dkt. No. 72-1, counsel has not explained why he did not respond to the undersigned's good-faith efforts to meet and confer about the briefing schedule of these motions *since January* and how that prevented the undersigned from being able to move this Court as that would have been a violation of this Court's Standing Order on noticing motions and would have created a sanctions liability for the undersigned. The Plaintiff avers that the counsel's way of communication with the undersigned while the undersigned is attempting to engage in good-faith meet and confer speaks to itself—and the gamesmanship to delay these motions, *see* Dkt. No. 72-1,  from being filed is apparent on its face.

But because the Plaintiff promised to counsel that she will file the motion for leave "tomorrow" on April 8—*i.e.*, April 9—and because the Motion was filed on April 12[3], the Plaintiff is content in foregoing 4 days from her 7-day reply deadline as a matter of fairness and equity to defense counsel As such, because the motion for leave also needs to be heard on April 28, 2026, for the TRO relief to be heard thereto and therein, **the Plaintiff respectfully requests a leave from this Court to notice the Motion at Dkt No. 90 for hearing on April 28, 2026.** The Plaintiff also proposes, respectfully, the following the briefing schedule:

1. Defendants' Opposition shall be due on April 22, 2026.

---

[3] The filing of the motion was delayed because the undersigned wanted to re-read the entire opinion of *BLOM* to see if defense counsel has any meritorious argument for his position and whether she misunderstood *BLOM* or *Waetzig*, but it appears that she has not and defense counsel is either unfamiliar with *BLOM* and/or *Waetzig* or is acting in bad faith, including disregarding this Court's clear orders. The Plaintiff is also utterly unsure what possible cognizable reason exists to oppose a leave to amend a *never-amended* complaint, given the "extreme liberality" *Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) with which such motions are reviewed, but, of course, defendants are entitled to an opposition brief as a matter of right and due process.

CONCURRENT ADMINISTRATIVE MTOION FOR LEAVE TO NOTICE THE MOTION FOR LEAVE TO FILE A SUPPLEMENTARY PLEADING TO THE COMPLAINT UNDER RULE 15(d) ON APRIL 28, 2026 AND ADMINISTRATIVE MOTION FOR EXPEDITED BRIEFING THEREOF AND THERETO

Case no. 5:25-cv-03490-PCP

2. Plaintiff's Reply shall be due on April 25, 2026.

Accordingly, the Plaintiff also seeks leave from this Court's Standing Order, mandating that parties "allow at least 14 days between the final filing and the hearing." (*Id*., at p. 2).

Respectfully submitted,

DATED: April 11, 2026.

*/s/ Jane Doe*

JANE DOE

*In Propria Persona*

CONCURRENT ADMINISTRATIVE MTOION FOR LEAVE TO NOTICE THE MOTION FOR LEAVE TO FILE A SUPPLEMENTARY PLEADING TO THE COMPLAINT UNDER RULE 15(d) ON APRIL 28, 2026 AND ADMINISTRATIVE MOTION FOR EXPEDITED BRIEFING THEREOF AND THERETO

Case no. 5:25-cv-03490-PCP