JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

PLAINTIFF, IN PRO PER

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

|  |  |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | ) **ADMINISTRATIVE MOTION FOR AN ORDER ORDERING DEFENDANTS TO PRODUCE DOCUMENTS IDENTIFIED IN SUBPOENA *DUCES TECUM* BY APRIL 24, 2026** |
| v. | ) |
| JASON A. SMITH, *et al.*, | ) |
| Defendants. | ) Judge:  The Honorable P. Casey Pitts<br>) Dept:    8 |

Pursuant to Civil L.R. 7-11, the Plaintiff hereby moves this Court via an administrative motion for relief regarding a "miscellaneous administrative matter."

This Court previously issued a subpoena *duces tecum* to the proposed Defendant Shaw. The subpoena commands the production of documents on April 28, 2026—the hearing date on the Plaintiff's motion to set aside dismissal. But for the Plaintiff to be able to incorporate the documents in those materials in her Reply brief, the Plaintiff needs those documents beforehand.

The Plaintiff did not move this Court for relief earlier because she thought the *entirety* of her communication with proposed Defendant Shaw would be included in the Administrative Record the here-defendants launched in a concurrent state proceeding. That Administrative Record is launched at ECF No. 111. For reasons unbeknownst to the Plaintiff, however, the defendants intentionally

1

omitted certain emails between the Plaintiff and proposed Defendant Shaw, including an initial email by the Plaintiff sent to Defendant Shaw on or around July 21, 2025, indicating to him that the Plaintiff is suspecting the admissions investigation to be out of retaliation for the filing of the initial complaint in this Court. It is unclear to the Plaintiff why defendants chose to not include that email in that record, or whether they will attempt to induce the same fraud upon *this* Court herein.

And, of course, because the defendants shut down the Plaintiff's email address, she is unable to obtain these emails herself. To the extent that the defendants are not going to produce the complete body of communication between the Plaintiff and proposed Defendant Shaw (and specifically excluding emails where retaliation is mentioned), the Plaintiff intends to invoke the doctrine of inverse inference.

At any rate, receiving this material on April 28, 2026, would be counterintuitive, as the Plaintiff will not be able to incorporate them to her Reply brief. As such, the Plaintiff prays this Court to order the Defendants to effectuate production thereof by April 24, 2026. The defendants have not moved to quash the subpoena, and they should be ready to comply with it by April 24, 2026, given that they have been given almost two weeks to retrieve 20-25 email conversations.

Respectfully submitted,

DATED: April 21, 2026

/s/ Jane Doe
_____

JANE DOE
In Pro Per

ADMINISTRATIVE MOTION FOR AN ORDER ORDERING DEFENDANTS TO PRODUCE DOCUMENTS IDENTIFIED IN SUBPOENA *DUCES TECUM* BY APRIL 24, 2026

Case no. 5:25-cv-03490-PCP