JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| | ) |
| Plaintiff, | ) **ADMINISTRATIVE MOTION TO** |
| | ) **CLARIFY WHETHER THIS COURT'S** |
| v. | ) **LEAVE TO FILE A MOTION TO STRIKE** |
| | ) **AT DKT. NO. 137 IS MOOTED** |
| JASON A. SMITH, et al., | ) |
| | ) Judge: The Honorable P. Casey Pitts |
| Defendants. | ) Dept:    8 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Pursuant to Civil L.R. 7-11, the Plaintiff moves this Court for "miscellaneous administrative" relief.

The Plaintiff construes and construed the Court's order at Dkt. No. 137 as providing leave to file a noticed motion to strike portions of the defendants' opposition to the Plaintiff's Motion to Set Aside the Proceeding of Stipulated Dismissal even after the Motion was submitted for disposition. On its order at Dkt. No. 163, the Court, citing *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015), clarified that the sealing motions are not mooted by its denial of or by the appeal taken from its Order denying the Plaintiff's Rule 60(b) motion, nor did the Court lose subject-matter jurisdiction over them.

As *Opus Bank* reasoned, divestiture of subject-matter jurisdiction of a district court over a *matter* before it is not analogous to the Court's "inherent supervisory power over such documents [on its docket]." *Opus Bank*, at p. 1134, citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). While the Plaintiff shall file the consolidated sealing motions by the end of today (the Court's time zone; it is already the next day on this part of the globe), because the Plaintiff brought the issue of the motion to strike at Dkt. No. 162, the Plaintiff wonders if the Court intended its Order at Dkt. No. 163 to be construed as *also* applying to the Plaintiff's proposed Motion to Strike, as striking pleadings from the Court's own docket will also be part of the Court's *inherent* supervisory power over its own documents.

If the Court intended its order to be construed in such a way, the Plaintiff is still willing to file her motion to strike, however, she is worried about one aspect: If the Court strikes certain portions of the Opposition that is cited in its Order under Appeal, the record on appeal before the Ninth Circuit might appear *odd*. Put differently, "[p]apers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988). Stricken documents, therefore, cannot form the record on appeal and, as such, if the Court strikes them, some portions of its Order under Appeal might reference matters not included in the record before the Ninth Circuit.

Similar, as the Plaintiff explained at Dkt. No. 158, at pp. 5-6, the subpoenaed documents were not before the Court when it was making its adjudication because this Court ordered the Plaintiff to not change the scope of the subpoena it prepared, which the Plaintiff construed as applying to the date of production. Indeed, the Court denied the Plaintiff's request to amend that date, reasoning that the Plaintiff set out that date. *See* Dkt. No. 118.

ADMINISTRATIVE MOTION TO CLARIFY WHETHER THIS COURT'S LEAVE TO FILE A MOTION TO STRIKE AT DKT. NO. 137 IS MOOTED

Case no. 5:25-cv-03490-PCP

"Generally,  Rule 10(e) cannot be used to augment the record on appeal with documents not presented to the district court unless there is a clear showing of mistake or accident." *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987). In an unpublished opinion of *First Interstate Bank, N.A. v. Fed. Leasing, Inc.*, No. 91-35727, 1992 U.S. App. LEXIS 33889, at *11 (9th Cir. Dec. 14, 1992), citing *Salinger v. Random House,* 818 F.2d 252, 253 (2d Cir. 1987), the Ninth Circuit speculated that "allowing supplementation of record on appeal with documents not technically part of district court record where it appeared district court had in fact considered the evidence" might be appropriate. Because this Court considered the issue of missing emails on its Order based on the Plaintiff's declaration under the penalty of perjury attesting to those emails, the Ninth Circuit may nevertheless augment the record to include the subpoenaed records.

Yet, a far better and more sound approach might be, as set in *Gould* and FRAP 12.1, for the Plaintiff to petition the Ninth Circuit to remand this matter after this Court makes an indicative ruling. This would likely be a more sound approach, given that the exclusion of the subpoenaed records affected this Court's finding of facts, which cannot be addressed by an appellate court reviewing the record for abuse of discretion. For instance, on its Order on Rule 60(b) motion, "[o]n August 1, 2025, while Doe may still have been unconscious, Shaw received a previously scheduled email from Doe responding to his letter." (*Id.*, at p. 5). Yet if the Court had reviewed Exhibit A herein, at p. 2, it likely would have made a different factual finding.

This would also likely be a better approach particularly that this Court's order addressed matters that should have been stricken. *See* Order, at p. 2, n. 1.

Accordingly, the Plaintiff moves this Court to clarify whether (1) its citation of *Opus One* at ECF No. 163 should be construed as to include its leave to file a motion to strike at ECF No. 137,

ADMINISTRATIVE MOTION TO CLARIFY WHETHER THIS COURT'S LEAVE TO FILE A MOTION TO STRIKE AT DKT. NO. 137 IS MOOTED

Case no. 5:25-cv-03490-PCP

(2) whether it will make an indicative ruling herein *for the limited purposes* of reviewing the subpoenaed material and for striking matters for immateriality and scandalousness under Fed R Civ P 12 (f).

"Although immaterial" to the Plaintiff's requested herein, the Plaintiff would be "derelict if [she] failed to note" the Court's "careless dis[regard] for the plaintiff's transgender identity" *Canada v. Hall*, 2019 WL 1294660, at *1 n. 1 (N.D. Ill. March 21, 2019) and the defendants' careless disrespect thereto, especially because the Court seems to have branded the Plaintiff as a perjurer in the Public Record with its irrelevant statement at Order, at p. 2, n. 1. The Court therein concluded that although it "need not resolve this factual dispute to resolve Doe's Rule 60(b) motion[,]" "video footage of the interview appears to support Smith's recollection of the encounter[,]" finding that the "interview [is] entirely routine" and non-custodial. *Order*, at p. 2. The Court further, carelessly and erroneously, dismisses the severity of fear Plaintiff's encounter with Defendant Smith cause as one that was caused by Smith's "height" *Ibid*.

A defendant "seizes" a plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force, or a show of authority. *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997); *California v. Hodari D.*, 499 U.S. 621, 626, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991); *Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013). A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and "go about [their] business." *Florida v. Bostick*, 501 U.S. 429, 437, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991). The Ninth Circuit elucidated a four-prong test for this purpose in *United States v. Washington*, 387 F.3d 1060, 1068 (9th Cir. 2004).

ADMINISTRATIVE MOTION TO CLARIFY WHETHER THIS COURT'S LEAVE TO FILE A MOTION TO STRIKE AT DKT. NO. 137 IS MOOTED

Case no. 5:25-cv-03490-PCP

But, pertinently, the "reasonable person" standard in the Ninth Circuit is someone belonging to the same social standing as the Plaintiff whose reasonableness is under question. In Ellison v. Brady, the Ninth Circuit "adopt[ed] the perspective of a reasonable woman primarily because [it] believe that a sex-blind reasonable person standard tends to be male-biased and tends to systematically ignore the experiences of women" 924 F.2d 872, 879 (9th Cir. 1991). In *McGinest v. GTE Serv. Corp*, in an employment discrimination context, the Ninth Circuit elucidated that the test for reasonableness should be assumed from the position of a reasonable member of a discriminate-against minority group "recognize forms of discrimination that are real and hurtful, and yet may be overlooked if considered solely from the perspective of an adjudicator belonging to a different group than the plaintiff." 360 F.3d 1103, 1116 (9th Cir. 2004).

Defendant Smith's conduct that was enumerated in the Complaint before *this* Court, and at length enumerated in *Doe v. Board of Trustees of Leland Stanford Junior University* (*Doe II*), 5:26-cv-03809-BLF, Dkt No. 33, ¶¶ 33-45 and ¶¶ 66[1] , would be the most alarming conduct for a reasonable member belonging to the same discriminated-against identity group as the Plaintiff. And no reasonable member of that group would have felt safe to be with Defendant Smith alone; and no reasonable member of that group would have felt that they were free to leave, especially when they thought during the 3-4 minute encounter with Smith that the door was locked. Even if such a reasonable member thought that the door was unlocked would they have felt that they were free to leave when Defendant Smith stood that close to them or when he moved his body to and fro to them.

---

[1] *See also* Dkt. No. 33, at p. 9, n. 9 (explaining that the allegations were not included in the never-amended complaint in this case because the Plaintiff's pseudonymous status was not established until May 10, 2026).

In branding the Plaintiff as a perjurer in the Public Record and relying on scandalous matters that should have been stricken, that should have never been submitted to this Court, and that should have never been part of this Court's adjudication (that is exactly *why* they should have been stricken because this is *exactly* what happens when the Court decides on an issue in a footnote with no briefing whatsoever), the Court completely "overlooked" "forms of discrimination that are real and hurtful" *McGinest, ibid.*,  created an even-more-injurious injury in choosing the side of the discriminator instead of the discriminated, *see* Dkt. No. 33 in *Doe II*, at pp. 33-34, and blamed the Plaintiff for being intimidated by discriminatory animus. It is uncontested that "misgendering transgender people [is] degrading, humiliating, invalidating, and mentally devastating." *Hampton v. Baldwin*, 2018 WL 5830730, at *2 (S.D. Ill. Nov. 7, 2018) (referencing expert testimony). "One's name or the pronoun that represents that name is the most personal expression of one's self. To not call one by the name one prefers or the pronoun one prefers, is simply rude, insulting, and cruel." *Taking Offense v. State of Cal.*, 66 Cal. App. 5th 696, 732 (2021) (Robie, J., concurring in fully in judgement but writing separately on this issue).

Respectfully submitted,

DATED: May 14, 2026.

*/s/ Jane Doe*
_____
JANE DOE

In Propria Persona

ADMINISTRATIVE MOTION TO CLARIFY WHETHER THIS COURT'S LEAVE TO FILE A MOTION TO STRIKE AT DKT. NO. 137 IS MOOTED

Case no. 5:25-cv-03490-PCP