JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>     Plaintiff,<br><br> *v.*<br><br>JASON A. SMITH, *et al.*,<br><br>     Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:  The Honorable P. Casey Pitts<br>Dept:  8<br><br>RE: Dkt. No. 88, 104, 146 , 163, 166, all pending sealing motions and all pending administrative motions to consider whether another party's material should be sealed<br><br>(Filed Concurrently with Table with Proposed Redactions) |

Pursuant to this Court's Order at ECF No. 88, the Plaintiff hereby moves this Court with her consolidated sealing motion, *see* Civil L.R. 79-5, and her consolidated statement of designating party within the meaning of Civil L.R. 79-5(f)(3).[1]

---

[1] Because this is a combined brief for administrative motions, the Court *sua sponte* granted the Plaintiff leave to file a consolidated brief of "10 pages in length[.]" *See* ECF No. 146.

**<u>CONSOLIDATED SEALING MOTION:</u>**

**<u>General Standard for Sealing as One that Balances the Public's First Amendment and Common Law Right to Observe Judicial Proceedings and the Litigants' Interest in their Private Matters</u>**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commo'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is based on the need for federal courts, although independent indeed, particularly because they are independent to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096-98. If the underlying motion does not surpass the tangential relevance threshold, the "good cause standard applies." *Id*. Put differently, When the underlying motion does not surpass the tangential relevance threshold, the lesser, "good cause" standard applies. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (holding that the "good cause" standard imposes a lower

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP

burden than the "compelling reasons" standard). Under either standard, "an order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

Pertinently, the Ninth Circuit has made it "clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101 (footnote omitted). "[P]rocedural motions that do not bear on the merits of the underlying claims," however, generally invoke the 'good cause' standard. *Daybreak Game Co., LLC v. Kristopher Takahashi*, No. 25-cv-01489-BAS-BLM, 2026 U.S. Dist. LEXIS 66790, at *5 (S.D. Cal. Jan. 12, 2026), citing *Ctr. for Auto Safety*, 809 F.3d at 1102 ["[P]rocedural motions that do not bear on the merits of the underlying claims."].

**General Standard for Sealing A Pseudonymous Party's Identifying Characteristics:**
This Court granted the Plaintiff leave to proceed pseudonymously in this action, as the Court "has determined that this is the 'unusual case when nondisclosure of [Doe]'s identity is necessary to protect [her] from injury,'" (Dkt. No. 163, citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000)). Although not much case citation exists on this issue, it follows logically that a party proceeding pseudonymously should be permitted to seal her identifying characteristics so as to ensure that the "protections already provided by pseudonymity" are not annulled *de facto* (Dkt. No. 163). The Ninth Circuit addressed this issue in passing in *Doe v. Harris*, 640 F.3d 972, 973 n.1 (9th Cir. 2011) and found that it makes sense that "when Doe moved in the

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

district court to proceed under a pseudonym[,]" he also moved "to seal any document revealing his true identity," as, in the absence of such sealing orders, the pseudonymous status would be meaningless. *Ibid*. [collecting cases where dispositive orders and judgements were narrowly tailored to not inadvertently reveal the pseudonymous party's true identity].

**Beyond Categorically Sealing the Plaintiff's Identifying Characteristics, The Less Exalting 'Good Cause' Standard Applies Herein because a Motion to Set Aside Stipulated Dismissal and Motion for Leave to File a Supplement to The Complaint Are Procedural Motions:**

Although the Motion to Set Aside Stipulated Dismissal might be characterized as 'dispositive' of and in this case (and disposed of this case), the sealing standard "does not merely depend on whether the motion is technically 'dispositive[.]'" *Ctr. for Auto Safety*, 809 F.3d at 1101. "[P]rocedural motions that do not bear on the merits of the underlying claims," *Id.*, at p. 1102, and thus always calls upon the good-cause standard, which is less exalting than the compelling-interest standard.

**The Seal Sought over the Motion for Temporary Restraining Order Might Have Called Upon a Compelling-Interest Standard but Because the Court Did Not Grant Leave to Supplement the Complaint, the Good-Cause Standard Applies to It, Too:**

Of course, "a motion for preliminary injunction frequently requires the court to address the merits of a case," *Ctr. for Auto Safety,* 809 F.3d, at 1099. And the Motion for Temporary Restraining Order would have caused the Court to address the merits of the underlying case. But the Court did not grant the Plaintiff leave to file a supplement to the Complaint under Federal Rules of Civil Procedure 15(d) because it lacked jurisdiction after its refusal to "reopen[] [this case] by the granting of a Rule 60 motion," *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997). As such, because the Motion for Temporary Restraining order address matters that are not contained in the merits of the case—*i.e.* the allegations of the operative complaint—the

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP

Motion for Temporary Restraining order was not a pleading that was more than tangentially related to the merits of the case—*i.e.* the operative complaint. Only had the Court allowed the Plaintiff to add more 'merits' to the case by way of filing a supplement to the complaint would the motion for temporary restraining order ("TRO") be related to the 'merits' of the case. But, in the instant case, because the motion for TRO does not address matters related to the 'merits' of the case—*i.e.* what is contained in the never-amended operative complaint—good-cause standard should apply for any sealing related to the motion for TRO as well.

Accordingly, the Court's sealing orders should be narrowly tailored to (1) sealing the Plaintiff's identifying characteristics given her pseudonymous status, and (2) whatever the good-cause standard would dictate sealing herein.

**Defendants Have Waived or Forfeited their Procedural Right to Object to this Motion because They Failed to Follow this Court' s Clear Order in Bad Faith and with Dilatory Motive (And Any Such Opposition Should be *Sua Sponte* Stricken as Procedurally Improper):**
On its Order at Dkt. No. 88, at p. 2., this Court ordered the Plaintiff to file "a table organizing all pending sealing requests by document[,]" one that included information as to "[w]hether defendants oppose sealing" *Ibid*. The Plaintiff contacted the opposing counsels *at least* four times to inquire what they would oppose be sealed. She did not receive any substantive response. Rather, despite this Court's order granting the Plaintiff pseudonymous status, the defendants maintain that the Plaintiff's birth name be disclosed in the public record. Because the defendants' position flagrantly violates the Order of this Court and defendants' position is basically a request for a *carte blanche* to "address [the Plaintiff] with profanity-laced vitriol" *Ariz. Bd. of Regents v. Doe*, No. CV-20-01638-PHX-DWL, 2020 WL 5057628, at *2 (D. Ariz. Aug. 27, 2020) in the form of

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case no. 5:25-cv-03490-PCP

"refer[ing] to […] transgender women by their former male names,[2]" *see Hecox v. Little*, 479 F. Supp. 3d 930, 956-57 (D. Idaho 2020), *affirm'd sub. nom Hecox v. Little,* 104 F.4th 1061, 1079 (9th Cir. 2024) (en banc)[3], the Plaintiff contends that the defendants, by their non-compliance with this Court's order, either waived or forfeited their procedural right to oppose this administrative motion. "A party forfeits a right when it fails to make a timely assertion of that right and waives a right when it is intentionally relinquished or abandoned." *Crowley v. EpiCept Corp*, 883 F.3d 739, 748 (9th Cir. 2018) (citations omitted). The defendants failed to timely assert their right to oppose the sealing motion by not responding to the Plaintiff's good-faith communication efforts in compliance with this Court's order. Because defendants' wanton disregard of this Court's order is also intentional, they also forfeited their right to oppose this motion.

**The Court Should Grant the Plaintiff Leave to Not Include Certain Information It Ordered be Included in the Consolidated Table**

Because the defendants did not engage with the Plaintiff in good faith, as established *supra*, the Plaintiff cannot inform this Court as to "[w]hether defendants oppose sealing" (Dkt. No. 88, at

---

[2] There is virtually no authority to support the position that had the Court not granted the Plaintiff's motion for leave to proceed under a pseudonym, the Court would have referred to the Plaintiff by her former legal name, instead of her current legal name. Indeed, this is common practice in the Judiciary since the beginning of time. *See, e.g., Ulane v. Eastern Airlines, Inc.,* 742 F.2d 1081 (7th Cir. 1984) (referring to the Plaintiff as "Karen Ulane"). *See also Schwenk v. Hartford* 204 F.3d 1187, 1192 n. I (9lh Cir. 2000) (emphasis added) ("In using the feminine rather than the masculine designation when referring to Schwenk, we follow **the convention** of other judicial decisions involving male-to-female [*sic*] transsexuals [*sic*] which refer to the transsexual individual by the female pronoun."). *See also In re M.T.*, 106 Cal. App. 5th 322, 343 (2024) (sealing the Plaintiff's "former name" because the appellant has a right to keep "her transgender identity private").

[3] The Supreme Court granted a petition for a writ of *certiorari* in this case. *See Little v. Hecox*, 145 S. Ct. 2871, 222 L. Ed. 2d 1154 (2025). The petition is pending disposition. However the Supreme Court disposes of the case, it is unlikely that the Supreme Court will 'overturn' the District Court's admonishment that counsel for intervenors do not use profanity-laced vitriol in court documents, as that is not a question before the Supreme Court.

6

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP

p. 2). To that extent, the Plaintiff seeks leave from that portion of this Court's order. The Court also ordered the Plaintiff to include "[a] citation to the original sealing motion" (*Ibid*.), but in most of the cases, the Plaintiff did not file individual sealing motions and when she did, it was purely as a 'place-holder' on PACER to be able to attach sealed documents to it. *See, e.g.,* Dkt. No.s. 120, 130. For that reason, because no 'original sealing motion' exists herein, the Plaintiff seeks leave from following that portion of this Honorable Court's order as well.

**The Plaintiff Assumes that She Need Not Lodge the Sealed Versions of the Exhibits with this Request**

For the purposes of this request, the Plaintiff assumes that she need not launch a sealed versions of the pleadings she intends be sealed. Depending on how the Court rules on this motion, the Plaintiff shall apply necessary redactions as ordered by this Court and launch the rest of the exhibits unreacted in the Public Record, as any redaction needs to be narrowly tailored.

**CONSOLIDATED STATEMENT OF DESIGNATING PARTY AS PER CIVIL LOCAL RULE 79-5 (f)(3):**

**Defendants' Administrative Motion Should have Been Brought as an Administrative Motion to Seal, not an Administrative Motion as To Whether Another Party's Material Should be Sealed**

This Court's order granting the Plaintiff pseudonymous status applies to all parties in the litigation. *See, e.g., "*In all public filings, including pleadings, motions, and exhibits, **the parties shall refer to Plaintiffs only as Doe #1, Doe #2, Doe #3, and Doe #4 (or 'Student Doe #1' etc.), respectively, and shall redact Plaintiffs' names and personal identifying information" *Doe v. Noem*, No. 2:25-cv-00663, 2025 WL 1434925, at *12 (W.D. Wash. May 19, 2025) (emphasis added). "

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP

As such, the defendants' administrative motion should have been launched as an administrative motion to lodge under seal, not an administrative motion as to whether another party's documents should be sealed. Indeed, the defendants *seek seal over their own pleadings and documents,* and it is not the Plaintiff's burden to establish why sealing the defendants' moving papers is appropriate. "**Defendants** shall refrain from disclosing Plaintiffs' real name and personal identifying information to any third party or in the public record[.]" *Ibid.*

### At Any Rate, the Plaintiff's Identifying Characteristics Should Also be Sealed from the Defendants' Moving Papers

At any rate, because the defendants so adamantly want to flout this Court's orders when it does not serve them, the Plaintiff shall still include the documents the defendants launched, erroneously, under their administrative motion as to whether another party's material should be sealed. Needless to note, the Plaintiff's identifying characteristics should be sealed from the defendants' moving papers, too.

### It Is Not the Plaintiff's or this Court's Burden to Conceal the Defendants' Violation of Family Educational Rights and Privacy Act of 1974, P.L. 93–380, by Disclosing Another Student's Student-Record Information

Defendants seem to argue that it is the *Plaintiff's burden and job* to argue their sealing arguments on the defendants' behalf. **The Plaintiff shall not do so.** "We will not manufacture arguments for [a litigant], and a bare assertion does not preserve a claim[.]" *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). "The Court's [and this Plaintiff's] role is not to make or develop arguments on behalf of [other] parties[.]" *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1036 (C.D. Cal. 2018). "We will not do [a litigant's] work for it, [...] by manufacturing its legal arguments[.]" *Western Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012), *cert. denied*, 568 U.S. 1048 (2012). "Courts cannot become advocates for a party by

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP

doing for that party what the party ought to have done for him or herself." *Jones v. Drayton*, No. 2:21-cv-06020-ODW-JC, 2025 LX 162436, at *22 n.11 (C.D. Cal. June 4, 2025), citing *Perkins v. City of Elizabeth*, 412 F. App'x 554, 555 (3d Cir. 2011).

Further, *Mr.* Shaw seems to think that he is above the law of this land. For instance, he seems to think that he could be a 'dean' before this Court. In this Nation, we do not have dean, lords, dukes, barons, viscounts, marquesses, baronets, knights, lairds, seigneurs before our courts. *See* Life Peerages Act of 1958 (6 & 7 Eliz. 2. c. 21)[4]; Peerage Act of 1963 (c. 48). If Mr. Shaw wishes to be called by an honorific title to which he seems to be desperately attached, he must appear before a tribunal of law that allows such an arrangement. Our courts in this Nation do not. *See generally* U.S CONST, art. I, § 9, cl. 8 (titles of nobility clause). Further, he seems to think that his legal aid is able to make documents dissapearf from the people's Public Record. They cannot. When Mr. Shaw declares to this Court, "in this and other exhibits, I understand that **counsel will apply redactions** as appropriate - for example, to protect the identities of other students" (Dkt. No. 109-2, at p. 3) (emphasis added). His counsel, actually, **cannot *apply* redactions**. His counsel **could apply to this Court to be granted permission to file a pleading under seal**—but, no, his counsel is not a judicial officer who can rule on a motion to seal. Mr. Shaw seems to think that he can name his emails "confidential," for instance, and by that act alone, such an instrument of communication becomes confidential under law. *See* Dkt. No. 66, at p. 3, n.2.

---

[4] Partially overruled by Constitutional Reform Act 2005 (c. 4) (abolishing the title of Lord High Chancellor as he was able to act as both a government minister and a judge, an arrangement that ran contrary to the idea of separation of powers and was in breach of Article 6 (paragraph 1) of the European Convention on Human Rights).

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP

"Civics lesson to" Mr. Shaw because he did not learn any in school, apparently: No, our laws do not work like that. He might have felt like a king in his office in Montag Hall, bullying 21-year-olds, but, beyond his petty cornered room, he is *just* like every other person in this Nation. *Arias v. Noem*, No. SA-26-CV-415-FB, 2026 LX 32939, at *3 (W.D. Tex. Jan. 31, 2026). He is an equal before this Court. He cannot 'seal' public record documents (nor could his $2, 500/hr billable attorney), nor deem communications subject to release 'confidential' by just 'thinking it so.'[5]

It is unclear what law requires this Court to "protect the identities of other students"—*i.e.* parties who have not been granted pseudonymous status by this Court. Rather, Mr. Shaw's argument seems to be that because the defendants released student-record information[6] of *another student*, thereby breaching the terms of Family Educational Rights and Privacy Act of 1974, P.L. 93–380, 20 U.S.C. § 1232, this Court should sweep that violation under the rug, instead of displaying the defendants' ceaseless attack on our laws wide and open in the Public Record.

And because the defendants will make this argument: No,  34 C.F.R. § 99.31(a)(9)(iii) (B) did not authorize this release. That limited release is only for "education records **that are relevant** for the educational agency or institution to defend itself" (*Ibid*.; emphasis added) and only records belonging to "the student[]" that "initiate[d] legal action against an educational agency or institution" is covered within that exemption. *Ibid.*

---

[5] Indeed, because we do not have kings in this Nation, even those who have absolute immunity in their official capacity could not deem a piece of instrument 'privileged' or 'confidential' by 'thinking' it so.  *See, e.g.,* https://www.nytimes.com/2022/09/30/us/politics/trump-executive-privilege.html .

[6] Because the purported email is part of the student's student-file, as Mr. Shaw concedes, under the provisions of *Owasso Independent School District v. Falvo*, 534 U.S. 426 (2002), this piece of instrument is subject to the protection of FERPA.

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP

**So, no, the Plaintiff will not argue that the defendants' violation of federal law be swept under the rug.** Although the Plaintiff will lack standing to report this violation to the Department of Education, if the said student notices this violation by way of seeing it in the Public Record, the Plaintiff strongly encourages the said student to report the defendants' ceaseless violations of our federal law to the Department of Education. The appropriate reporting guidelines are found at https://studentprivacy.ed.gov/file-a-complaint .

Respectfully submitted,

DATED: May 15, 2026.

/s/ Jane Doe
_____

JANE DOE

In Propria Persona

PLAINTIFF'S COMBINED SEALING MOTION AND COMBINED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3) ON THE DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case no. 5:25-cv-03490-PCP