JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | ) |
| | ) **ADMINISTRATIVE MOTION FOR** |
| | ) **CONCURRENT LEAVE TO FILE A LATE** |
| v. | ) **CONSOLIDATED ADMINISTRATIVE** |
| | ) **MOTION TO SEAL AND** |
| JASON A. SMITH, *et al.*, | ) **ADMINISTRATIVE MOTION FOR A** |
| | ) **TWO-DAY EXTENSION OF THE** |
| Defendants. | ) **PLAINTIFF'S TABLE IN SUPPORT OF** |
| | ) **THE ADMINISTRATIVE MOTION** |
| | ) |
| | ) Judge:  The Honorable P. Casey Pitts |
| | ) Dept:    8 |
| | ) |
| | )      RE: Dkt. No.s. 166, 173 |
| | ) |

Pursuant to Civil L.R. 7-11, the Plaintiff moves this Court for a "miscellaneous administrative" relief.

The Plaintiff is embarrassed that she needs to seek a *third* extension to her deadline to file consolidated motion to seal, *see* Dkt No.s. 163, 166, but based on the foregoing, she is hopeful that the Court will appreciate that this issue is likely a question of first impression in this Circuit.

The Plaintiff filed her consolidated brief at Dkt. No. 173. This Court directed the Plaintiff to file the brief by May 15, 2026, *see* Dkt. No. 163, but the Plaintiff was unable to because of the time difference between this Court and the Plaintiff (as also noted at Dkt. No. 165), and she seems to

1

ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE TO FILE A LATE CONSOLIDATED ADMINISTRATIVE MOTION TO SEAL AND ADMINISTRATIVE MOTION FOR A TWO-DAY EXTENSION OF THE PLAINTIFF'S TABLE IN SUPPORT OF THE ADMINISTRATIVE MOTION

Case no. 5:25-cv-03490-PCP

have miscalculated when May 15 was going to elapse in Pacific Standard Time. The Plaintiff assumes and hopes that because April 16 and 17 were days of judicial holiday, this does not cause any hardship on the Court.

Plaintiff respectfully needs two more days to be able to file the consolidated table this Court ordered the Plaintiff to file in support of her consolidated sealing brief. This is because research is needed as to how the provisions of Family Educational Rights and Privacy Act of 1974,  P. L. 93–380, 20 U.S.C. § 1232, affect this sealing motion. It appears that no court in this Circuit addressed this precise issue. The issue seems to have been briefly addressed in *E. M. v. Poway Unified Sch. Dist.*, No. 19cv689 JM (MSB), 2019 U.S. Dist. LEXIS 204823, at *1 (S.D. Cal. July 29, 2019)[1], but other than that case, caselaw is silent on this question.

Plaintiff could see how *Meriwether v. Trs. of Shawnee State Univ.*, No. 1:18-cv-753, 2019 WL 2392958 (S.D. Ohio Jan. 30, 2019) is more persuasive here, but the facts of *Meriwether* are also not as similar as the facts of this case.[2]

The issue becomes even more complicated because the defendants' motions to consider whether another party's material should be sealed should have been brought as an administrative

_____

[1] The Plaintiff is cognizant that this Court's civil standing order orders parties to cite Westlaw citation for cases. But this case, for reasons unbeknownst to the Plaintiff, does not appear on Westlaw and only appears on Lexis.

[2] *Meriwether* also complicates the issue of standing as neither the defendants nor the plaintiff can make sealing arguments on behalf of a student who is not a party herein. As such, for this Court to be able to "protect the identities of another student" (Dkt. No. 173, at p. 10)—whatever law actually requires that, if any (no law requires that, as explained in the consolidated motion)—the Court might need to order the third-party student to file a motion to intervene for the limited purposes of sealing. That is what the Court in *Meriwether* did. *Meriwether*, at *14. Of course, none of this would have happened if the defendants did not elect to violate federal law with irrelevant and spurious matters. *See* Dkt. No. 173, at p. 8-10 (arguing that the defendants wish the Plaintiff and this Court to carry the burden to concealing their violation of federal law).

ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE TO FILE A LATE CONSOLIDATED ADMINISTRATIVE MOTION TO SEAL AND ADMINISTRATIVE MOTION FOR A TWO-DAY EXTENSION OF THE PLAINTIFF'S TABLE IN SUPPORT OF THE ADMINISTRATIVE MOTION

Case no. 5:25-cv-03490-PCP

motion to seal, as the defendants put *their own* sealing burden on the Plaintiff. *See* Dkt. No. 173, at pp. 8-10.

As such, the Plaintiff hopes that the Court will be able to show the Plaintiff the grace of providing a two-day extension so that more research could be done on this novel question and that the Court reads a more developed and persuasive argument.

As such, respectfully, the Plaintiff requests that (1) the Court considers the Plaintiff's consolidated sealing motion at Dkt. No. 173 as properly filed and odes not strike it as untimely and (2) that the Court grants the Plaintiff leave until May 19, 2026, to file her table in support of her consolidated sealing brief.

DATED: May 17, 2026.

/s/ Jane Doe

JANE DOE

*In Propria Persona*

ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE TO FILE A LATE CONSOLIDATED ADMINISTRATIVE MOTION TO SEAL AND ADMINISTRATIVE MOTION FOR A TWO-DAY EXTENSION OF THE PLAINTIFF'S TABLE IN SUPPORT OF THE ADMINISTRATIVE MOTION
Case no. 5:25-cv-03490-PCP