JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | ) **NOTICE OF *ERRATA* TO ECF NO. 172** |
| v. | ) Judge: The Honorable P. Casey Pitts |
| JASON A. SMITH, *et al.*, | ) Dept: 8 |
| Defendants. | ) |

Plaintiff respectfully requests this Honorable Court and the parties to take notice of the following *errata* to the Plaintiff's pleading at ECF no. 172.

To the extent that that pleading mentions the word "perjurer," *see* Dkt. No. 172, at pp. 4, 6, the Plaintiff used that word in its common-use meaning (generally making a misrepresentation to a court of law), not its strict legal meaning. Because the Plaintiff's complaint was not verified and was not filed under the penalty of perjury, the Plaintiff cannot commit 'perjury' within the legal sense even if assuming, *arguendo,* she provided false information to this Court (for abundance of clarity, she did not do so; this is just *assuming for the purposes of the argument*).

Under the federal perjury statute, a person commits perjury when they "willfully subscribe[] as true any material matter which [they] do[] not believe to be true" in a declaration signed under penalty of perjury. 18 U.S.C. § 1621. A declarant's statement under oath or affirmation violates this statute if they make a false statement concerning a material matter "with the willful intent to provide false testimony, **rather than as a result of confusion, mistake, or faulty memory**." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 122 L. Ed. 2d 445 (1993) (emphasis added).

To the extent that, for instance, the Plaintiff thought that the police precinct door was locked during her encounter with Defendant Smith, and if—*if*—it actually was not, such a statement would have been made by the Plaintiff by result of a "mistake." The Plaintiff did not have the *mens rea* required to have violated 18 U.S.C. § 1621.

Further, the Plaintiff takes the demands of Fed R Civ P 11 very seriously. But, again, Rule 11 cannot be violated without an intent to violate it. To impose sanctions under Rule 11, a district court must determine that a pleading is "both baseless and made without a reasonable and competent inquiry." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)). The Plaintiff herein made reason efforts to ascertain whether the police precinct door was locked on a Sunday and depended on the information provided by Defendant Smith to claim to this Court that it was locked because of her reliance on Defendant Smith's verbiage. *See* Compl., at ¶ 24.

Respectfully submitted,
DATED: May 17, 2026.

/s/ Jane Doe
_____
JANE DOE

*In Propria Persona*

NOTICE OF ERRATA TO ECF NO. 172
Case no. 5:25-cv-03490-PCP