JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>                        Plaintiff,<br><br>    v.<br><br>JASON A. SMITH, *et al.*,<br><br>                    Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**ADMINISTRATIVE MOTION, RE: PENDING SEALING MATTERS**<br><br>Judge:  The Honorable P. Casey Pitts<br>Dept:    8 |

This administrative motion tackles many of the disputes on sealing that has existed in this Court's docket since the commencement of this action, but particularly since the pleading at ECF No. 66.

While organizing her consolidated table in compliance with this Court's Order at ECF No. 88, and this Court's clarification at ECF No. 177 [finding that Doe may not "request[] to seal another party's material if [she] has not timely opposed its filing on the public docket"], the Plaintiff realized that some of the defendants' sealing motions were Administrative Motions to Consider Whether

Another Party's Material Be Sealed while some were Administrative Motions to Seal. Given the excessive docketing activity that took place on this Court's docket, the Plaintiff was under the impression that the defendants *only* filed motions to consider whether another party's material be sealed, not motions to seal.

While the Plaintiff still thinks that most of the defendants' administrative motions to consider whether another party's material be sealed *should have been* launched as administrative motions to seal, given the Plaintiff's pseudonymous status, the Plaintiff has not noticed that *some* sealing motions filed by the defendants were Administrative Motions to Seal.

Pertinently, this includes the motion at ECF No. 107. While the Plaintiff did not "timely oppose[]" this Administrative Motion because she thought it was an Administrative Motion to Consider Whether Another Party's Material Be Sealed that was subject to this Court's order at ECF No. 146, deferring ruling on such matters and granting the Plaintiff leave to file consolidated briefs, given that such a mistake was due to mistake, inadvertence, and excusable neglect, the Plaintiff hereby seeks leave to file an opposition brief to the motion at ECF No. 107. Further, it appears that because the defendants filed such motions as *separate* motions (and thereby causing the initial confusion), the defendants violated—once again!—this Court's explicit order, ordering "defendants to file a **similar motion consolidating such requests**" in the context of "seal[ing] any documents" (ECF No. 88, at p. 2). (emphasis added) (word-order altered for syntactical reasons). As such, the mistake herein is caused by extrinsic factors because of the defendants' inability to comply with orders of this Court that do not serve their agenda of flouting court orders that do not serve their impervious lust to ambush the Plaintiff by procedural gambits rather than follow proper procedure.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A CONSOLIDATED MOTION TO SEAL CERTAIN PARTS OF DEFENDANTS' EXHIBITS THAT EXCEED IN REACH OF WHAT IS IDENTIFIED IN THE DEFENDANTS' SEALING MOTIONS AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE A LATE OPPOSITION BRIEF AGAINST THE DEFENDANTS' MOTIONS TO SEAL

Case no. 5:25-cv-03490-PCP

Because Civil L.R. 7-11(b) would grant the Plaintiff 4 days to oppose such a motion, the plaintiff should be given 4 days after this Court's order to be able to file such an opposition brief.

The Court's order at ECF No. 88, ordering that the Plaintiff's " motion should not include any requests to seal another party's material if Doe has not timely opposed its filing on the public docket" seems to have been vacated by this Court's order at ECF No. 146, ordering the Plaintiff to "file a single motion consolidating both her pending sealing requests and her responses to defendants' pending sealing motions[.]" Although the Court used the word "defendants' pending sealing motions[,]" in its order, the Plaintiff only intended to file a consolidated brief on the defendants' Administrative Motions to Consider Whether Another Party's Material Be Sealed. Put differently, the plaintiff's soon-to-be-ready table only includes her responses to the defendants' Administrative Motions to Consider Whether Another Party's Material be Sealed—*i.e.*, ECF No.s. 108, 110, 132.

Put differently, as far as the Plaintiff understood this Court, the Plaintiff intends to respond to ECF No.s. 108, 110, 132 in her table in support of ECF No. 173. To that extent, the Plaintiff seeks to file a late opposition to the Administrative Motion to Seal at ECF No. 107. The Plaintiff sees this being a complicated way of handling this matter, but, unfortunately, the complication is due to the defendants' inability to follow this Court's order, ordering defendants to file a "motion consolidating such requests [related to sealing]" (ECF No. 88) (no clearer language exists in the English language). Because the Plaintiff already filed her <u>consolidated statement of designating party as per Civil L.R. 79-5 (f)(3)</u> at ECF No. 173, she cannot 'go back' and oppose the defendants' motion at ECF No. 107.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A CONSOLIDATED MOTION TO SEAL CERTAIN PARTS OF DEFENDANTS' EXHIBITS THAT EXCEED IN REACH OF WHAT IS IDENTIFIED IN THE DEFENDANTS' SEALING MOTIONS AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE A LATE OPPOSITION BRIEF AGAINST THE DEFENDANTS' MOTIONS TO SEAL

Case no. 5:25-cv-03490-PCP

*Second*, although this Court ruled that the Plaintiff's "requests to seal another party's material if [she] has not timely opposed [their] filing on the public docket" should not be included the table (ECF No.s. 88, 177), defendants' exhibits to their administrative motions as to whether another party's material be sealed were *never* filed in the *public docket* as they launched all of their exhibits under an administrative motion as to whether another party's material be sealed. But the defendants argue that a far narrower redaction should apply to those exhibits. As such, while the Plaintiff's table in support of ECF No. 177, is going to include the plaintiff's response to the administrative motions as to whether another party's material be sealed, the Plaintiff intends to affirmatively seek a much broader sealing order for those exhibits launched under the defendants' administrative motions as to whether another party's material be sealed. As such, the Plaintiff seeks leave to be able to file a consolidated motion to seal, arguing that more portions *in addition* to what the defendants identified in their administrative motions as to whether another party's material be sealed need to be sealed.

Finally, the Plaintiff intends to affirmatively seek seal over some of the exhibits the defendants launched in the public record without proper administrative motions as to whether another party's material be sealed. This largely includes some portions of the declarations at ECF No. 109. The Plaintiff was never given a chance to "timely oppose" the filing of these exhibits, and she should not be denied the right to seek sealing orders over them because the defendants improperly launched the, in the public record without asking the Plaintiff.

As such, the plaintiff seeks leave to file (1) a late opposition to the motion at ECF No. 107, and (2) a consolidated motion to seal that affirmatively seek a larger seal in ECF No.s. 108, 110, 132, 107 and seeks seal over ECF No. 109. Put differently, the Plaintiff seeks leave to file (1) her

4

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A CONSOLIDATED MOTION TO SEAL CERTAIN PARTS OF DEFENDANTS' EXHIBITS THAT EXCEED IN REACH OF WHAT IS IDENTIFIED IN THE DEFENDANTS' SEALING MOTIONS AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE A LATE OPPOSITION BRIEF AGAINST THE DEFENDANTS' MOTIONS TO SEAL

Case no. 5:25-cv-03490-PCP

table supporting ECF No. 173, *only consolidating her sealing motions over her own materials and her consolidated statement of designating party as per Civil L.R. 79-5 (f)(3) only to the extent identified in the defendants' administrative motions to consider whether another party's material be sealed*, (2) a consolidated sealing motion, with a supporting table, seeking affirmative seal over a larger portion of the exhibits at ECF No.s. 108, 110, 107, 132, 109, and (3) a late opposition brief to ECF No. 107.

The Plaintiff realizes and is apologetic that this is a very confusing way of conducting this matter; only could the defendants follow this Court's orders written in the most plain language a human being could possibly use ("To the extent defendants affirmatively seek to seal any documents filed in connection with the briefing on the Rule 60(b) motion, application for a temporary restraining order, or related administrative motions, the Court orders defendants to file a similar motion consolidating such requests by no later than April 27, 2026.") and only had they spent their time thinking how to flout this Court's orders…this outcome would not have happened. The defendants are not embarrassed by their violation of our federal statutes, of our laws, and this Court's plain and clear orders, so the Plaintiff shall be embarrassed and apologetic to this Court <u>on the defendants' behalf.</u>

Respectfully submitted,
DATED: May 17, 2026.

*/s/ Jane Doe*
_____
JANE DOE
*In Propria Persona*

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A CONSOLIDATED MOTION TO SEAL CERTAIN PARTS OF DEFENDANTS' EXHIBITS THAT EXCEED IN REACH OF WHAT IS IDENTIFIED IN THE DEFENDANTS' SEALING MOTIONS AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE A LATE OPPOSITION BRIEF AGAINST THE DEFENDANTS' MOTIONS TO SEAL

Case no. 5:25-cv-03490-PCP