JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | ) **OPPOSITION TO THE DEFENDANTS'** |
| | ) **ADMINISTRATIVE MOTION TO SEAL** |
| v. | ) **AT ECF NO. 107** |
| JASON A. SMITH, et al., | ) Judge:  The Honorable P. Casey Pitts |
| Defendants. | ) RE: Dkt. No. 107, 178 (requesting leave to |
| | ) file this late opposition) |

Plaintiff respectfully submits this Opposition to the defendants' administrative motion to seal, lodged with this Court at ECF No. 107.

### I.  THE QUESTION OF THE PLAINTIFF'S STUDENT-RECORD INFORMATION
a.  **Defendants Misread the Federal Statute 34 C.F.R. § 99.31(a)(9)(iii) (B) As It Pertains to Release of Student-Record Information to the *Public* (Put Differently, Even 'Bad Children' Are Protected by the Statute)**

If either the ABA or the California Bar Association awarded rewards for the most incompetent attorneys incapable of reading the law, opposing counsel should certainly be nominated thereto. Plaintiff shall address the counsel's inability to understand federal law herein (either intentionally or because of her incompetence). Citing 34 C.F.R. § 99.31(a)(9)(iii), Opposing Counsel argues:

> Unlike the information of other Stanford students referenced in exhibits, Plaintiff's records are not entitled to FERPA protection within this lawsuit because when students prosecute

1

actions against schools, schools can disclose **relevant student records** to the court without needing a court order or receiving a subpoena first.

ECF No. 107, at p. 2, n. 1 (emphasis added).

For the avoidance of any doubt, the Opposing Counsel intentionally <u>omitted</u> a very important <u>piece of language from the statute</u>. The statute reads,

> If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose **to the court**, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself.

34 C.F.R. § 99.31(a)(9)(iii)(B) (emphasis added).

As such, the statute at 34 C.F.R. § 99.31(a)(9)(iii)(B) does not permit the defendants to disclose information from the Plaintiff's student-record information *to the public* but only authorizes such release to the *Court* insofar as the Court is adjudicating the legal merits of the legal controversy before it. As the First Circuit explained, "And it is significant that the regulation permits disclosure solely **'to the court,' not to the world at large**." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 75 (1st Cir. 2022) (*MIT*) (emphasis added).[1]

Further, the statute only allows the release of 'relevant records' to the Court, not any and all records the Defendants wished to illegally supply to this Court in the course of their perfidiously-defended defamation campaign to show how horrible of a human soul the Plaintiff was and is[2] based on their arbitrary and whimsical moral beliefs. The First Circuit explained this issue perfectly:

---

[1] As that court also noted, "When a student (or former student) files suit against a school **and moves for pseudonymity**, **any implied consent is necessarily limited — especially when it is uncertain whether the student would continue prosecuting the action if pseudonymity were denied**." *MIT, supra,* at p. 75.

[2] For abundance of clarity, this Court **is not** the Plaintiff's parental unit. And the Plaintiff would rather have her relationship with this Court to not be transformed into a father-daughter relationship (or, rather, father-son according to the defense counsels' clients). Although it is clear that the defendants wish some parental force to take the Plaintiff aside and tell her to not be an e*nfant terrible* that sues the defendants for their unconstitutional conduct and encroachment upon her rights, this Court cannot enjoin the Plaintiff's protected speech in the form of petitions to the government of redress of grievances (due to that pesky inconvenience-to-the-defendants called the First Amendment). Further, this Court is not a forum for extralegal, moral judgement. The Court is not the Plaintiff's rabbi. And the Plaintiff would like that to stay as is, for the Plaintiff has too many rabbis in her life extending moral judgement to her.

ADMINISTRATIVE MOTION TO SEAL THE PLAINTIFF'S EXHIBITS A-D IN SUPPORT OF HER TABLE IN SUPPORT OF ECF NO. 173

Case no. 5:25-cv-03490-PCP

[The defendants] **take[] rose-colored glasses** to read this regulation **so expansively**, and we reject such a reading. The provision at issue is **addressed to the plight** of a school trying "to defend itself" against a student lawsuit with its hands tied by FERPA. The regulation thus allows the school to submit "relevant" documents "to the court." 34 C.F.R. § 99.31(a)(9)(iii)(B). **That exception does not <u>defenestrate</u> the student's privacy interests simply because he has sued the school.**

*MIT, supra,* at p. 75 (emphasis added).

Defendants' desire to launch *ad hominem* attacks were not covered under the exemption to the consent function of Family Educational Rights and Privacy Act of 1974, P. L. 93–380 ("FERPA"). "The privacy concerns animating FERPA continue to have force notwithstanding the litigation, but they become **subject to the needs of the judicial process**." *MIT, supra*, at p. 75 (emphasis added). There was no need in this judicial process for the Court to know that the Plaintiff was a "biological male" who sounded "female." Defendants released this information to mark the Plaintiff as a 'moral oddity' undeserving of rights and privileges extended to people and students that are palatable to defense counsels and their (petty) clients[3]. The defendants, thus, violated FERPA.

 **b. Even If Assuming, *Arguendo*, the Defendants Did Not Misread the Statute, their Release to *this Court* was Not Authorized**

As explained *supra*, "the regulation permits disclosure solely 'to the court,' not to the world at large" *MIT, ibid*. As such, the Plaintiff initiating a legal action against the defendants did not

---

[3] This position strikes the Plaintiff as very close to the philosophical-juridical position of the Nazi jurist and political theorist Carl Schmitt. "The political enemy need not be morally evil or aesthetically ugly… But he is, nevertheless, the other, the stranger" who should be outside of the conceptual realms of state sovereignty and autonomy of the person. *See, e.g.,* THE CONCEPT OF THE POLITICAL (1992 UChicago P ed.); *see also* POLITICAL THEOLOGY (2006 UChicago P ed.). As such, although defense counsel thinks the Plaintiff is morally bankrupt, it is he and she who are morally bankrupt and disgusting. Schmitt's theories of state of exemption and the sovereign were influential in the passing of Enabling Act of 1933 ("Gesetz zur Behebung der Not von Volk und Reich"), suspending the Weimar Republic constitution and allowing the passage of many new laws, including legislation for the forceful denaturalization of German Jews (thereby rendering them without any natural 'rights' that ought to be respected by the German state, as such protections applied to, unlike our Constitution, 'citizens', not 'persons'.). **Had defense counsels lived in the 1940s, they surely would have made the list of the Nazi jurors who made *the exact same arguments* they have made during this litigation. <u>Let the Public know that this is the kind of attorneys Stanford uses against its students.</u>** Under *our* constitutional order, even the most allegedly morally repugnant *people* have the extension of our Constitutional liberties and protections.

ADMINISTRATIVE MOTION TO SEAL THE PLAINTIFF'S EXHIBITS A-D IN SUPPORT OF HER TABLE IN SUPPORT OF ECF NO. 173

Case no. 5:25-cv-03490-PCP

constitute any waiver on the Plaintiff's protected right to keep her student-record information private from the public at large.

## II. THE QUESTION OF OTHER STUDENTS' STUDENT-RECORD INFORMATION

### a. Although the Plaintiff Recognizes that thus Might be an Academic Question, Given that the Plaintiff's Pseudonymous Status Would Warrant Sealing Other Students' Names, Since the Defendants Wish this Court to Sweep their Violation of Federal Statute Under the Rug, It Is Still Important for this Court to Not Be an Accessory to the Defendants' Perfidious Lust to Violate the Laws of this Nation

The Plaintiff is cognizant that this might be an academic question as the Plaintiff will be moving to have the names of these students be sealed, *not because of any provisions of FERPA*, but because the Plaintiff's pseudonymous status would likely be hindered if these names, and these students' relation to the Plaintiff thereto, are displayed in the Public Record, the Plaintiff **will not** become an accessory to hiding the defendants' violation of federal law by way of sealing. To that extent, this Court should also not become an accessory to the defendants' lust to violate any laws that come in their way to be violent. Although the Plaintiff is cognizant that judicial officers often dislike academic questions, the distinction herein is important, and this opposition is not filed to annoy this Court who probably already has a busy docket but to underscore the defendants' lawlessness and how this Court **should not aid** the defendants in their pursuits.

### b. Defendants Have Not Explained the Relevance of *Owasso Independent School District v. Falvo*, 534 U.S. 426 (2002), Nor Have they Established How these Documents Are From the Students' Student Record File

Defendants' motion makes a general reference to FERPA. But for a record to be protected under FERPA, defendants have to establish how the purportedly protected information is part of the student's **student-record file**. *See Owasso Independent School District v. Falvo*, 534 U.S. 426 (2002) (majority opn. of Kennedy, J.). *See also Owasso*, 534 U.S. at 436 (Scalia, J., concurring).

### c. If the Defendants Were to Argue that their Release of Non-Party Student Information Was Authorized by 34 C.F.R. § 99.31(a)(9)(iii) (B), They Would Fail

4

Although it is unclear if the defendants are arguing that 34 C.F.R. § 99.31(a)(9)(iii) (B) authorized the release of other students' student-record information, such a position is meritless as that subsection only authorizes release of "education records that are relevant for the educational agency or institution to defend itself" belonging to the "student" that "initiate[d] legal action against an educational agency or institution[.]" *Ibid*.

**d. FERPA Had Prohibited the Defendants to Release the Very Information They Released In Breach Thereof, Not this Court to Seal their Violation Thereof and Thereto**

Indeed, "[t]he Stanford Defendants **are obligated by law to protect students' personally identifying information from disclosure under FERPA**" (Mot., at p. 5) (emphasis added). Having established *supra* that the defendants could not release the student-record[4] information even *to this Court* under 34 C.F.R. § 99.31(a)(9)(iii) (B), the Plaintiff established that the defendants **<u>flagrantly violated the provisions of FERPA by release</u>** *<u>to this Court</u>* **<u>student-record information of other students that did not "initiate legal action" against them.</u>**

Defendants, then, argue that them violating FERPA should warrant this Court to seal information that they have illegally provided to this Court. Not quite so. **<u>FERPA prohibited the defendants from release such information belonging to other students to this Court. FERPA</u>** *<u>does not necessitate nor mandate that the illegally released information be sealed by U.S. district courts.</u>* The defendants wish this Court to sweep their violation of federal laws under the rug. The Court should decline to do so.

**e. Fed. R. Civ. P. 5.2 (a)(3) Does Not Apply Because All Students Herein Are Adults (Albeit Young Ones)**

---

[4] This section of this Opposition assumes that the information in question is student-record information pursuant to *Owasso*. It is unclear if the defendants motion should be read as a concession that what they released illegally to this Court was, indeed, student-record information belonging to students who do have not "initiate[d] legal action" against them.

ADMINISTRATIVE MOTION TO SEAL THE PLAINTIFF'S EXHIBITS A-D IN SUPPORT OF HER TABLE IN SUPPORT OF ECF NO. 173

Case no. 5:25-cv-03490-PCP

The defendants seem to rely on Fed. R. Civ. P. 5.2 (a)(3) for some of their sealing requests. None of the students mentioned in those illegally released information are minors within any meaning of any law, as they are both older than 18 and 21 years. Fed. R. Civ. P. 5.2 (a)(3) does not apply.

When the Plaintiff moved to proceed pseudonymously here, noting that she was a young adult, the defendants noted that because the Plaintiff was above the age of 18, none of the cases cited by the Plaintiff wherein courts granted motions to proceed pseudonymously to **college students over the age of 18** mattered, noting that "'young people' in those cases were elementary or high school students, not adult college students like Doe" (Dkt. No. 56, at p. 8). Indeed. Defendants seem to arguing that *different laws* apply to people *they personally like* (*i.e.,* those that do not sue them for their unconstitutional conduct) as opposed to ones they do not find morally palatable. Not quite so. Ms. McGarry should direct her vague moral meanderings and her sub-par moral 'arguments' to her, presumably, priest, not a U.S. district judge.

      **f.  Defendants (and the Plaintiff) Likely Lack Standing to Move for the Protection of Non-Party Students' Identifying Characteristics, so If the Court Were to Seal these Documents on these Bases, the Court Would Likely Need to Order the Said Students to File Motions to Intervene**

"[Article III] Standing requires an "injury in fact," that is "fairly . . . trace[able] to the challenged action," and that is "likely" to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal citations omitted). Defendants do not have standing to challenge this Court sealing or not sealing the identities of non-party students herein because any or possible injury herein would not be caused to the defendants. As such, if the Court were to consider sealing the **_illegally_** released non-party student record information, the Court likely would need to order the said non-party students to file motions to

6

intervene for the limited purposes of sealing. *See, e.g., Meriwether v. Trs. of Shawnee State Univ.,* No. 1:18-cv-753, 2019 WL 2392958 , at *7 (S.D. Ohio Jan. 30, 2019)[5] (allowing a non-party student to intervene for the limited purposes of sealing her name and student-record information disclosed to that court in violation of FERPA provisions). [6]

Respectfully submitted,

DATED: May 19, 2026

                                                    /s/ Jane Doe
                                          _____
                                                    JANE DOE
                                                    In Pro Per

---

[5] Overruled on other grounds as stated in *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021) (finding that the university breached the professor's First Amendment protected speech by mandating that he did not misgender and deadname a transgender student).

[6] Defendants violated Civil L.R. 7-11 by filing a 6-page administrative motion. The Plaintiff is also filing a 6-page opposition, given that the Plaintiff's 6-page administrative motion cannot be opposed to in 5 pages. To that extent, the Plaintiff seeks leave from the page limited, given that the Court did not strike the defendants' over-length administrative motion as improperly filed.

ADMINISTRATIVE MOTION TO SEAL THE PLAINTIFF'S EXHIBITS A-D IN SUPPORT OF HER TABLE IN SUPPORT OF ECF NO. 173

Case no. 5:25-cv-03490-PCP