JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>    Plaintiff,<br><br> v.<br><br>JASON A. SMITH, *et al.*,<br><br>    Defendants. | Case No.:  5:25-cv-03490-PCP<br><br>**ADMINISTRATIVE MOTION, RE: THE COURT'S LATEST ORDER AT ECF NO. 183**<br><br>Before the Honorable P. Casey Pitts<br><br>RE: ECF No. 183 |

  This Court's recent *sua sponte* Order at Dkt. No. 183—what appears to be a quasi-complete reversal of its at least half a dozen sealing orders in this action since April 6, 2026—surely complicated an already-more complicated issue. It is unclear why the Court's orders seem to be changing daily, especially after the Plaintiff worked a dozen nights to be able to comply with this Court's *numerous* orders on the question of sealing in this action (matters have been made worse because the Court puts the sealing burden of the defendants' own exhibits due to the pseudonymity of the Plaintiff on the Plaintiff, herself, rather than follow the judicial <u>convention</u> of ensuring that the opposing party redacts identifying characteristics of the pseudonymous party—matters are made

worse, of course, because the Plaintiff does not have teams of overworked paralegals that she can be mean and rude and condescending to, surely like defense counsels herein, ones that she can bully to go over the defendants' *duplicate* exhibits, filed in direct violation of this Court's standing orders, and see if her birth name appears on—what—the 560 pages of [mostly irrelevant] verbiage to highlight them), but, nonetheless, unlike the defendants, the Plaintiff shall comply with this Court's orders, although she is unsure what incentive exists to follow court orders belonging to a court that virtually does nothing and even condones violations of its own orders—but, only[1], of course, it appears, when the violation is done by defense counsels.

The motion attempt to clarify some of the vague portions of the Order.

On page 1, this Court's order reads, "Doe shall file a single motion consolidating all of her requests to seal *any* **material** that has been filed in this action since April 4, 2026[.]" (italics in the original) (bolding added for emphasis). The Court, then, proceeds to mention "Doe's own filings" as opposed to "defendants' filings" *Ibid*. As the Plaintiff alluded, *see* ECF No. 179, at p. 7, this Court's order on the Rule 60(b) motion seems to be written in a much more detailed way than it is customary when district courts in this Circuit compose orders mentioning the particulars of a pseudonymous party. *See, e.g., Doe v. Harris*, 640 F.3d 972, 973 n.1 (9th Cir. 2011) (collecting cases); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (2000) ["Much of this evidence is contained in declarations by garment workers that were filed under seal and only made available to defendants' counsel. As a result, we do not recount the specific details of the declarations."]. Does the "material" herein mentioned include "*any*" material—including this Court's orders—or is the "*any* material" in question only materials in either  "Doe's own filings"

---

[1] That pesky inconvenience of a phrase that reads "without respect to persons" within 28 U.S.C. § 453 surely seems to be an archaic nullity—should someone take the Congress aside to tell them to remove it forthwith?

ADMINISTRATIVE MOTION, RE: THE COURT'S LATEST ORDER AT ECF NO. 183

5:25-cv-03490-PCP

and "defendants' filings"? Put differently, can the Plaintiff's sealing motion include requests to seal this Court's portions of Rule 60(b) order?

The Court also notes that the Plaintiff shall attach "as individual exhibits to her consolidated motion a copy of each document that contains material proposed to be sealed, whether the document was originally filed by Doe or by another party" (*Order*, at p. 2)[2]. What does "each document" "as individual exhibits" mean herein? Put differently, should Doe file 30 different exhibits for Dkt. No. 108, for instance? Or should materials belonging to Dkt. No. 108 be an *individual exhibit* where Doe includes all sub-exhibits underneath the same PDF file (as Exhibit A-1, A-2, A-3, etc…)?[3]

_____

[2] It is unclear why clerical errors that may occur herein would be considered "expression[s] of consent to unseal the document in its entirety" (*Order*, at p. 2). "A party cannot waive something unknown to her." *Hurvitz v. Hartford Ins. Co. of the Midwest*, No. 2:21-cv-00617-RFB-DJA, 2025 WL 947537, at *16 (D. Nev. Mar. 28, 2025).

[3] It is equally unclear why defendants should not "file a consolidated sealing motion" because they "filed only one motion containing affirmative sealing requests" (*Order*, at pp. 2-3 [word order changed for syntax]). The defendants' affirmative sealing motion did not identify it as their consolidated sealing motion, and the Plaintiff waited until April 27, 2026, as to whether they were going to file other affirmative sealing requests. And when the Court granted the Plaintiff's extension on April 27, 2026, and two later extension to file her consolidated brief, the Plaintiff reasonably thought her opposition brief to defendants' sealing motions would be due on the same day. *See* Dkt. No. 146 ["Doe shall file […] her responses to defendants' pending sealing motions by no later than May 11, 2026"]. *See* Dkt. No. 177 (granting another extension). "[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent." *Engel v. CBS, Inc.*, 886 F. Supp. 728, 730 (C.D. Cal. 1995). It is unclear why the Court elected to strike the plaintiff's not "belated" response to the defendants' sealing motions on the day the Court ordered the Plaintiff to do so. The Court seems to imply that the Plaintiff should have been a "time travel[er]" *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 376 n.5 (2022) (Sotomayor, Kagan, Breyer, J.J., dissenting) and should have known that the defendants' sealing motion was their *consolidated* sealing motion when nothing on it implied that it would be or it was. "We are not mindreaders[.]" *Dobbs, ibid.* It is unclear why the Court deemed that the Plaintiff waived her right to object to the defendants' motion where they likely lack standing and where they are attempting to hide from the public record their violation of multiple federal statutes that might render them to sanctions by the government. It is unclear if this should be considered as the Court's ratification of the defendants' violation of multiple federal statutes (it certainly seems to be so).

ADMINISTRATIVE MOTION, RE: THE COURT'S LATEST ORDER AT ECF NO. 183
5:25-cv-03490-PCP

Penultimately, when the Court notes, "[t]o the extent that Doe seeks to seal only **a portion** of a document, she must highlight **the portions** she seeks to redact" (*Order,* at p. 3) (emphases added), if Doe is proposing that an entire exhibit be sealed, should Doe highlight the entire document, or should she just indicate that on the cover page of the exhibit? Put differently, does the Court want the Plaintiff to highlight, for instance, a 690-page document where the highlighting goes on for 690 pages?

Finally, because the Court orders that only materials that were lodged with the Court "since April 4, 2026" (*Order*, at p. 1); should this be construed as ordering the Plaintiff to file a separate sealing request for any material filed before April 4, 2026?

With the utter confusion as to why this Court is rewarding the defendants for flouting both numerous federal statutes and *its own* standing order (and condoning their flouting thereto),

Respectfully submitted,

DATED: May 21, 2026.

*/s/ Jane Doe*
_____

JANE DOE
In Propria Persona

ADMINISTRATIVE MOTION, RE: THE COURT'S LATEST ORDER AT ECF NO. 183

5:25-cv-03490-PCP