UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

            Plaintiff,

      v.

JASON A. SMITH, et al.,

            Defendants.

Case No.  25-cv-03490-PCP

**ORDER RESOLVING ALL PENDING MOTIONS**

This order resolves all outstanding motions in this now-closed action. Further motions are discouraged absent the issuance of a mandate from the Ninth Circuit requiring further action from the Court.

## I.  The parties' sealing requests are granted in part and denied in part.

Given the high volume of sealing requests in this action, the Court previously ordered the filing of a single motion consolidating all of Doe's sealing requests. After Doe filed two consolidated motions, each addressing separate sets of sealing requests, the Court again ordered that Doe file a single motion consolidating all such requests and proposing redactions to the documents she seeks to seal. Doe represents that she is unable to understand that order due to its use of "vague" terms (e.g., "any material" and "each document") and that the Court's efforts to streamline its adjudication of the sealing requests has left her in "utter confusion." Rather than burden Doe with further orders clarifying the Court's instruction, the Court vacates its prior order requiring Doe to file a consolidated sealing motion (Dkt. No. 183) and resolves the parties' pending sealing requests based on the existing record.

The public has a longstanding and well-recognized "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Public access bolsters "understanding of the judicial process" and

United States District Court
Northern District of California

"confidence in the administration of justice," and it provides a "measure of accountability" for courts. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). There is thus a "strong presumption in favor of access" to court records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

To overcome this strong presumption, a party who wishes to seal a court record generally must "articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (citation modified). Sealing may be justified when "court files ... become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not merit sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Auto Safety*, 809 F.3d at 1096–99 (citation modified). In some instances, the Court may authorize sealing under a "less exacting 'good cause' standard" where the sealed materials are "attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097.

Here, the documents the parties seek to seal were filed in connection with the briefing on Doe's motions for relief under Rule 60(b), for leave to file a supplemental or amended pleading, and for a temporary restraining order. A motion for temporary or preliminary injunctive relief necessarily requires an analysis of a party's likelihood of success on the merits, so such motions are "more than tangentially related to the merits" and subject to the default compelling-reasons standard. *See id.* at 1103; *see also Akyumen Techs. Corp. v. Lightman*, No. 17-CV-06476, 2017 WL 8948738, at *1 (N.D. Cal. Nov. 27, 2017) (addressing sealing requests related to an application for a temporary restraining order). Similarly, a motion to supplement or amend a pleading is "inherently central to the merits of a case"—indeed, it controls what the merits *are*— and is therefore subject to the compelling-reasons standard. *Wang v. Zymergen Inc.*, No. 21-CV-06028, 2024 WL 807817, at *1 (N.D. Cal. Feb. 27, 2024). And though Doe argues that her Rule 60(b) motion is merely a procedural order, that order is also more than tangentially related to the

United States District Court
Northern District of California

merits. The allegations in Doe's Rule 60(b) motion are essentially an extension of the allegations in her complaint, describing one continuous course of retaliatory conduct by defendants in response to Doe's litigation against Stanford and its affiliates. Indeed, Doe's operative complaint in another action pending in this district connects the conduct alleged in her Rule 60(b) motion to the conduct alleged in her complaint. The Rule 60(b) motion is thus a far cry from the type of "discovery motion" that is totally "unrelated to the merits" and would be subject to the good-cause standard. *See Walker v. Krol*, No. 15-CV-05819, 2024 WL 4197607, at *9 (N.D. Cal. Sept. 12, 2024) (applying the compelling-reasons standard to requests to seal material filed in conjunction with a Rule 60(b) motion), *appeal dismissed*, No. 24-6661, 2026 WL 1195928 (9th Cir. Apr. 22, 2026).

The parties' arguments against applying the compelling-reasons standard are unavailing. They suggest that documents on which the Court did not rely in resolving Doe's motions, or material that was filed with such merits-related motions but is not itself related to the merits, should be subject to the lower good-cause standard. But what matters is whether the underlying motion is related to the merits, not whether a particular exhibit or brief filed in connection with the motion relates to the merits. *See also Fed. Trade Comm'n v. LendingClub Corp.*, No. 18-CV-02454, 2020 WL 3041313, at *2 (N.D. Cal. Apr. 14, 2020) (rejecting a "document-by-document approach" and explaining that "the Court must apply the 'compelling reasons' standard to all documents submitted in conjunction with the underlying motions"). Doe also argues that the Court's denial of her motion for leave to file a supplemental pleading means that her motion for a temporary restraining order, which concerned claims that would have been asserted in the supplemental pleading, is unrelated to the merits of this case. The Ninth Circuit has rejected the argument that the denial of a motion impacts the standard governing sealing. *See Auto Safety*, 809 F.3d at 1102.

Accordingly, the Court evaluates the parties' sealing requests under the compelling-reasons standard.

### A.    Defendants' sealing requests are granted in part and denied in part.

Defendants seek to redact certain personally identifying information concerning Doe and

United States District Court
Northern District of California

two Stanford students from eight exhibits filed in connection with defendants' opposition to Doe's Rule 60(b) motion. *See* Dkt. No. 107. The proposed redactions cover (1) Doe's birth date and passport number, (2) the name of a Stanford student about whom Doe submitted a complaint of potential admissions-related fraud, and (3) the name, birth date, address, driver's license number, and phone number of defendant Sydney Prier. The Court grants these requests except as to Prier's name.

As explained below, compelling reasons exist to seal Doe's name. Compelling reasons also exist to seal all three individuals' personally identifying information like birth dates, contact information, and identification numbers, which can be used to obtain other sensitive information about an individual. *See UnifySCC v. Cody*, No. 5:22-CV-01019, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024). And compelling reasons exist to seal the name of the non-party Stanford student. *See Guardian Prot. Prods., Inc. v. G.P.P., Inc.*, No. 1:20-CV-01680, 2025 WL 692450, at *2 (E.D. Cal. Mar. 4, 2025) ("Courts within the Ninth Circuit have routinely granted motions to seal the personally identifiable information of third-party individuals under the compelling reasons standard."). Defendants' proposed redactions of this material are narrowly tailored, and the compelling reasons supporting sealing of personally identifying information outweigh any public interest in the material, as it is not material to the outcome of Doe's Rule 60(b) motion. *See Kamakana*, 447 F.3d at 1179 (explaining that a court must "conscientiously balance" the public interest in understanding the judicial process against reasons for sealing).

Compelling reasons do not exist, however, to seal Prier's name. The document disclosing Prier's name describes Prier's report to the Palo Alto Police Department that Doe had falsely impersonated Prier. That Prier reported Doe's alleged impersonation has been in the public record for more than a year because Doe's unredacted complaint in this action describes the report. *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050, 2017 WL 4865558, at *2 (N.D. Cal. Oct. 27, 2017) (finding "no basis to seal information that is publicly available elsewhere"). Further, Prier is a party to this action, so the presumption in favor of sealing identifying information about third parties does not apply. While defendants argue that Prier's name is protected from disclosure under the Family Educational Rights and Privacy Act (FERPA),

4

United States District Court
Northern District of California

*see* 20 U.S.C. § 1232g, they "have not cited any authority indicating that FERPA in and of itself establishes compelling reasons for sealing judicial records." *Karasek v. Regents of the Univ. of California*, No. 15-CV-03717, 2016 WL 4036104, at \*17 n.8 (N.D. Cal. July 28, 2016). In any case, given that Prier's complaint set in motion many of the events underlying Doe's complaint in this action and the subsequent Rule 60(b) motion, any compelling reasons supporting sealing of Prier's name would likely be outweighed by the significant public interest in understanding the genesis of this action.

For these reasons, the Court grants defendants' motion to seal, Dkt. No. 107, except as to Prier's name.

### B.     Doe's sealing requests are granted in part and denied in part.

The Court previously granted Doe's request to proceed pseudonymously in this action because the Court determined that this is the "unusual case when nondisclosure of [Doe]'s identity is necessary to protect [her] from injury." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 106768 (9th Cir. 2000) (citation modified) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Specifically, the Court concluded that anonymity is necessary to protect Doe from gender-identity-based persecution in the country of her birth in the likely event of her deportation from her current country of residence. *See E.E.O.H. v. Noem*, No. 1:26-CV-01266, 2026 WL 850363, at \*2 (E.D. Cal. Mar. 26, 2026) (collecting cases in which "[c]ourts have granted motions to file pseudonymously based on the petitioners' fears of persecution and retaliation should their identities be revealed"), *report and recommendation adopted*, No. 1:26-CV-01266, 2026 WL 967670 (E.D. Cal. Apr. 9, 2026). For the same reason—i.e., to preserve the protections of pseudonymity—compelling reasons exist to seal information that would identify Doe as a transgender woman to her would-be persecutors in the country of her birth. *Cf. Doe v. Progressive Cas. Ins. Co.*, No. 21-CV-02602, 2023 WL 5960772, at \*2 (N.D. Cal. Aug. 21, 2023) (granting request to seal information that would disclose a plaintiff's transgender identity due to the likelihood of harassment). But because Doe is proceeding pseudonymously, less redaction of other identifying material is necessary to protect her identity from such persecutors. *Cf. County of Monterey v. Blue Cross of California*, No. 17-CV-04260-LHK, 2019 WL 343419, at \*5 (N.D. Cal.

United States District Court
Northern District of California

Jan. 28, 2019) (allowing the use of anonymous identifiers for third-party patients because "[u]sing such identifiers would minimize … sealing"). And Doe has not established compelling reasons to seal information that would identify her only to members of the Stanford (or Rice) communities, even if such identification "may lead to [her] embarrassment." *Kamakana*, 447 F.3d at 1179.

Doe argues that the Court should seal, in their entirety, all documents that were before Shaw during his admissions investigation. Doe's only authority for such broad sealing are cases involving appeals from decisions of administrative law judges in actions under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. Sealing the administrative record in IDEA cases is often appropriate because the record "consists of private and sensitive educational and medical records of … minor[s], … often in references too numerous to redact." *J.M. v. Oakland Unified Sch. Dist.*, No. 17-CV-04986-HSG, 2018 WL 6574190, at *8 (N.D. Cal. Dec. 13, 2018) (citation modified). While the record here contains some educational records, the other factors supporting sealing in IDEA cases are not present—Doe is not a minor; the documents subject to sealing requests contain no medical records; and the documents are sufficiently small in number to redact. The public interest in understanding the evidence underlying Doe's motions, which focus primarily on Shaw's admissions investigation, also weighs heavily against such broad sealing.

Based on the foregoing, the Court grants in part and denies in part Doe's sealing requests. In all documents below, the parties shall redact Doe's name, age, height, weight, eye and hair color, date of birth, country of nationality, nationality, native language, email addresses, residential and work addresses, employer names, phone numbers, past cities and countries of residence, signature, driver's license and passport numbers, IP addresses, the name of any foreign body that has granted a visa to Doe or adjudicated her immigration or asylum claims, the case number and caption of any state-court action in which Doe is not proceeding (or has not proceeded) pseudonymously, the judge presiding over any such state-court action, any image of Doe or her identity documents, and any description of the building in which Doe's July 31, 2025 auto-email stated that her body could be located (e.g., the building's color, material, or location). The Court hereafter refers to this information, collectively, as "the identifying information." The

United States District Court
Northern District of California

Court addresses additional sealing of individual documents below.

As to Dkt. No. 68-1, Doe no longer requests sealing of this document, and it shall be unsealed in its entirety.

As to Dkt. Nos. 68-2 and 68-3, Doe's request to seal the appendices in their entirety is denied. Doe may seal the identifying information discussed above.

As to Dkt. No. 68-4, Doe's request to seal the entire appendix is denied. Doe may seal the identifying information discussed above. Doe may also seal the entirety of pages 35 to 40, 42 to 47, 50 to 54, and 58 to 59 of this document, which contain the record of a sealed state-court order and personally identifying portions of Doe's application to Stanford.

As to Dkt. No. 68-5, Doe's request is granted. She may seal the identifying information discussed above.

As to Dkt. No. 68-6, Doe's request to seal the entire appendix is denied. Doe may seal the identifying information discussed above.

As to Dkt. No. 68-7, Doe's request to seal the entire appendix is denied. Doe may seal the information discussed above.

As to Dkt. No. 71, Doe's request is granted. She may seal the identifying information discussed above.

As to Dkt. No. 72-3, Doe may seal only paragraphs 5 to 7, paragraph 9, and footnote 2.

As to Dkt. No. 81-2, Doe may redact only the identifying information discussed above. She has waived any claim of privilege as to the remaining portions of the document. *See Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).

As to Dkt. No. 106-1, Doe's request is denied. The document shall be unsealed in its entirety.

As to Dkt. Nos. 107-2, 107-3, 107-4, 107-5, 107-6, 107-7, 107-8, and 107-9, Doe did not file a timely response to defendants' motion to seal these documents. Nonetheless, in addition to redacting the identifying information discussed above, the Court orders defendants to seal Dkt. No. 107-7 in its entirety and pages 35 to 41, 43 to 47, 50 to 54, and 57 to 59 of Dkt. No. 107-8.

As to Dkt. No. 108-2, defendants shall seal the identifying information discussed above;

United States District Court
Northern District of California

the quotation in paragraph 10 discussing Doe's location in July 2025; the social media handle allegedly associated with Doe; and footnote 2 in its entirety.

As to Dkt. No. 108-3, defendants shall seal the identifying information discussed above, as well as Prier's birth date, address, driver's license number, and phone number. Doe's request to seal other material in this document is denied.

As to Dkt. No. 108-4, defendants shall seal the identifying information discussed above. Doe's request to seal other material in this document is denied.

As to Dkt. No. 108-5, defendants shall seal the identifying information discussed above, as well as Prier's birth date, address, driver's license number, and phone number. Doe's request to seal other material in this document is denied.

As to Dkt. Nos. 108-6, 108-7, 108-8, 108-9, and 108-10, defendants shall seal the identifying information discussed above. As Doe has not proposed other specific redactions to these documents, no other material in the document shall be sealed.

As to Dkt. No. 108-11, this document contains no identifying information and shall be unsealed in its entirety.

As to Dkt. No. 108-12, Doe's request to seal this document in its entirety is denied. Defendants shall seal the identifying information discussed above, Doe's initials, and the social media handle allegedly associated with Doe.

As to Dkt. No. 108-13, Doe's request to seal this video exhibit in its entirety is granted.

As to Dkt. No. 108-14, defendants shall seal the identifying information discussed above and the name of the other Stanford student referenced in this document.

As to Dkt. No. 108-15, Doe's request to seal this document in its entirety is granted.

As to Dkt. Nos. 108-16 and 108-17, Doe's request to seal her name is granted. Defendants shall redact Doe's name and any other identifying information discussed above.

As to Dkt. No. 108-18, 108-19, and 108-20, defendants shall seal the identifying information discussed above. Doe's request to seal the documents in their entirety is denied.

As to Dkt. No. 108-21, Doe's request to seal identifying information in this document is granted, and defendants shall redact the document as Doe proposes.

United States District Court
Northern District of California

As to Dkt. No. 108-22, defendants shall redact the identifying information discussed above, as well as the country, city, and official title of the judge to which this document refers. Doe's request to redact other material from this document is denied.

As to Dkt. No. 108-23, Doe's sealing request is granted, and defendants shall seal the identifying information discussed above.

As to Dkt. No. 108-24, 108-25, and 108-26, Doe's sealing requests are granted, and defendants shall seal the identifying information discussed above.

As to 108-27, this document is stricken for the reasons below, so any sealing requests are moot.

As to Dkt. No. 108-28, Doe's request is granted, and defendants shall seal the identifying information discussed above.

As to Dkt. No. 108-29, Doe's request to seal identifying information in this document is granted, and defendants shall redact the document as Doe proposes.

As to Dkt. No. 108-30, defendants shall seal the identifying information discussed above. Doe's request to seal other material in this document is denied.

As to Dkt. No. 109-3, Doe's request to seal this document is denied except as to the locations listed on line 17 to 18 of page 2, line 27 of page 2, and line 2 of page 3.

As to Dkt. No. 109-4, Doe's request to seal this document is denied. It shall remain unsealed.

As to Dkt. No. 110, Doe's request to seal this video exhibit in its entirety is granted.

As to Dkt. No. 111, Doe's request to seal this document is denied, and it shall be unsealed in its entirety.

As to Dkt. No. 111-1, Doe's request to seal this document in its entirety is denied. Doe may seal the identifying information discussed above. Additionally, to the extent this document duplicates others addressed in this order, Doe may seal the same information in this document for which the Court has authorized sealing in the other documents it duplicates. Doe may also seal, in their entirety, pages 2, 27, 102, 127, 184 to 185, 189 to 196, 199 to 203, 207 to 208, 212 to 216, 307 to 308, and 311 to 322.

As to Dkt. No. 111-2, Doe's request to seal this document in its entirety is denied. To the extent this document duplicates others addressed in this order, Doe may seal the same information in this document for which the Court has authorized sealing in the other documents it duplicates.

As to Dkt. No. 116, Doe's request to seal portions of paragraphs 4, 6, 9, and 13 is granted. Her request to seal other portions of the document is denied.

As to Dkt. Nos. 116-1 and 116-2, Doe's request to seal these documents in their entirety is granted.

As to Dkt. No. 127-1, Doe may seal the identifying information discussed above. To the extent Doe seeks to seal other material in this document, her request is denied.

As to Dkt. No. 127-2, Doe's request to seal this document in its entirety is granted.

As to Dkt. No. 132-2, defendants shall redact the identifying information discussed above. Defendants' proposed redactions of other material in this document, which Doe requests that the Court adopt, are denied.

As to Dkt. No. 132-3, defendants shall redact the identifying information discussed above, as well as the name of any foreign city listed in this document and the name of the mobile telecommunications company in paragraph 18. Defendants' proposed redactions of other material in this document, which Doe requests that the Court adopt, are denied.

As to Dkt. Nos. 132-4, 132-5, 132-6, and 132-7, defendants' proposed redactions, which Doe requests that the Court adopt, are granted.

As to Dkt. No. 132-8, defendants shall redact the identifying information discussed above. Defendants' proposed redactions of other material in this document, which Doe requests that the Court adopt, are denied.

As to Dkt. No. 135, Doe's request to seal this document is denied. The document shall be unsealed in its entirety.

As to Dkt. No. 135-1, Doe may seal the identifying information discussed above and pages 43 to 46 in their entirety. Doe's request to seal other material in this document is denied.

As to Dkt. No. 135-2, Doe may seal the identifying information discussed above. To the extent Doe seeks to seal other material in this document, her request is denied.

As to Dkt. No. 135-3, this document contains no identifying information and shall be unsealed in its entirety.

As to Dkt. No. 135-4, Doe may seal the identifying information discussed above; the town and transportation service identified in paragraphs 7, 11, and 12; the geographic descriptors in paragraph 16; the third sentence of paragraph 14; and footnotes 2 to 4. To the extent Doe seeks to seal other material in this document, her request is denied.

As to Dkt. No. 135-5, Doe may seal the identifying information discussed above and the URL she proposes to seal on page 14. Doe's request to seal other material in this document is denied.

As to Dkt. No. 135-6, Doe may seal the identifying information discussed above. Doe's request to seal other material in this document is denied.

As to Dkt. No. 135-7, Doe may seal the identifying information discussed above; paragraphs 4, 5, 18, 20 to 26, 28 to 30, and 67; the names of towns, cities, hospitals, and phone numbers in paragraphs 36, 38, 43, 45, 46, 47, 48, and 49; and footnotes 2, 4, and 6. Doe's request to seal other material in this document is denied. Doe may also redact the signature on page 6.

As to Dkt. No. 135-8, Doe's sealing requests as to this document are granted in full.

As to Dkt. No. 135-9, Doe may seal the identifying information discussed above. To the extent Doe seeks to seal other material in this document, her request is denied.

As to Dkt. No. 136, Doe's request to seal this document is granted only as to the first page. As to the remaining pages, Doe may seal only the case number in the upper righthand corner of each page.

As to Dkt. No. 138, Doe's request to seal this document is denied, and it shall be unsealed in its entirety.

As to Dkt. No. 140, Doe has not presented any substantive argument that this document should remain under seal. The Court therefore orders that it be unsealed in its entirety.

As to Dkt. No. 143-1, Doe has not presented any substantive argument that this document should remain under seal. The Court authorizes Doe to seal only the names of cities listed in paragraphs 4 to 21 and the name of her country of nationality.

11

As to Dkt. No. 172-1, Doe may redact only the identifying information discussed above.

### C. The parties are ordered to file redacted copies of the documents currently under provisional seal.

By no later than June 8, 2026, each party shall file copies of the documents discussed above on the public docket, redacting only the information authorized by this order. For the avoidance of doubt, each party shall file public copies of the documents it originally filed—in other words, Doe need not file redacted copies of defendants' filings.[1] If a document was not expressly discussed in this order, no action is required with respect to that document.

## II. Doe's remaining motions are granted in part and denied in part.

In light of the foregoing, Doe's pending administrative motion (Dkt. No. 184) seeking clarification of the Court's prior order on sealing procedures is denied as moot.

Doe's *ex parte* application (Dkt. No. 185) to strike certain exhibits to defendants' opposition to her Rule 60(b) motion is granted in part and denied in part. Doe seeks to seal such exhibits pursuant to Federal Rule of Civil Procedure 12(f), but that rule applies only to "pleading[s]." An exhibit to an opposition brief is not a pleading. *See* Fed. R. Civ. P. 7(a) (listing documents that constitute "pleadings" within the meaning of the federal rules)**.** And while the Court has inherent authority "to strike items from the docket as a sanction for litigation conduct," *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010), Doe has established a basis to strike only one exhibit.

Doe argues that the exhibits she seeks to strike are duplicates of other documents already in the record and therefore violate the Court's standing order. But most of the exhibits do not duplicate the documents to which Doe points. For example, Doe argues that Exhibit E to the Declaration of Richard Shaw, Jr. in support of defendants' opposition (Dkt. No. 108-18) duplicates Exhibit A to Doe's Rule 60(b) motion (Dkt. No. 68-2). These documents both contain emails between Shaw and an official at Rice University, but the dates and contents of those emails

---

[1] Doe also need not file public copies of the document at Dkt. No. 121 or its attachments because that docket entry has been stricken. *See Santiago v. Wilkinson*, No. 3:20-CV-05538, 2020 WL 7490104, at *2 (W.D. Wash. Dec. 21, 2020). And defendants shall not file a public copy of Dkt. No. 108-27 because, as explained below, the Court strikes the document from the record. *See id.*

are different, so they are not duplicates. Doe argues that Exhibits F and G to Shaw's declaration (Dkt. Nos. 108-19 and 108-20) duplicate Exhibits B and F to her Rule 60(b) motion (Dkt. Nos. 68-3 and 68-7). Yet the former exhibits include email correspondence between Doe and Shaw that the latter exhibits omit. Doe contends that Exhibit O to Shaw's declaration (Dkt. No. 108-28) duplicates Exhibit D to her Rule 60(b) motion (Dkt. No. 68-5), but the contents of those two documents is entirely different. Doe's motion to strike these exhibits is therefore denied.

The only exhibit that is entirely duplicative of another document identified by Doe is Exhibit N to Shaw's declaration (Dkt. No. 108-27), which replicates Exhibit C to Doe's Rule 60(b) motion (Dkt. No. 68-4). Because the filing of this exhibit violated the Court's standing order, the Court grants Doe's motion to strike the exhibit.

**III.     Conclusion**

For the foregoing reasons, the parties' sealing requests are granted in part and denied in part. The clerk is ordered to place Dkt. No. 109-3 under seal. Doe's administrative motion (Dkt. No. 184) is denied. Doe's *ex parte* application to strike (Dkt. No. 185) is granted as to Dkt. No. 108-27 and is otherwise denied.

**IT IS SO ORDERED.**

Dated: May 26, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

13