JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>JASON A. SMITH, *et al.*,<br><br>                    Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED; REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:  The Honorable P. Casey Pitts<br>Dept:     8 |

ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED; REQUEST FOR JUDICIAL NOTICE

Case no. 5:25-cv-03490-PCP

**An Administrative Motion is the Proper Vehicle to Request this Relief**

Civil L.R. 7-11 finds that the "Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge[,] and finds that a motion that is not specifically governed by a federal statute, Federal Rule, local rule, or standing order should be made as an administrative motion. *Ibid.*

Although a motion for sanctions is governed, *partly,* under Federal Rules of Civil Procedure 11(c)(2)—and, thus, because it is governed under Federal Rules of Civil Procedure, it would not be proper to seek such relief on an administrative motion—an order requesting that a Court *considers* whether to issue a *sua sponte* order to show cause, not governed by any codified rule of court, is a proper ground for an administrative motion, given that no codified rule of court authorizes such a motion, making it fall under the aegis of Civil L.R. 7-11.

Of course, a party cannot **dictate** that a court issues a *sua sponte* order for sanctions under Fed R Civ P 11(c)(2)—implicit in the term of "sua sponte"— but there is nothing preventing a party from appraising a court of possibly sanctionable conduct and moving it to, after having been appraised of such conduct, decide *on its own motion* whether to *on its own motion* issue such an order to show cause.

Similarly, using Civil L.R. 7-11 to appraise a court of possibly sanctionable conduct for it to consider whether it will sanction a party under its inherent powers (or under 28 U.S.C. § 1927) is also proper. Because no other procedural vehicle exists to appraise the Court of a party's conduct sanctionable under a court's inherent jurisdiction or under 28 U.S.C. § 1927, Civil L.R. 7-11 is appropriate.

ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED; REQUEST FOR JUDICIAL NOTICE

Case no. 5:25-cv-03490-PCP

Of course, this administrative motion being possibly denied would be without prejudice to the Plaintiff filing a motion for sanctions herself after having complied with the necessary procedural tools (including the so-called 'safe-harbor rule' under Rule 11), but the Plaintiff thought that it would be a more efficient administration of justice and a more modest use of judicial resources for the Court to *sua sponte* determine whether it intends to issue a *sua sponte* order to show cause, re: sanctions, before moving the Court in that way and setting a briefing schedule thereto on a noticed motion for sanctions.

### Beyond Fed R Civ P 11(b), Violation of this Court's Standing Order is Also a Proper Ground to Issue a *Sua Sponte* Order to Show Cause as to why a Party Shall not Be Sanctioned, Given this Court's Inherent Authority

Beyond Fed R Civ P 11(b), the Standing Order of this Court, in the pertinent part, finds that "Citations and factual assertions must be completely accurate. Misrepresentations of law or fact, **however subtle**, may result in sanctions." (Civil Standing Order of the Honorable P. Casey Pitts at 2) (emphasis added). This Court's inherent jurisdiction for sanctioning violative conduct, *see, e.g., Chambers v. Nasco, Inc.,* 501 U.S. 32 (1991), would permit sanctions to be levied against a party for violating its Standing Orders, even if assuming, *arguendo*, such a violation does not rise to the level of a violation of Fed R Civ P 11 or 28 U.S.C. § 1927. This Court has the inherent power to issue sanctions in order "to protect the due and orderly administration of justice and **maintain the authority and dignity of the court**." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotations and citation omitted) (emphasis added). These sanctions may be issued when the party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Ibid*.

//

ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED; REQUEST FOR JUDICIAL NOTICE

Case no. 5:25-cv-03490-PCP

**Similarly, Appraising a Court of Possibly Sanctionable Conduct under 28 U.S.C. § 1927 and Requesting it to Issue a *Sua Sponte* Order to Show Cause is Properly Done on a Civil L.R. 7-11 Administrative Motion**

Similarly, like Fed R Civ P 11, because no other procedural vehicle exists to appraise a court of possibly conduct possibly sanctionable under 28 U.S.C. § 1927, an administrative motion appears to be a proper vehicle.

**Request for Judicial Notice**

Courts can take judicial notice of "documents on file in federal or state courts" *Harris v. Cty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012). Courts may "take judicial notice of court filings and other matters of public record[, as they] are readily verifiable and, therefore, the proper subject of judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA*, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (internal citation omitted). Of course, "the court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). Accordingly, the Plaintiff respectfully requests that the Court takes judicial notice over the existence of documents and the arguments contained therein at Docket Number 88 and 91 in a case in this district court entitled *Doe v. Board of Trustees of Leland Stanford Junior University*, 5:26-cv-03809-BLF (N.D. Cal, filed on April 30, 2026) entirely.

**Having Been Appraised of Sanctionable Conduct, It Is Appropriate for this Court to Consider Whether to *Sua Sponte* Issue an Order to Show Cause under Fed R Civ P 11(b), its Inherent Powers, and 28 U.S.C. § 1927 as to Why Defense Counsel Should Not be Sanctioned For Deceiving this Court and Filing Harassing Pleadings**

Based on the conduct described in the judicially-noticeable records, the Plaintiff hereby moves this Court to issue an Order to Show Cause as to why counsel for defendants Stanford University Department of Public Safety, Eric Fenton, and Jason A. Smith should not be sanctioned

3

ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED; REQUEST FOR JUDICIAL NOTICE

Case no. 5:25-cv-03490-PCP

for making material misrepresentations of facts and law in their moving papers in this Court, especially Docket Numbers 25, 28-3, 29, 57.

**For Abundance of Caution, It Is Clear that this Court Can Still Impose Sanctions in this Now-Closed Case**

A district court still retains jurisdiction to impose sanctions under Fed R Civ P 11, its inherent powers, and 28 U.S.C. § 1927 even when a case is terminated or is dismissed pursuant to Fed R Civ P 45. *Cooter & Gell v. Hartmarx* "conclude[d] that petitioner's voluntary dismissal did not divest the District Court of jurisdiction to consider respondents' Rule 11 motion." 496 U.S. 384, 398 (1990). *See also Commercial Space Mgmt. Co. v. Boeing Co.* 193 F.3d 1074, n.8 (9th Cir. 1999) (citing *Cooter* to conclude that voluntary dismissal does not divest the district court of jurisdiction to impose sanctions).

**Given the nature of the Requested Relief, Plaintiff Will Not Submit a Proposed Order or a Declaration**

Since this administrative motion requests the Court to consider whether it will issue a *sua sponte* order to show cause, the undersigned's view is that it would be *improper* to submit a proposed order in compliance with Civil L.R. 7-11 (a) since the Plaintiff cannot *dictate* that the Court *sua sponte* issues an Order. And since the defendants will obviously not stipulate to have the court consider whether to issue an Order to Show Cause as to whether they should be sanctioned, a declaration setting forth why stipulation could not be obtained, in compliance with Civil L.R. 7-11 (a), is counterintuitive here. As such, accordingly, the Plaintiff seeks leave from those requirements found in Civil L.R. 7-11 (a).

[signature block follows]

4

ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED; REQUEST FOR JUDICIAL NOTICE

Case no. 5:25-cv-03490-PCP

Respectfully submitted,

DATED: June 4, 2026.

/s/ Jane Doe

JANE DOE

*In Propria Persona*

ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED; REQUEST FOR JUDICIAL NOTICE

Case no. 5:25-cv-03490-PCP