PILLSBURY WINTHROP SHAW PITTMAN LLP
JACOB R. SORENSEN (Cal. Bar No. 209134)
jake.sorensen@pillsburylaw.com
STACIE O. KINSER (Cal. Bar No. 300529)
stacie.kinser@pillsburylaw.com
KHYRSTYN ("NAN") MCGARRY (Cal. Bar No. 318677)
nan.mcgarry@pillsburylaw.com
EMILY YOUNG (Cal. Bar No. 357173)
emily.young@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:     (415) 983.1000
Facsimile:     (415) 983.1200

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY,
JASON A. SMITH, and ERIC FENTON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>JASON A. SMITH, et al.,<br><br>Defendants. | Case No. 25-cv-03490-PCP-NMC<br><br>**STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER ISSUING A *SUA SPONTE* ORDER TO SHOW CAUSE AS TO WHY COUNSEL FOR STANFORD DEFENDANTS SHALL NOT BE SANCTIONED (DKT. 190)**<br><br>Judge:  Honorable P. Casey Pitts<br>Complaint Filed:  April 21, 2025 |

Defendants The Board of Trustees of the Leland Stanford Junior University (sued as Stanford University Department of Safety) ("Stanford"), Jason A. Smith, and Eric Fenton (the "Stanford Defendants") respectfully submit this Opposition to Plaintiff's Administrative Motion for this Court to Consider Issuing a *Sua Sponte* Order to Show Cause as to Why Counsel for Stanford Defendants Shall Not Be Sanctioned (Dkt. 190).

On June 4, Plaintiff filed what she described as an administrative motion under Civil Local Rule 7-11 requesting that this Court consider whether to issue a *sua sponte* order to show cause why counsel for Stanford should not be sanctioned.  Plaintiff acknowledges that an administrative motion under Civil Local Rule 7-11 directly seeking sanctions would be improper because a motion for sanctions is governed by Rule 11(c) of the Federal Rules of Civil Procedure and requires a separately noticed motion describing specific sanctionable conduct.  Dkt. 190 at 2.  Plaintiff attempts to skirt this requirement by requesting that the Court take judicial notice of a noticed motion for disqualification of Stanford's counsel Plaintiff has filed in a separate case (*Doe v. Board of Trustees of Leland Stanford Junior University*, 5:26-cv-03809-BLF ["*Doe II*"]), and then "*sua sponte*" consider sanctions based on her claims in that noticed motion.

On June 8, this Court entered an order granting Plaintiff's request for an extension of time to refile documents according to the Court's sealing instructions (Dkt. 191), and stated in that same order that the Court would address "Doe's [190] administrative motion concerning sanctions after the deadline for defendants to respond to that motion has passed."  Dkt. 192.  Stanford will respond substantively to the noticed motion for disqualification in *Doe II* as required by June 16.  The Stanford Defendants also hereby oppose Plaintiff's June 4 administrative motion in this case in its entirety for three reasons.

***First***, to the extent Plaintiff seeks a request for judicial notice of "the arguments contained" in the *Doe II* motion to disqualify—as opposed to the mere existence of that motion—such a request is improper.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1000 (9th Cir. 2018).  In any event, Plaintiff's assertions in the administrative motion—and likewise in the *Doe II* motion to disqualify—that Stanford's counsel have made misrepresentations of fact in its pleadings have absolutely no merit.  Even a brief review of the motion to disqualify shows that

it is nothing more than a desperate attempt to harass counsel and inflame the court. *See* Dkt. 88 at 5:7-8 (arguing that "**McGarry Is a *Raging and Disgusting* Anti-Semite**") (emphasis in original); *Id.* at 9:22-26 ("it makes one want to ***vomit and disgorge*** . . . to remind oneself that McGarry and Kinser do not reach even *near* the name of the law . . . they are mere. . . ***gangrenous*** attachments") (emphasis in original). To the extent Plaintiff makes any "arguments," the motion to disqualify is "supported" by a 33-page, 166-paragraph declaration which rehashes arguments in various pleadings in this case (and purports to incorporate some of those pleadings by reference), all in the guise of "recounting [Stanford's counsel's] lies and attempts to con the Honorable P. Casey Pitts in [Doe] I." In bringing these "arguments" back to this Court via her "administrative motion," Plaintiff is essentially making a second motion for reconsideration of the order denying her Rule 60(b) motion, notwithstanding that she has appealed from that order. In any event, counsel stands behind every pleading filed in this case and has provided extensive evidentiary support so that the Court may assess those pleadings for itself. Counsel will respond in due course to the motion to disqualify in *Doe II*, but welcomes any questions this Court may have regarding Plaintiff's spurious assertions about the documents filed in this case.

***Second***, this improper use of Civil Local Rule 7-11 is a blatant, repeat attempt by Plaintiff to avoid the noticed motion requirements of Rule 11(c). This Court has previously advised: "If plaintiff wishes to file a motion for sanctions against defendants, plaintiff must first comply with Rule 11, which requires that 'the motion [] be served under Rule 5.' See Fed. R. Civ. P. 5(b)(2) (listing proper methods of service). After plaintiff has properly served that motion pursuant to Federal Rule 5, plaintiff must then wait an additional 21 days before filing the motion with this Court." Dkt. 52. No such motion has been served or is pending before this Court or any other court.

***Third***, Plaintiff also admittedly failed to abide by the requirements of Civil Local Rule 7-11 to file a declaration and proposed order with her administrative motion. Dkt. 190 at 4. Plaintiff has already been admonished regarding her non-compliant and frivolous administrative motions in this case (*see* Dkt. 104: "In light of the dozen administrative motions filed within the past nine days, among many other filings, the Court advises the parties that it shall summarily

-2-

deny further administrative motions absent an extremely compelling showing of need for clarification or other relief") and in *Doe II* (*see* Dkt. 70, therein: "Rule 7-11 is not, as Plaintiff appears to believe, a freestanding license to commandeer the Court's 'discretion in managing and organizing its docket'… Plaintiff is admonished that further frivolous 'administrative' motions may result in the imposition of sanctions." [internal citations omitted.]).  Plaintiff's continued misuse and abuse of Civil Local Rule 7-11 must be stopped.

Respectfully submitted,

Dated:  June 8, 2026                                PILLSBURY WINTHROP SHAW PITTMAN LLP

By:        */s/ Stacie Kinser*
JACOB R. SORENSEN
STACIE O. KINSER
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, JASON A. SMITH, and ERIC FENTON