JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | ) **[PROPOSED] REPLY ON THE** |
| | ) **PLAINTIFF'S ADMINISTRATIVE** |
| v. | ) **MOTION FOR THIS COURT TO** |
| | ) **CONSIDER *SUA SPONTE* ISSUING AN** |
| JASON A. SMITH, *et al.*, | ) **ORDER TO SHOW CAUSE, RE:** |
| | ) **SANCTIONS** |
| Defendants. | ) |
| | ) Judge: The Honorable P. Casey Pitts |
| | ) Dept: 8 |
| | ) |
| | ) RE: Dkt. No.s. 190, 194 |

Plaintiff hereby submits this [proposed] reply on the Administrative Motion, provided that leave is granted by this Honorable Court and assumes that the Court will consider this [proposed] reply submitted for disposition if it grants the Plaintiff leave.

**Judicial Notice is Appropriate**

Plaintiff is only seeking judicial notice over the existence of pleadings in the Public Record and the existence of arguments contained therein, not to their truthfulness. This complies with the judicial notice standard in this Circuit.. Opposing Counsel's citation of *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999-1000 (9th Cir. 2018) is improper. In *Khoja,* the Ninth Circuit specifically addressed the situation of judicial notice in support of a Rule 12 motion to dismiss, where a court is not permitted to generally look beyond the four corners of a complaint. As such, to the extent that *Khoja* delineated a standard for judicial notice, it delineated such a standard for Rule 12 motions to dismiss. This is not such a case.

**Opposing Counsel Has Once Again Breached Her Duty of Candor and Mislead this Court regarding the Actual Remedy the Plaintiff is Seeking (and Opposing Counsel's Dissatisfaction with the Plaintiff's Language is Irrelevant)**

It certainly does not help the Opposing Counsel and her cause that in an administrative motion that requests that this Court consider *sua sponte* issuing an order to show cause as to whether Opposing Counsel should be sanctioned for her duty of breach of candor to any tribunal of law did she attempt to mislead this Court yet once again, breaching—yet once again—her duty of candor to this Court. Contrary to opposing counsel's suggestion, although both her and her colleague are both "gangrenous attachments" (*Opp.* at 3) to the institution of law—and their attachment to that great institution should be severed— and they are both, *doubtlessly,* "[r]aging and [d]isgusting [a]nti-Semite[s] (*Ibid.*) who attempt to abuse the judicial machinery in an attempt to "mandate [their] own moral code" on others, *see Planned Parenthood v. Casey*, 505 U.S. 833, 850 (1992) (O'Connor, J.,

[PROPOSED] REPLY ON THE PLAINTIFF'S ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER SUA SPONTE ISSUING AN ORDER TO SHOW CAUSE, RE: SANCTIONS

Case no. 5:25-cv-03490-PCP

plurality), and attempt to use secular institutions of this Nation to be subsumed by their arbitrary whims and for them to use the "judicial machinery as their local church gathering" (*Doe v. Board of Trustees of Leland Stanford Junior University,* Dkt. No. 88 at 15), the disqualification motion in *Doe II* and the sanctions motion herein is rather because both the opposing counsel and her co-counsel breached their duties of candor to this Court and attempted to deceive this Court multiple times on factual and legal matters. This is—to borrow opposing counsel's colleague's favorite phrase—"objectively" concerning. And it is not objectively concerning because lying and fraud and deception are moral wrongs to the Plaintiff (although they are), but it is because a duly admitted member of the California bar lying to and attempting to scheme a court of law is prohibited by the secular laws of this Nation. *See, e.g.,* Fed R Civ P 11.

To the extent that this Court considers sanctioning counsel "to maintain […] dignity of the court[,]" *see Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) because counsels have used their "legal pleadings as their proposed sermons for their Sunday service" (*Doe II,* Dkt. No. 88 at 15) and used this Court's authority to attempt to "impede the observance of one or all religions or . . . to discriminate invidiously between religions[,]" *see Braunfeld v. Brown*, 366 U.S. 599, 607 (1961), and attempted to **force** this Court to conduct a "[h]eresy trial[,]" *see United States v. Ballard*, 322 U.S. 78, 86 (1944), sanctions would also be proper and within the inherent jurisdiction of this Court.

Opposing Counsel has not provided any legal argument as to why that would not be the case, nor could she—rather she seems to maintain that because the Plaintiff's language is unpalatable to her subjective ears and is "strong language, intemperate language[,]" *see Craig v. Harney*, 331 U.S. 367 (1947), legal relief is not proper. This is not a legal argument—nor is it an argument worth any

[PROPOSED] REPLY ON THE PLAINTIFF'S ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER SUA SPONTE ISSUING AN ORDER TO SHOW CAUSE, RE: SANCTIONS

Case no. 5:25-cv-03490-PCP

weight. And "it is nevertheless often true that one man's [*sic*] vulgarity is another's lyric[,]" *see Cohen v. California,* 403 U.S. 15, 25 (1971).

Our Judiciary is not opposing counsel's local church service, nor is it organized by what legal relief and remedy sounds palatable to her subjective ears and senses of morality.

### Opposing Counsel's Single Quotations Around the Phrase *Sua Sponte* and Other Verbiage Establish Her Inability to Understand "Legal Nuance"

"Although defense counsel's inability to understand legal nuance is not ordinarily something that would warrant a response, the Plaintiff nonetheless wanted to elucidate to this Court so that the Court can be appraised of defense counsel's legal noviceness[,]" *see* Dkt. No. 96 in *Doe II* at 3. Fed. R. Civ. P. 11 (c)(3) provides that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." *Ibid.* And the Plaintiff herein is providing notice to this Court of possibly sanctionable conduct and moving it to consider whether it would wish to *sua sponte* issue an order to show cause.

Because the Opposing Counsel is incapable of understanding this nuance, she thinks the Plaintiff is using the Administrative Motion to seek sanctions under Fed R Civ P 11 (c)(2). She is not doing that, however.

Further, an administrative motion is the proper vehicle to appraise a court of possibly sanctionable conduct because such a pleading is not "otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." *See* Civil L.R. 7-11.

### Opposing Counsel Attempts to Rob this Court of Discretion and Commandeer this Court's Inherent Jurisdiction for Her Again

Opposing Counsel does not necessarily explain why *this* Administrative Motion fails as a matter of law but rather launches—once again—an *ad hominem* attack against the Plaintiff because *who* she is, instead of addressing her legal arguments. Further, it is well-established that one

3

[PROPOSED] REPLY ON THE PLAINTIFF'S ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER SUA SPONTE ISSUING AN ORDER TO SHOW CAUSE, RE: SANCTIONS

Case no. 5:25-cv-03490-PCP

"[district court] decision is no more binding on this Court than any other district court decision that disagrees with this Court's interpretation of the applicable statutes." *Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 U.S. Dist. LEXIS 12056, at *6 (E.D. Cal. Jan. 22, 2026).

Opposing Counsel attempts to *rob* this Court of his jurisdiction to interpret procedure based on how another judicial officer interpreted procedure and, thus, attempts to "commandeer the Court's 'discretion in managing and organizing its docket[.]" *Opp.* at 3. "To the extent that defense counsel wishes to have the ability to order" courts as to how they should exercise their discretion, Opposing Counsel needs to be the legal sovereign of this Nation to be able to do so. As such, regardless of how "purportedly special" she sees herself to be, she, fortunately, is not a *regina. Doe II*, Dkt. No. 96 at 4.

**Plaintiff Sought Leave from the Other Requirements of Civil L.R. 7-11 and It Is Within this Court's Jurisdiction to Grant Such Leave**

Finally, Plaintiff sought leave from this Court on the declaration and proposed order requirements contemplated by Civil L.R. 7-11. This Court has the discretion to grant them. And, once again, because Kinser is not this Nation's *regina*, she cannot dictate that this Court be robbed of his discretion to grant leave, nor can she "commandeer the Court's" Article III powers.

Respectfully submitted,

DATED: June 9, 2026.

/s/ Jane Doe

JANE DOE

*In Propria Persona*

4

[PROPOSED] REPLY ON THE PLAINTIFF'S ADMINISTRATIVE MOTION FOR THIS COURT TO CONSIDER SUA SPONTE ISSUING AN ORDER TO SHOW CAUSE, RE: SANCTIONS

Case no. 5:25-cv-03490-PCP