JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | **ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN ADMINISTRATIVE MOTION TO CLARIFY; [PROPOSED] ADMINISTRATIVE MOTION TO CLARIFY** |
| v. | |
| JASON A. SMITH, *et al.*, | |
| Defendants. | Before the Honorable P. Casey Pitts |

i

**Administrative Motion for Leave to File the Proposed Administrative Motion:**

Pursuant to Civil L.R. 7-11 and this Court's text-order at ECF No. 203, Plaintiff hereby seeks leave to file an administrative motion to clarify this Court's earlier order at ECF No. 218. To comply with this Court's order at ECF No. 203, Plaintiff hereby certifies that this motion has not been brought to this Court before "in whole or in part[.]" *Ibid*. Plaintiff also certifies that there exists compelling reasons to entertain the proposed administrative motion, given that the Plaintiff will be filing two noticed motions soon, *see* ECF No. 205, which are concurrently being drafted, and it is unclear to the Plaintiff what criterion the Court will employ to (mis)use[1] its inherent striking-of-pleadings authority. To the extent that the Court grants the leave herein prayed, the proposed administrative motion follows herein *infra*, as ordered by this Court at ECF No. 203.

**Legal Standard for an Administrative Motion for Clarification:**

Civil L.R. 7-11 finds that the "Court recognizes that during the course of case proceedings a

---

[1] The Bill of Rights gave the people of this Nation the right to petition the government for a redress of grievances—even if such petitions are unpalatable in their content and tone to those in the government to whom such petitions are addressed. The First Amendment "right of the people . . . to petition the Government for a redress of grievances," is "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25, 122 S. Ct. 2390, 153 L. Ed. 2d 499 (2002). Certainly, the Framers did not intend this right to be limited by the subjective beliefs of a "tyrannical majority" that gets to dictate norms of and on politically and aesthetically palatable speech. *See* The Federalist No. 10 (James Madison) (Clinton Rossiter ed., 1961). "Ought not a government, vested with such extensive and indefinite authority, to have been restricted by a declaration of rights? **It certainly ought**." Brutus No. 2 (November 1, 1787), in 2 The Complete Anti-Federalist 358 (Herbert J. Storing ed., 1981) (emphasis added). "A judge is not free, like a loose cannon, to inflict indiscriminate damage whenever he [*sic*] announces that he is acting in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 367 (1978) (Stewart, J., dissenting). As Justice Hand recognized so aptly, certainly, the Bill of Rights conferred upon the people a right to petition in "intemperate or inflammatory" ways. Learned Hand to Zechariah Chafee, 3 December 1919. *See also Masses Publishing Co. v. Patten,* 244 F.535, 540 (S.D.N.Y 1917) (opinion of Hand, J.). The undersigned does not consider Justice Hand's remarks to be overruled by *Brandenburg*.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN ADMINISTRATIVE MOTION TO CLARIFY; [PROPOSED] ADMINISTRATIVE MOTION

5:25-cv-03490-PCP

party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge[,]" and finds that a motion that is not specifically governed by a federal statute, Federal Rule, local rule, or standing order should be made as an administrative motion. *Ibid.*

"While there is no specific Federal Rule of Civil Procedure that governs the standards for a motion for clarification, the general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.[2]" *Prakash v. Walmart Inc.*, No. 24-cv-08376-NC, 2026 U.S. Dist. LEXIS 94834, at *12 (N.D. Cal. Apr. 29, 2026) (citations and alterations omitted). And because there is no federal statute, Federal Rule, local rule, or standing order that otherwise governs or otherwise authorizes a motion for clarification, the Plaintiff relies on caselaw from this District, as quoted *supra*, to conclude that this is a proper use of an administrative motion within the meaning of Civil L.R. 7-11. "Motions for clarification are appropriate when parties 'are uncertain about the scope of a ruling' or when the ruling is 'reasonably susceptible to differing interpretations.'" *N. Alaska Env't Ctr. v. Haaland*, No. 3:20-cv-00187-SLG, 2023 WL 3661998, at *15-16 (D. Alaska May 25, 2023), citing *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *LBF Travel Mgmt. Corp. v. Derosa*, No. 20-cv-02404- MMA-SBC, 2025 WL 1088200, at *2 (S.D. Cal. Apr. 11, 2025) (internal citations omitted).

**Requested Clarification as to What Constitutes 'Inflammatory' and Whether the**

---

[2] These would be governed by Federal Rules of Civil Procedure 60 or Rule 59(e) and would require leave of the court pursuant to Civil L.R. 7-9. "The Local Rules of this district do not require a party to seek leave to move for clarification." *Mendoza v. Hyundai Motor Co., Ltd..*, No. 15-cv-01685-BLF, 2024 U.S. Dist. LEXIS 8872 (N.D. Cal. Jan. 17, 2024), at *5.

**Absence of this Court and *Doe II* Court's Previous Strike Orders Should be Assumed to Delineate the Appropriate Standard:**

This Court ruled that "filings from either party containing inflammatory language shall be summarily stricken[.]" ECF No. 218. Yet the Court did not indicate what it considers "inflammatory" in this context, thus "clarify[ing] [this] ambiguous [and] vague" phrase is proper. *Prakash, ibid.* The Court's order is particularly ambiguous and vague and confusing because the Plaintiff's filings have been attempting to comply with this Court's understanding of "inflammatory" speech based on its previous conduct and what it decided to strike.

For instance, the Plaintiff thought that including 12-page *ad hominem* attack on someone because of their hometown and narcissistically-assumed living conditions in one's "hometown ," *see* ECF No. 218, were not "inflammatory" because defendants' previous moving papers included such language, and this Court did not strike it as "inflammatory." *See* ECF No. 133. As such, the Plaintiff assumed that such "petty street fist-fights" were seen as proper by this Court given the Court's past conduct. ECF No. 139. As yet another example, because the Court did not strike the defendants' 900-page moral tirade about how amoral Jews are, *see* ECF No. 29, and how such amoral Jews like the Plaintiff should be annihilated from the Judiciary, the Plainitff thought that this Court considered such attacks on "religious affiliation," *see* ECF No. 218, proper. As yet another example, because the Court did not strike the defendants' pleadings where they argued that the Plaintiff was too stupid to understand what constituted a Fourth Amendment seizure within the meaning of *United States v. Mendenhall*, 446 U.S. 544 (1980), the Plaintiff thought that moving papers about someone's "alleged 'incapacity to understand legal nuance[,]'" *see* ECF No. 218, were considered a proper use of the judicial machinery by this Court. *See* ECF No. 25 (noting that "although she does not say so directly, Doe is an undergraduate student" and thereon concluding

3

that she is too stupid to understand what would constitute a seizure to invoke Fourth Amendment protections). To yet give another example, because non-party Richard H. Shaw, Jr. (hereinafter "Perjurer Shaw") committed the common law tort of fraud to creepily "hunt down," *see* ECF No. 169 in *Doe v. Board of Trustees of Leland Stanford Junior University et al.,* no. 5:26-cv-03809-BLF (N.D. Cal) (*Doe II*), at 1: 10, the Plaintiff's location, it will be completely proper for the Plaintiff to do the same with opposing counsels' locations and provide them to the Court. *See, e.g.,* ECF No. 127 in *Doe II* (delineating Perjurer Shaw's fraud). Since this Court also adopts *Doe II* Court's reasoning by *ipse dixit* citing its order, the Plaintiff also assumes, for instance, that the Plaintiff targeting the opposing counsels with profanity laced-vitriol and calling them slurs because of their gender identity would also be proper since the *Doe II* court did not strike such language. *See* ECF No. 183 (motion to strike). The Plaintiff, assumes, for instance, that it would be completely civil and non-inflammatory for the Plaintiff to stalk opposing counsel's partner and speculate about his financials[3] because the *Doe II* court did not strike such language as purportedly 'inflammatory.' *See* ECF No. 130 in *Doe II* at 7.[4] The Plaintiff also, for instance, that she could claim that opposing counsels are two-time perjurer because they are cisgender and other gender expressions that could be attributed to their gender identity. *See* ECF No. 109 (arguing that Doe is a two-time felon because she is transgender—indeed, that the felony *is* being transgender *ipso facto*).

If this is not what the Court intended to rule with its Order, then the Plaintiff assumes that

---

[3] Counsel seems to think, like her Missouri Catholicism, that everyone must be living their life like her—with the same convictions and beliefs. But not all recent law school graduates wish to work in firms like her firm and represent people like Perjurer Shaw. And people unlike opposing counsel—who work in low-bono, public-interest law firms focusing on environmental law—do not—it is a great unfortunate—earn as much as people that can stomach representing people like Perjurer Shaw.

[4] But *see, cf.,* ECF No. 131 in *Doe II* at 6, n.1 (delineating that the existence of a marriage is a state law matter and delineating California law thereof).

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN ADMINISTRATIVE MOTION TO CLARIFY;
[PROPOSED] ADMINISTRATIVE MOTION
5:25-cv-03490-PCP

the Court must mean that what constitutes inflammatory speech, for the Court, depends on and changes "with[] respect to persons" and what *kind* of persons such people are. *See* 28 U.S. Code § 453. In this reading, if the Plaintiff is understanding the Court right herein, it is inflammatory to talk about another's "religious affiliation" and the purported moralness of such "religious affiliation" in pleadings before this Court if that person is Christian—but *not inflammatory* if that person is, *say,* Jewish. For instance, targeting people from a specific hometown, but not others, are also permissible in this Court. And targeting someone with profanity-laced vitriol based on their gender identity is proper if that said person is transgender, but it is not proper if that person is cisgender.

**Conclusion:**

Accordingly, because the Court's order is ambiguous and vague, the Plaintiff hereby moves, should leave be granted, to clarify it so that her forthcoming noticed motions will be able to comply with this Court's order and that the Plaintiff can submit pleadings to this Court that will pass this Court's tone policing.

Respectfully submitted,

DATED: July 26, 2026.

/s/ Jane Doe

JANE DOE
*In Propria Persona*