JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>*v.*<br><br>JASON A. SMITH, *et al.*,<br><br>Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**ADMINISTRATIVE MOTION TO CLARIFY THIS COURT'S SUMMARY DENIAL OF THE PLAINTIFF'S MOTION TO FILE A PRAECIPE**<br><br>Before the Honorable P. Casey Pitts |

Pursuant to Civil L.R. 7-11, Plaintiff Jane Doe moves this Court for a modest clarification of this Court's earlier order, *see* ECF No. 228, to ensure that the Plaintiff correctly understood this Court's pertinent summary denial of that motion. Plaintiff contends that the Court's clarification is needed to sustain judicial economy and parties' resources and to ensure that future motions that this Court intends to deny are not successively brought before this Court, especially since the Court has indicated that it disfavors future motion practice on this 'closed' action.[1]

[1] To the extent that leave to file this motion is needed per this Court's order at ECF No. 203, Doe hereby seeks such leave herein and hereto and contends that she has complied with this Court's respective order.

"While there is no specific Federal Rule of Civil Procedure that governs the standards for a motion for clarification, the general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Prakash v. Walmart Inc*., No. 24-cv-08376-NC, 2026 U.S. Dist. LEXIS 94834, at *12 (N.D. Cal. Apr. 29, 2026) (citations and alterations omitted). "The Local Rules of this district do not require a party to seek leave to move for clarification." *Mendoza v. Hyundai Motor Co., Ltd.*., No. 15-cv-01685-BLF, 2024 U.S. Dist. LEXIS 8872 at * 5 (N.D. Cal. Jan. 17, 2024).

On July 17, 2026, this Court granted Doe leave to file a motion for sanctions both under Federal Rules of Civil Procedure 11 and this Court's inherent jurisdiction. Doe intends to file the proposed motion promptly. Ordinarily, Doe would need some limited discovery to be able to carry her evidentiary burden for the motion—and such limited discovery for a sanctions motion is in order. *See, e.g., Aradon v. Snohomish Cty*., No. 2:20-CV-1665-RSM-DWC, 2022 WL 2818131 , at *5 (W.D. Wash. July 19, 2022) (reopening discovery period and permitting limited discovery to for the movant's motion for sanctions). It is unclear to Doe if the Court's summary denial at ECF No. 228 is to be construed as this Court's intent to deny limited discovery related to the motion for sanctions. And it is unclear to Doe is she should first file the motion for sanctions and concurrently seek leave to conduct limited discovery. It is also difficult to draft a motion for sanctions without knowing if the Court is going to permit limited discovery herein.

Of course, this Court has the inherent jurisdiction to conduct an independent investigation when sanctionable conduct is brought to its attention. *Chambers v. Nasco*, 501 U.S. 32, 43, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991). To that extent, if the Court intended to deny Doe's motion(s) for leave to conduct limited discovery, it is unclear to Doe if the Court is inclined to order production of

materials after having reviewed Doe's motion for sanctions and *sua sponte* determining if discoverable material should be produced by the defendants.

Accordingly, Doe respectfully moves to clarify if (1) the Court's summary denial at ECF No. 228 is to be construed as the Court's intent to deny all motions related to discovery brought by Doe with respect to the motion for sanctions, and (2) whether the Court will be inclined to conduct its own independent investigation and *sua sponte* order discovery after reviewing Doe's forthcoming motion for sanctions. The Plaintiff wishes motion practice related to the sanctions motion to be narrowly tailored and succinct, both to sustain judicial resources and party resources. Doe also recently sought stay of the appeal on this Court's Rule 60(b) order, *see Doe v. Smith, et al.*, no. 26-2976 (9th Cir. __), appeal docketed in April 2026, Document Entry 12, so it is important to Doe that the sanctions matter proceeds expediently so as not to delay appellate review of this Court's denial of the Rule 60(b) motion. Because the Court's intent in summarily denying Doe's motion at ECF No. 227 is difficult to understand the Court's intention with respect to discovery as it related to the motion for sanctions, Doe respectfully seeks clarification thereto.

Respectfully submitted,

DATED: September 8, 2026.

*/s/ Jane Doe*

JANE DOE
In Propria Persona