JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br>Plaintiff,<br>*v.*<br>JASON A. SMITH, *et al.*,<br>Defendants. | Case No.: 5:25-cv-03490-PCP<br>**ADDENDUM TO THE ADMINISTRATIVE MOTION AT ECF NO. 239**<br>Before the Honorable P. Casey Pitts |

The Plaintiff has filed an administrative motion for leave to lodge certain declaration for *in camera* review. After having reviewed the defendants' opposition[1] ("Opp.") to that administrative

[1] Defendants cite this Court's order, *see* Dkt. No. 155 at 13, *see* Opp. at 1, n.1, but this Court's finding and Doe's electronic communication exactly delineate what Doe has declared to this Court: Defense counsels represented that they will able to recover costs even if Doe dismissed this suit without prejudice out of her own volition, and to confirm that that was true, Doe ""insisted that [Stanford] 'provide a signed letter that no costs would be recovered[,]'" *ibid*., because defendants represented that they would be able to recover costs even if Doe dismissed this suit without prejudice out of her own volition and defense counsel continued her deceptive tactics and indicated that the waiver of costs would apply "irrespective of theory of recovery[,]" perpetuating her previous fraud that there is a "theory of recovery" from which defendants could cover costs had Doe dismissed this suit without prejudice out of her own volition. So, of course, "waiver was of significant value to Doe" but Doe would have dismissed this suit *without* prejudice had not defense counsel deceived Doe in a place of mental turmoil.

motion, it appears that the motion might have resulted in a misunderstanding, so Doe files this addendum to clarify. Doe is ***not*** **seeking leave** for the non-party witnesses to proceed pseudonymously. Doe merely seeks leave to file documents for *in camera* review. This Court has previously ruled that had witnesses' pseudonymity status be a a "factor" for "disregarding [the declarations]" "then" the Court "would certainly give [Plaintiff] leave" for "in-camera" review. Tr. Hearing at 32: 5-13, April 28, 2026 (Pitts, J., in colloquy with the Plaintiff). Doe *does not* seek leave for *anyone* to proceed pseudonymously. So the provisions of *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067-70 (9th Cir. 2000) (Dkt. No. 242 at 2) *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cited *id* at 4) are wholly inapplicable.

Defendants in no way explain how and why they started 'investigating' a previous non-party affiant's employment at their institution 2 weeks after that affiant executed a declaration with their name, nor could they offer any viable basis for their untruthful accusations, launched to intimate witnesses that testify against them. Based on this concession alone (the opposition does not, indeed, definitively argue that defendants *did not* retaliate against a previous non-party affiant or how and why they started 'investigating' the non-party affiant two weeks after the execution of a declaration *if not* for retaliatory purposes). And though the opposition maintains that "no adverse action was taken against the employee as a result of the investigation[,]" *see* Dkt. No. 242 at 5, the Ninth Circuit has long held, in pseudonymity cases, that psychological harm is sufficient for pseudonymous proceeding. *See Advanced Textile*, 214 F.3d at 1067-70. Testifying against the defendants should not result in months-long mental turmoil because defendants decide to vindictively launch 'investigations' against affiants who execute declarations about the truth because the truth goes against the defendants' vindictive interests. That such bogus investigations do

not (naturally) lead to any outcome does not override the psychological harm suffered because of those purported investigations.[2]

To the extent that the Court does not grant the motion, the Plaintiff prays that the Court deny it without prejudice so that the motion can be filed with declarations by the non-party witnesses certifying their legitimate fears of retaliation by the defendants.

Defendants' boiler-plate, vague, speculative invocations of the magical words of ‘due process’ should not result in psychological injury on others, nor should this Court condone the defendants’ persistent attempts to chill witness participation in suits against the defendants[3] by rewarding their obvious retaliation against non-party witnesses. Certainly, due process does not require this Court to provide the defendants a *carte blanche* to intimidate witnesses. Indeed, due process requires *quite the opposite.*

Respectfully submitted,

DATED: October 14, 2026.

*/s/ Jane Doe*

JANE DOE
*In Propria Persona*

[2] Nor should the Plaintiff be forced (as they forced her with threats of disciplinary action) to go through the psychological turmoil of being forced to discuss her “sex” life with an unpleasant 65-year-old human-resources employee.

[3] The opposition maintains that Doe misrepresents the outcome of *Pleasanton Enterprises, Inc. v. City of Pleasanton*, Case no. 12-cv-00254-WHO, 2015 WL 74946, *1 (N.D. Cal, Jan. 5, 2015). *See* Opp. At 2, n. 2. This was a two-page order by Judge Orrick, in response to a non-party witnesses one-paragraph, *pro se* letter to the Court to retroactively seek sealing over her name. Judge Orrick denied the motion based on (1) *Kamakana* factors and (2) because the non-party witness wished to remove a court document from a third-party website. *See Pleasanton*, 2015 WL 74946, at 3, n.1. None of these factors are present herein because, again, the Plaintiff is not seeking leave to proceed pseudonymously. The Order is appended to this filing as an exhibit.