JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>*v.*<br><br>JASON A. SMITH, *et al.*,<br><br>Defendants. | Case No.: 5:25-cv-03490-PCP<br><br>**[PROPOSED] ADMINISTRATIVE MOTION FOR LEAVE TO FILE A LATE APPENDIX, FOR LEAVE TO FILE A DECLARATION, AND FOR LEAVE FOR CLARIFICATION**<br><br>Before the Honorable P. Casey Pitts |

Pursuant to Civil L.R. 7-11, Plaintiff seeks miscellaneous administrative remedies.

*First*, the Plaintiff seeks leave to be able to file a late appendix. The Plaintiff misread this Court's order at ECF No. 262 as setting *her own* deadline to file an appendix on November 5, 2026 (which was the extended reply-filing deadline this Court had set earlier, *see* ECF No. 250), whereas this Court appears to have affixed the defendants' deadline to object[1] to that new evidence by November 5, 2026. Contending that this is an excusable neglect and mistake, *Pioneer Investment*

[1] Defendants already filed an objection brief pursuant to Civil L.R. 3-1 (d)(1). *See* ECF No. 266. It is unclear why defendants should be given the chance to file a "second" objection brief, *see* ECF No. 88, especially when they had their opposition brief to respond to such material but chose not to defend their indisputable breach of their duty of candor.

*Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) (delineating the standard to determine what is 'excusable'), Plaintiff seeks leave to be able to file her proposed appendix.

*Second*, although there is no dispositive caselaw on this question, and it is unsettled if a party can add additional evidence after briefing is closed and whether the briefing closing on a noticed motion only affects the filing of actual briefs, to err on the side of caution, Plaintiff seeks leave to be able file a declaration in support of her reply brief. The proposed declaration is intended to be short and clarifies a factual point made in the Reply brief.

*Third,* Plaintiff regretfully must once again invoke (and waste) judicial resources to be able to seek a clarification thanks to defense counsel's perfidious lust to ignore the binding judicial commands of this Court and her inability to abide by rulings made by this Court even if she does not like them or find them palatable to her subjective tastes. Defendants, astonishingly, in clear breach of their duty of candor to this Court, seem to argue that Doe failed to "comply" by this Court's previous orders. *See* ECF No. 266 at 2-3. It is utterly unclear how Doe failed to "comply" with this Court's responsive order when the Order was literally one-sentence and read as follows: "Plaintiff need not file unredacted copies of the declarations." ECF No. 245. It is regretful that the Plaintiff (and this Court) has to spend their time to correct defense counsel's never-ending desire to scheme others by corrupting this Court's orders, but to err on the side of caution, the Plaintiff respectfully seeks clarification as to whether she needs to file "unredacted copies of the declarations" filed in support of the Plaintiff's reply brief. It is maddening and infuriating that this Court must spend its time correcting defense counsel's schizophrenic meanderings, but alas it has to. Neither this Court nor the Plaintiff "put up with this kind of" stupidity. *Molski v. Evergreen*

*Dynasty* Corp., 521 F.3d 1047, 1211-2 (9th Cir. 2008) (Kozinski, C.J., dissental). But alas this Court and the Plaintiff have to.

Respectfully submitted,

DATED: November 2, 2026.

*/s/ Jane Doe*

JANE DOE
*In Propria Persona*